# Exhibit “B”

THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

GRANDE OAKS AT HEATHROW ASSOCIATION, INC., a Florida Not-For-Profit Corporation,

Case No.: 2020-CA-003188

Plaintiff,

vs.

KOLTER SIGNATURE HOMES, LLC, a Florida Limited Liability Company; JOHN CSAPO; HEATHROW OAKS, LLC, a Foreign Limited Liability Company; A.F.I. CONSTRUCTION, INC., a Florida Profit Corporation; AFI CONSTRUCTION, INC., a Florida Profit Corporation; AMERICAN OUTDOOR LIVING, INC., a Florida Profit Corporation; ARCHITECTURAL STUDIO, INC., a Florida Profit Corporation; ARDAMAN & ASSOCIATES, INC., a Florida Profit Corporation; ASE ENGINEERING SERVICES, INC., a Florida Profit Corporation; BARFIELD FENCE AND FABRICATION, INC. f/k/a BARFIELD FENCE & WALL, INC., a Florida Profit Corporation; BUILDERS FIRSTSOURCE - FLORIDA, LLC, a Foreign Limited Liability Company; CEDRUS, INC. d/b/a AMERICAN STAIRS, a Florida Profit Corporation; CLEAR ENGINEERING, LLC, a Florida Limited Liability Company; CIRCLE L ROOFING, INC., a Florida Profit Corporation; CIRCLE L ROOFING, LLC, a Florida Limited Liability Company; CLASSIC FLOORS, INC., a Florida Profit Corporation; COLLAZO PAINTING, INC., a Florida Profit Corporation; COLLAZO PAINTING AND DRYWALL, INC., a Florida Profit Corporation; COLEMAN FLOOR COMPANY, a Foreign Profit Corporation; COLLIS ROOFING, INC., a Florida Profit Corporation; CONSTRUCTION SERVICES & CONSULTANTS, INC. a/k/a GOLDMARK HOLDINGS, INC., a Florida Profit Corporation; CONQUEST SERVICES, INC., a Florida Profit Corporation; CUNNINGHAM ELECTRIC, INC., a Florida Profit Corporation; DA PAU ENTERPRISES II, INC., a Florida Profit Corporation; DURATEK PRECAST

UNOFFICIAL

STRUCTURES, LLC, a Florida Limited Liability Company; EAST COAST TRUSSES, LLC f/k/a MARTINEZ BUILDERS SUPPLY, LLC, a Florida Limited Liability Company; F & B STUCCO ASSOCIATES, INC., a Florida Profit Corporation; G& L EXTERIORS, INC., a Florida Profit Corporation; G.B. PAINTING, INC., a Florida Profit Corporation; G.H.B. CONTRACTORS, INC., a Florida Profit Corporation; GULF WESTERN ROOFING & SHEET METAL, INC., a Florida Profit Corporation; GULF WESTERN ROOFING & SHEET METAL, LLC n/k/a GWR CENTRAL, LLC, a Florida Limited Liability Company; HALL BROTHERS ROOFING, INC., a Florida Profit Corporation; INNOVATIVE OUTDOORS, INC., a Florida Profit Corporation; ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C., a Florida Limited Liability Company; JADE HOME DÉCOR, INC., a Florida Profit Corporation; JANUS BUILDING COMPANY, LLC d/b/a JANUS BUILDING COMPANY OF FLORIDA, a Florida Limited Liability Company; JMHC, INC., a Florida Profit Corporation; JOHN KEENAN PAINTING, LLC, a Florida Limited Liability Company; JUST FLOORS, INC., a Florida Profit Corporation; KIMLEY-HORN AND ASSOCIATES, INC., a Foreign Profit Corporation; MICHAEL KING PAINTING, INC., a Florida Profit Corporation; MINSHENG XIE; OLDCASTLE PRECAST, INC. n/k/a OLDCASTLE INFRASTRUCTURE, INC., a Foreign Profit Corporation; OMNI AWNINGS, INC., a Florida Profit Corporation; PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC., a Florida Profit Corporation; PINNACLE PAVERS, LLC, a Florida Limited Liability Company; PROFESSIONAL SUNSHINE ROOFING, INC., a Florida Profit Corporation; R & W ENDEAVORS, INC., a Florida Profit Corporation; REW LANDSCAPE CORP., a Florida Profit Corporation; RICHARD & RICE CONSTRUCTION COMPANY, INC., a Florida Profit Corporation; ROOF TILE SPECIALISTS, LLC, a Florida Limited Liability Company;

UNOFFICIAL

RUBIO'S D PAINTING, INC., a Florida Profit Corporation; RUBIO PROFESSIONAL PAINTING, INC., a Florida Profit Corporation; RUSSO AND SONS, INC. n/k/a M&MR OPERATIONS, INC., a Florida Profit Corporation; SCOTT BLAKESLEE DISHER; SEMINOLE MASONRY, LLC, a Foreign Limited Liability Company; SOLAR-TITE, INC., a Florida Profit Corporation; STOCK BUILDING SUPPLY, INC., a Foreign Profit Corporation; STONE AGE PAVERS, INC., a Florida Profit Corporation; SUPERIOR SITE SERVICES, INC., a Florida Profit Corporation; TRADEWINDS GROUP OF CENTRAL FL, INC. d/b/a GB PAINTING, a Florida Profit Corporation; TRUSSWAY, LTD., a Foreign Limited Partnership; TYTON CONSTRUCTION, INC., a Florida Profit Corporation; UNITED CONTRACTORS BUILDING CORPORATION, a Florida Profit Corporation; WALKER BUILDING CORPORATION, a Florida Profit Corporation; YORK BRIDGE CONCEPTS, INC., a Florida Profit Corporation,

Defendants.
_______________________________________/

**DEFENDANTS, KOLTER SIGNATURE HOMES, LLC AND HEATHROW OAKS, LLC'S CROSSCLAIM**

COMES NOW, Defendants, KOLTER SIGNATURE HOMES, LLC ("General Contractor" or "Kolter") AND HEATHROW OAKS, LLC ("Developer" or Heathrow), by and through their undersigned counsel, pursuant to the Florida Rules of Civil Procedure, and hereby file this, their Crossclaim against Cross-Defendants, A.F.I. CONSTRUCTION, INC.; AFI CONSTRUCTION, INC.; AMERICAN OUTDOOR LIVING, INC.; ARCHITECTURAL STUDIO, INC.; ARDAMAN & ASSOCIATES, INC.; ASE ENGINEERING SERVICES, INC.;

UNOFFICIAL

BARFIELD FENCE AND FABRICATION, INC. f/k/a BARFIELD FENCE & WALL, INC.; BUILDERS FIRSTSOURCE - FLORIDA, LLC; CLEAR ENGINEERING, LLC; CIRCLE L ROOFING, INC.; CIRCLE L ROOFING, LLC; COLLAZO PAINTING, INC.; COLLAZO PAINTING AND DRYWALL, INC.; COLEMAN FLOOR COMPANY; COLLIS ROOFING, INC.; CONSTRUCTION SERVICES & CONSULTANTS, INC. a/k/a GOLDMARK HOLDINGS, INC.; CONQUEST SERVICES, INC.; CUNNINGHAM ELECTRIC, INC.,; DA PAU ENTERPRISES II, INC.; EAST COAST TRUSSES, LLC f/k/a MARTINEZ BUILDERS SUPPLY, LLC; F & B STUCCO ASSOCIATES, INC.; G& L EXTERIORS, INC.; G.B. PAINTING, INC.; G.H.B. CONTRACTORS, INC.; GULF WESTERN ROOFING & SHEET METAL, INC.; GULF WESTERN ROOFING & SHEET METAL, LLC n/k/a GWR CENTRAL, LLC; HALL BROTHERS ROOFING, INC.; INNOVATIVE OUTDOORS, INC.; ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C., d/b/a JUST FLOORS, INC.; JADE HOME DÉCOR, INC.; JANUS BUILDING COMPANY, LLC d/b/a JANUS BUILDING COMPANY OF FLORIDA; JMHC, INC.; JOHN KEENAN PAINTING, LLC; JUST FLOORS, INC; KIMLEY-HORN AND ASSOCIATES, INC.; MINSHENG XIE; OLDCASTLE PRECAST, INC. n/k/a OLDCASTLE INFRASTRUCTURE, INC.; OMNI AWNINGS, INC.; PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.; PINNACLE PAVERS, LLC; PROFESSIONAL SUNSHINE ROOFING, INC.; R & W ENDEAVORS, INC.; REW LANDSCAPE CORP.; RICHARD & RICE CONSTRUCTION COMPANY, INC.; ROOF TILE SPECIALISTS, LLC; RUBIO'S D PAINTING, INC.; RUBIO PROFESSIONAL PAINTING, INC.; RUSSO AND SONS, INC. n/k/a M&MR OPERATIONS, INC.; SCOTT BLAKESLEE DISHER; SEMINOLE MASONRY, LLC; SOLAR-TITE, INC.; STOCK BUILDING SUPPLY,

UNOFFICIAL

INC.; STONE AGE PAVERS, INC.; SUPERIOR SITE SERVICES, INC.; TRADEWINDS GROUP OF CENTRAL FL, INC. d/b/a GB PAINTING; TRUSSWAY, LTD.; TYTON CONSTRUCTION, INC.; UNITED CONTRACTORS BUILDING CORPORATION; WALKER BUILDING CORPORATION; and YORK BRIDGE CONCEPTS, INC and allege the following:

## GENERAL ALLEGATIONS

1. An action was brought by the Plaintiff, GRANDE OAKS AT HEATHROW ASSOCIATION, INC. ("ASSOCIATION"). By referencing the applicable Complaint and/or bringing this Crossclaim, KOLTER and HEATHROW do not admit or deny the allegations of the ASSOCIATION'S Complaint.

2. The ASSOCIATION'S Complaint alleges damages in excess of Thirty Thousand Dollars, exclusive of interest, costs and attorneys' fees.

3. Venue is proper in Seminole County, Florida because that is where the causes of action alleged in the ASSOCIATION'S Complaint arise and it is where the ASSOCIATION'S Complaint is currently venued.

4. The subject of the ASSOCIATION'S Complaint consists of 52 two and three-story residential buildings containing 314 units and associated common areas, including roadways, sidewalks, fencing, a bridge, and a pond (hereinafter "Subject Property" or "Project").

5. The theories of liability pled by the ASSOCIATION against KOLTER and HEATHROW include that (1) KOLTER committed violations of Florida Building Code and was negligently and vicariously liable for the work performed by the design professionals and

UNOFFICIAL

subcontractors and that (2) HEATHROW committed violations of Florida Building Code, was negligent, and breached implied warranties by defectively constructing the Subject Property.

6. The specific defects allegations are contained in Paragraph 225 of Plaintiff's Complaint are incorporated herein by reference. By referencing and incorporating these allegations neither KOLTER nor HEATHROW admit the sufficiency of the same. By way of general reference, these allegations include, but are not limited to: stucco and finishes; framing; electrical system; windows; painting; roofing; fire protection; balcony; paver and stone work; pool; sitework; community pond; and pedestrian bridge.

**PARTIES**

7. HEATHROW OAKS, LLC, is a Delaware limited liability company authorized to do business in Florida,

8. HEATHROW OAKS, LLC was at all times material hereto the owner and developer of the Subject Property.

9. KOLTER SIGNATURE HOMES, LLC is a Florida limited liability company with its principal place of business located Delray Beach, Florida and served as the general contractor of record to the Subject Property.

10. KOLTER was at all times material hereto the General Contractor for the Condominium.

11. KOLTER entered into subcontract agreements with various trade contractors to perform the actual construction of the Subject Property, including the specific portions of the Project that the ASSOCIATION alleges is defective.

UNOFFICIAL

12. Cross-Defendant, ARCHITECTURAL STUDIO, INC. ("ARCHITECTURAL STUDIO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

13. ARCHITECTURAL STUDIO served as the architect of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. ARCHITECTURAL STUDIO's contract is attached hereto and incorporated herein as **EXHIBIT 1.**

14. Cross-Defendant, ARDAMAN & ASSOCIATES, INC. ("ARDAMAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

15. ARDAMAN served as the geo-technical engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. While Kolter is in the process of ascertaining the whereabouts of ARDAMAN's contract, upon information and belief, ARDAMAN's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 2.**

16. Cross-Defendant, ASE ENGINEERING SERVICES, INC. ("ASE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

17. ASE served as the engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. ASE's contract is attached hereto and incorporated herein as **EXHIBIT 3.**

UNOFFICIAL

18. Cross-Defendant, CLEAR ENGINEERING, INC. ("CLEAR") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

19. CLEAR served as the engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. CLEAR's contract is attached hereto and incorporated herein as **EXHIBIT 4.**

20. Cross-Defendant, KIMLEY-HORN AND ASSOCIATES, INC. ("KIMLEY") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

21. KIMLEY served as the civil engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. While Kolter is in the process of ascertaining the whereabouts of KIMLEY's contract, upon information and belief, KIMLEY's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 5.**

22. Cross-Defendant, MINSHENG XIE ("MR. XIE") is a Florida licensed engineer which was conducting business in Seminole County, FL.

23. MR. XIE served as the engineer of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. MR. XIE's scope of work is described more thoroughly in the ASE contract which is attached hereto and incorporated herein as **EXHIBIT 6.**

UNOFFICIAL

24. Cross-Defendant, SCOTT BLAKESLEEDISHER. ("MR. BLAKESHEEDISHER") is a Florida licensed architect on behalf of ARCHITECTURAL STUDIO which was conducting business in Seminole County, FL.

25. MR. BLAKESHEEDISHER served as the architect of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. MR. BLAKESHEEDISHER's contract is attached hereto and incorporated herein as **EXHIBIT 7.**

26. Cross-Defendant, A.F.I. CONSTRUCTION, INC. ("A.F.I.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

27. A.F.I. furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of A.F.I.'s contract, upon information and belief, A.F.I.'s work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 8.**

28. Cross-Defendant, AFI CONSTRUCTION, INC. ("AFI") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

29. AFI furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of AFI's contract, upon information and belief, AFI's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 9.**

UNOFFICIAL

30. Cross-Defendant, AMERICAN OUTDOOR LIVING, INC. ("AMERICAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

31. AMERICAN furnished labor, services and/or materials relating to the furnishings and installing pavers at the Subject Property. AMERICAN's contract is attached hereto and incorporated herein as **EXHIBIT 10.**

32. Cross-Defendant, BARFIELD FENCE AND CONSTRUCTION INC. ("BARFIELD") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

33. BARFIELD furnished labor, services and/or materials relating to the furnishings and installing balcony railings at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of BARFIELD's contract, upon information and belief, BARFIELD's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 11.**

34. Cross-Defendant, BUILDERS FIRSTSOURCE – FLORIDA, LLC ("BUILDERS.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

35. BUILDERS furnished labor, services and/or materials relating to the furnishings and installing of interior trim and exterior doors at the Subject Property. . While Kolter is in the process of ascertaining the whereabouts of BUILDERS' contract, upon information and belief, BUILDERS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 12.**

UNOFFICIAL

36. Cross-Defendant, CIRCLE L ROOFING, INC. ("CIRCLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

37. CIRCLE furnished labor, services and/or materials relating to the furnishings and installing roof systems at the Subject Property. CIRCLE's contract is attached hereto and incorporated herein as **EXHIBIT 13.**

38. Cross-Defendant, CIRCLE L ROOFING, LLC. ("CIRCLE LLC.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

39. CIRCLE LLC furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. CIRCLE LLC's contract is attached hereto and incorporated herein as **EXHIBIT 14.**

40. Cross-Defendant, COLLAZO PAINTING, INC. ("COLLAZO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

41. COLLAZO furnished labor, services and/or materials relating to the furnishings and installing exterior paint and sealant at the Subject Property. COLLAZO's contract is attached hereto and incorporated herein as **EXHIBIT 15.**

42. Cross-Defendant, COLLAZO PAINTING AND DRYWALL, INC. ("COLLAZO INC.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

43. COLLAZO INC. furnished labor, services and/or materials relating to the furnishings and installing exterior paint and sealant at the Subject Property. COLLAZO INC.'s contract is attached hereto and incorporated herein as **EXHIBIT 16.**

44. Cross-Defendant, COLEMAN FLOOR COMPANY ("COLEMAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

45. COLEMAN furnished labor, services and/or materials relating to the furnishings and installing wall tile, flooring, and balcony decking at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of COLEMAN's contract, upon information and belief, COLEMAN's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 17.**

46. Cross-Defendant, COLLIS ROOFING, INC. ("COLLIS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

47. COLLIS furnished labor, services and/or materials relating to the furnishings and installing roof systems at the Subject Property. COLLIS's contract is attached hereto and incorporated herein as **EXHIBIT 18.**

48. Cross-Defendant, CONSTRUCTION SERVICES & CONSULTANTS, INC. ("CSCI.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

49. CSCI furnished labor, services and/or materials relating to the furnishings and installing framing and zip wall sheathing, taping, and flashings at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CSCI's contract, upon information and belief, CSCI's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 19.**

50. Cross-Defendant, CONQUEST SERVICES, INC. ("CONQUEST") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

51. CONQUEST furnished labor, services and/or materials relating to the furnishings and installing balcony decking, balcony waterproofing and flashing, wall tile, and floor coverings

UNOFFICIAL

at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CONQUEST's contract, upon information and belief, CONQUEST's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 20.**

52. Cross-Defendant, CUNNINGHAM ELECTRICAL, INC. ("CUNNINGHAM") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

53. CUNNINGHAM furnished labor, services and/or materials relating to the without limitations providing and/or installing electrical components and penetrations at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CUNNINGHAM's contract, upon information and belief, CUNNINGHAM's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 21.**

54. Cross-Defendant, DA PAU ENTERPRISES II, INC. ("DA PAU.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

55. DA PAU furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of DA PAU's contract, upon information and belief, DA PAU's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 22.**

56. Cross-Defendant, EAST COAST TRUSSES, LLC. ("EAST") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

57. EAST furnished labor, services and/or materials relating to the furnishings and supply of trusses at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of EAST's contract, upon information and belief, EAST's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 23.**

58. Cross-Defendant, F&B STUCCO ASSOCIATES, INC. ("F&B") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

59. F&B furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. F&B's contract is attached hereto and incorporated herein as **EXHIBIT 24.**

60. Cross-Defendant, G&L EXTERIORS, INC. ("G&L") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

61. G&L furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. G&L's contract is attached hereto and incorporated herein as **EXHIBIT 25.**

62. Cross-Defendant, G&B. PAINTING, INC. ("G&B") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

63. G&B furnished labor, services and/or materials relating to the furnishings and installing paint and sealants at the Subject Property. G&B's contract is attached hereto and incorporated herein as **EXHIBIT 26.**

64. Cross-Defendant, G.H.B. CONTRACTORS, INC. ("G.H.B.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

65. G.H.B. furnished labor, services and/or materials relating to the furnishings and installing gutters and screen enclosures at the Subject Property. G.H.B.'s contract is attached hereto and incorporated herein as **EXHIBIT 27.**

66. Cross-Defendant, GULF WESTERN ROOFING & SHEET METAL, INC. ("GULF") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

67. GULF furnished labor, services and/or materials relating to the without limitation furnishings and installing roofing and balcony waterproofing systems at the Subject Property. GULF's contract is attached hereto and incorporated herein as **EXHIBIT 28.**

68. Cross-Defendant, GULF WESTERN ROOFING & SHEET METAL, LLC. ("GULF LLC") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

69. GULF LLC furnished labor, services and/or materials relating to the without limitation furnishings and installing roofing and balcony waterproofing systems at the Subject Property. GULF LLC's contract is attached hereto and incorporated herein as **EXHIBIT 29.**

70. Cross-Defendant, HALL BROTHERS ROOFING, INC. ("HALL") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

71. HALL furnished labor, services and/or materials relating to the without limitation furnishings and installing roofing systems at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of HALL's contract, upon information and belief, HALL's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 30.**

UNOFFICIAL

72. Cross-Defendant, INNOVATIVE OUTDOORS, INC. ("INNOVATIVE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

73. INNOVATIVE furnished labor, services and/or materials relating to the without limitation providing sitework, concrete pavers, and grading services for drainage at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of INNOVATIVE's contract, upon information and belief, INNOVATIVE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 31.**

74. Cross-Defendant, ITALIAN TERRAZZO AND TILE CO. OF BREVARD, LLC. d/b/a/ CLASSIC, INC. ("ITALIAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

75. ITALIAN furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of ITALIAN's contract, upon information and belief, ITALIAN's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 32.**

76. Cross-Defendant, JADE HOME DÉCOR, INC. ("JADE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

77. JADE furnished labor, services and/or materials relating to the furnishings and installing exterior paint and sealants at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JADE's contract, upon information and belief, JADE's work was

UNOFFICIAL

performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 33.**

78. Cross-Defendant, JANUS BUILDING COMPANY, LLC ("JANUS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

79. JANUS furnished labor, services and/or materials relating to the furnishings and installing balcony railings, retaining walls, and fencing at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JANUS' contract, upon information and belief, JANUS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 34.**

80. Cross-Defendant, JMHC, INC. ("JMHC") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

81. JMHC furnished labor, services and/or materials relating to the without limitations providing sitework service related to the community drainage and pond at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JMHC's contract, upon information and belief, JMHC's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 35.**

82. Cross-Defendant, JOHN KEENAN PAINTING, LLC ("JK PAINTING") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

83. JK PAINTING furnished labor, services and/or materials relating to the without limitation furnishings and installing exterior paint and sealant at the Subject Property. JK PAINTING's contract is attached hereto and incorporated herein as **EXHIBIT 36.**

UNOFFICIAL

84. Cross-Defendant, JUST FLOORS, INC. ("JUST FLOORS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

85. JUST FLOORS furnished labor, services and/or materials relating to the without limitation furnishings and installing balcony decking, balcony waterproofing systems, and wall tile and floor coverings at the Subject Property. JUST FLOORS's contract is attached hereto and incorporated herein as **EXHIBIT 37.**

86. Cross-Defendant, OLDCASTLE PRECAST, INC. ("OLDCASTLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

87. OLDCASTLE furnished labor, services and/or materials relating to the without limitation furnishings and installing stucco, furnishing and installing of perimeter community wall at the Subject Property. OLDCASTLE's contract is attached hereto and incorporated herein as **EXHIBIT 38.**

88. Cross-Defendant, OMNI AWNINGS, INC. ("OMNI") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

89. OMNI furnished labor, services and/or materials relating to the without limitations furnishings and installing exterior penetrations in stucco, including, awnings at the Subject Property. OMNI's contract is attached hereto and incorporated herein as **EXHIBIT 39.**

90. Cross-Defendant, PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC. ("PETERSENDEAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

91. PETERSENDEAN furnished labor, services and/or materials relating to the furnishings and installing roofing systems and balcony at the Subject Property. PETERSENDEAN's contract is attached hereto and incorporated herein as **EXHIBIT 40.**

92. Cross-Defendant, PINNACLE PAVERS, LLC. ("PINNACLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

93. PINNACLE furnished labor, services and/or materials relating to the without limitation furnishings and installing pavers at the Subject Property. PINNACLE's contract is attached hereto and incorporated herein as **EXHIBIT 41.**

94. Cross-Defendant, PROFESSIONAL SUNSHINE ROOFING, INC. ("PROFESSIONAL") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

95. PROFESSIONAL furnished labor, services and/or materials relating to the furnishings and installing roofing and balcony waterproofing systems at the Subject Property. PROFESSIONAL's contract is attached hereto and incorporated herein as **EXHIBIT 42.**

96. Cross-Defendant, R&W ENDEAVORS, INC. ("R&W") is a Florida for Profit Corporation which was conducting business in Seminole County, FL, including for the Subject Property's without limitation furnishings and installing pavers.

97. R&W furnished labor, services and/or materials relating to the furnishings and installing pavers at the Subject Property. R&W's contract is attached hereto and incorporated herein as **EXHIBIT 43.**

98. Cross-Defendant, REW LANDSCAPE CORP. ("REW") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

99. REW furnished labor, services and/or materials relating to the without limitation and/or installing drainage and irrigation systems at the Subject Property. REW's contract is attached hereto and incorporated herein as **EXHIBIT 44.**

100. Cross-Defendant, RICHARD & RICE CONSTRUCTION COMPANY, INC. ("RICHARD") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

101. RICHARD & RICE furnished labor, services and/or materials relating to the without limitations furnishings and installing framing, zip sheathing systems, concrete foundations, and concrete block walls at the Subject Property. RICHARD & RICE's contract is attached hereto and incorporated herein as **EXHIBIT 45.**

102. Cross-Defendant, ROOF TILE SPECIALISTS, LLC. ("ROOF TILE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

103. ROOF TILE furnished labor, services and/or materials relating to the without limitation furnishings and installing roof systems at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of ROOF TILE's contract, upon information and belief, ROOF TILE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 46.**

104. Cross-Defendant, RUBIO'S D PAINITNG, INC. ("RUBIO'S D") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

105. RUBIO'S D furnished labor, services and/or materials relating to the without limitation furnishings and installing exterior paint and sealants at the Subject Property. RUBIO'S D's contract is attached hereto and incorporated herein as **EXHIBIT 47.**

UNOFFICIAL

106. Cross-Defendant, RUBIO PROFESSIONAL PAINTING, INC. ("RUBIO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

107. RUBIO furnished labor, services and/or materials relating to the without limitation furnishings and installing exterior paint and sealants at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of RUBIO's contract, upon information and belief, RUBIO's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 48.**

108. Cross-Defendant, RUSSO AND SONS, INC f/k/a M&MR OPERATIONS ("RUSSO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

109. RUSSO furnished labor, services and/or materials relating to the grading services for drainage at the Subject Property. RUSSO's contract is attached hereto and incorporated herein as **EXHIBIT 49.**

110. Cross-Defendant, SEMINOLE MASONRY, LLC. ("SEMINOLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

111. SEMINOLE furnished labor, services and/or materials relating to the without limitation installation perimeter at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of SEMINOLE's contract, upon information and belief, SEMINOLE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as EXHIBIT **50.**

112. Cross-Defendant, STOCK BUILDING SUPPLY, INC. ("STOCK") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

113. STOCK furnished labor, services and/or materials relating to the exterior window s and doors at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of STOCK's contract, upon information and belief, STOCK's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 51.**

114. Cross-Defendant, STONE AGE PAVERS, INC. ("STONE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

115. STONE furnished labor, services and/or materials relating to the without limitation furnishings and installing pavers at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of STONE's contract, upon information and belief, STONE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 52.**

116. Cross-Defendant, SUPERIOR SITE SERVICES, INC. ("SUPERIOR") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

117. SUPERIOR furnished labor, services and/or materials relating to the without limitation providing and/or installing grading services for drainage at the Subject Property. SUPERIOR's contract is attached hereto and incorporated herein as **EXHIBIT 53.**

118. Cross-Defendant, TRADEWINDS GROUP OF CENTRAL FL. INC. ("TRADEWINDS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

119. TRADEWINDS furnished labor, services and/or materials relating to the without limitations furnishings and installing paint and sealants at the Subject Property. While Kolter is

UNOFFICIAL

in the process of ascertaining the whereabouts of TRADEWINDS' contract, upon information and belief, TRADEWINDS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 54.**

120. Cross-Defendant, TRUSSWAY, LTD ("TRUSSWAY") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

121. TRUSSWAY furnished labor, services and/or materials relating to the without limitation supply of trusses, including for balconies at the Subject Property. TRUSSWAY's contract is attached hereto and incorporated herein as **EXHIBIT 55.**

122. Cross-Defendant, TYTON CONSTRUCTION, INC. ("TYTON") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

123. TYTON furnished labor, services and/or materials relating to the without limitation providing grading services for damages at the Subject Property. TYTON's contract is attached hereto and incorporated herein as **EXHIBIT 56.**

124. Cross-Defendant, UNITED CONTRACTORS BUILDING CORPORATION. ("UNITED") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

125. UNITED furnished labor, services and/or materials relating to the without limitation providing grading services for drainage at the Subject Property. UNITED's contract is attached hereto and incorporated herein as **EXHIBIT 57.**

126. Cross-Defendant, WALKER BUILDING CORPORATION ("WALKER") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

127. WALKER furnished labor, services and/or materials relating to the without limitation furnishings and installing fencing and balcony railings at the Subject Property. WALKER's contract is attached hereto and incorporated herein as **EXHIBIT 58.**

128. Cross-Defendant, YORK BRIDGE CONCEPTS, INC. ("YORK") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

129. YORK furnished labor, services and/or materials relating to the without limitation furnishings and installing the pedestrian bridge at the community pool at the Subject Property. YORK's contract is attached hereto and incorporated herein as **EXHIBIT 59.**

**DESIGN ENGINEERS**

**COUNT 1**
**BREACH OF CONTRACT**
**(ARCHITECTURAL STUDIO, INC.)**

130. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

131. ARCHITECTURAL STUDIO entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "1."[1]

132. Pursuant to the terms and conditions of the agreement, ARCHITECTURAL STUDIO was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

133. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms

[1] Due to scrivener's error, the initial recital states the scope of work as "Fire Extinguisher inspection;" however, the Exhibit A, "Scope of Services and Fee Schedule," attached to the subcontract lists the Scope of Services as Professional Design Services.

UNOFFICIAL

and conditions of the contract documents with respect to ARCHITECTURAL STUDIO's scope of work. Said non-compliance is a breach of ARCHITECTURAL STUDIO agreement with KOLTER.

134. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against ARCHITECTURAL STUDIO for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

**COUNT 2**
**PROFESSIONAL NEGLIGENCE**
**(ARCHITECTURAL STUDIO, INC.)**

135. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

136. At all times relevant to this matter, ARCHITECTURAL STUDIO, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

137. ARCHITECTURAL STUDIO was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

138. To the extent that the ASSOCIATION's contentions are correct, ARCHITECTURAL STUDIO negligently designed, consulted, approved and/or constructed the

UNOFFICIAL

architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

139. To the extent that the ASSOCIATION's contentions are correct, ARCHITECTURAL STUDIO breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

140. To the extent that the ASSOCIATION is correct, as a direct and proximate result of ARCHITECTURAL STUDIO breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

UNOFFICIAL

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ARCHITECTURAL STUDIO for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 3**
**COMMON LAW INDEMNITY**
**(ARCHITECTURAL STUDIO, INC.)**

141. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

142. There exists a special relationship between KOLTER, HEATHROW and ARCHITECTURAL STUDIO which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ARCHITECTURAL STUDIO. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ARCHITECTURAL STUDIO and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

143. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ARCHITECTURAL STUDIO in the performance of its work at the Subject Property.

144. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of ARCHITECTURAL STUDIO.

145. KOLTER and HEATHROW are entitled to common law indemnity from ARCHITECTURAL STUDIO.

UNOFFICIAL

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ARCHITECTURAL STUDIO for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 4**
**BREACH OF CONTRACT**
**(ARDAMAN & ASSOCIATES, INC)**

146. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

147. ARDAMAN entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "2."

148. Pursuant to the terms and conditions of the agreement, ARDAMAN was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

149. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to ARDAMAN's scope of work. Said non-compliance is a breach of ARDAMAN agreement with KOLTER.

150. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against ARDAMAN for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 5**
**PROFESSIONAL NEGLIGENCE**
**(ARAMAN & ASSOCIATES, INC.)**

151. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

152. At all times relevant to this matter, ARDAMAN, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

153. ARDMAN was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

154. To the extent that the ASSOCIATION's contentions are correct, ARDMAN negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

155. To the extent that the ASSOCIATION's contentions are correct, ARDAMAN breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

156. To the extent that the ASSOCIATION is correct, as a direct and proximate result of ARDAMAN breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to

UNOFFICIAL

property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ARDAMAN for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 6**
**COMMON LAW INDEMNITY**
**(ARDAMAN & ASSOCIATES, INC.)**

157. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

158. There exists a special relationship between KOLTER, HEATHROW and ARDAMAN which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ARDAMAN. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ARDAMAN and their design

UNOFFICIAL

professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

159. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ARDAMAN in the performance of its work at the Subject Property.

160. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of ARDAMAN.

161. KOLTER and HEATHROW are entitled to common law indemnity from ARDAMAN.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ARDAMAN for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 7**
**BREACH OF CONTRACT**
**(ASE ENGINEERING SERVICES, INC.)**

162. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

163. ASE entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "3."

164. Pursuant to the terms and conditions of the agreement, ASE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

UNOFFICIAL

165. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to ASE's scope of work. Said non-compliance is a breach of ASE agreement with KOLTER.

166. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against ASE for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

**COUNT 8**
**PROFESSIONAL NEGLIGENCE**
**(ASE ENGINEERING SERVICES, INC.)**

167. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

168. At all times relevant to this matter, ASE, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

169. ASE was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

170. To the extent that the ASSOCIATION's contentions are correct, ASE negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and

UNOFFICIAL

specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

171. To the extent that the ASSOCIATION's contentions are correct, ASE breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

172. To the extent that the ASSOCIATION is correct, as a direct and proximate result of ASE breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ASE for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 9**
**COMMON LAW INDEMNITY**
**(ASE ENGINEERING SERVICES, INC.)**

173. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

174. There exists a special relationship between KOLTER, HEATHROW and ASE which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ASE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ASE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

175. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ASE in the performance of its work at the Subject Property.

176. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of ASE.

177. KOLTER and HEATHROW are entitled to common law indemnity from ASE.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against ASE for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 10**
**BREACH OF CONTRACT**
**(CLEAR ENGINEERING, LLC.)**

178. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

179. CLEAR entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "4."

180. Pursuant to the terms and conditions of the agreement, CLEAR was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

181. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CLEAR's scope of work. Said non-compliance is a breach of CLEAR agreement with KOLTER.

182. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against CLEAR for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 11**
**PROFESSIONAL NEGLIGENCE**
**(CLEAR ENGINEERING, LLC.)**

183. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

184. At all times relevant to this matter, CLEAR, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

185. CLEAR was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

186. To the extent that the ASSOCIATION's contentions are correct, CLEAR negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

187. To the extent that the ASSOCIATION's contentions are correct, CLEAR breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

188. To the extent that the ASSOCIATION is correct, as a direct and proximate result of CLEAR breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property

UNOFFICIAL

and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against CLEAR for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 12**
**COMMON LAW INDEMNITY**
**(CLEAR ENGINEERING LLC.)**

189. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

190. There exists a special relationship between KOLTER, HEATHROW and CLEAR which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CLEAR. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CLEAR and their design professionals and

UNOFFICIAL

subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

191. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CLEAR in the performance of its work at the Subject Property.

192. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of CLEAR.

193. KOLTER and HEATHROW are entitled to common law indemnity from CLEAR.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against CLEAR for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 13**
**BREACH OF CONTRACT**
**(KIMLEY-HORN AND ASSOCIATES, INC.)**

194. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

195. KIMLEY entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "5."

196. Pursuant to the terms and conditions of the agreement, KIMLEY was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

197. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms

UNOFFICIAL

and conditions of the contract documents with respect to KIMLEY's scope of work. Said non-compliance is a breach of KIMLEY agreement with KOLTER.

198. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against KIMLEY for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

**COUNT 14**
**PROFESSIONAL NEGLIGENCE**
**(KMLEY-HORN AND ASSOCIATES, INC.)**

199. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

200. At all times relevant to this matter, KIMLEY, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

201. KIMLEY was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

202. To the extent that the ASSOCIATION's contentions are correct, KIMLEY negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

UNOFFICIAL

203. To the extent that the ASSOCIATION's contentions are correct, KIMLEY breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

204. To the extent that the ASSOCIATION is correct, as a direct and proximate result of KIMLEY breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against KIMLEY for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 15**
**COMMON LAW INDEMNITY**
**(KIMLEY-HORN AND ASSOCIATES, INC.)**

205. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

206. There exists a special relationship between KOLTER, HEATHROW and KIMLEY which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of KIMLEY. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and KIMLEY and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

207. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of KIMLEY in the performance of its work at the Subject Property.

208. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of KIMLEY.

209. KOLTER and HEATHROW are entitled to common law indemnity from KIMLEY.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against KIMLEY for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 16**
**BREACH OF CONTRACT**
**(MINSHENG XIE)**

210. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

211. MR. XIE entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "6."

212. Pursuant to the terms and conditions of the agreement, MR. XIE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

213. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to MR. XIE's scope of work. Said non-compliance is a breach of MR. XIE agreement with KOLTER.

214. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

WHEREFORE, KOLTER respectfully demands judgment for damages against MR. XIE for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

**COUNT 17**
**PROFESSIONAL NEGLIGENCE**
**(MINSHENG XIE)**

215. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

UNOFFICIAL

216. At all times relevant to this matter, MR. XIE, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

217. MR. XIE was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

218. To the extent that the ASSOCIATION's contentions are correct, MR. XIE negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

219. To the extent that the ASSOCIATION's contentions are correct, MR. XIE breached its duty to KOLTER, HEATHROW and the entire world and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

220. To the extent that the ASSOCIATION is correct, as a direct and proximate result of MR. XIE breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors,

UNOFFICIAL

subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against MR. XIE for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 18**
**COMMON LAW INDEMNITY**
**(MINSHENG XIE)**

221. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

222. There exists a special relationship between KOLTER, HEATHROW and MR. XIE which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of MR. XIE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and MR. XIE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

223. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of MR. XIE in the performance of its work at the Subject Property.

UNOFFICIAL

224. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of MR. XIE.

225. KOLTER and HEATHROW are entitled to common law indemnity from MR. XIE.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against MR. XIE for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 19**
**BREACH OF CONTRACT**
**(SCOTT BLAKESLEEDISHER)**

226. KOLTER repeats and realleges paragraphs 1 through 129 as if set forth fully herein.

227. MR. BLAKESHEEDISHER entered into an agreement with KOLTER to design, inspect and/or approve the architectural plans, drawings, and specifications for the original construction of the Subject Property. A copy of said agreement is attached hereto as Exhibit "7."

228. Pursuant to the terms and conditions of the agreement, MR. BLAKESHEEDISHER was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

229. The ASSOCIATION alleges that the design, inspection, supervision, approval and/or administration of construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to MR. BLAKESHEEDISHER's scope of work. Said non-compliance is a breach of MR. BLAKESHEEDISHER agreement with KOLTER.

230. KOLTER has and will continue to suffer damages as a result of these breaches of contract.

UNOFFICIAL

WHEREFORE, KOLTER respectfully demands judgment for damages against MR. BLAKESHEEDISHER for all damages, costs, interest, and attorneys' fees and for such other relief as is necessary and proper.

**COUNT 20**
**PROFESSIONAL NEGLIGENCE**
**(SCOTT BLAKENSLEEDISHER.)**

231. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

232. At all times relevant to this matter, MR. BLAKESHEEDISHER, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

233. MR. BLAKESHEEDISHER was under a duty to KOLTER, HEATHROW and the entire world, to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

234. To the extent that the ASSOCIATION's contentions are correct, MR. BLAKESHEEDISHER negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

235. To the extent that the ASSOCIATION's contentions are correct, MR. BLAKESHEEDISHER breached its duty to KOLTER, HEATHROW and the entire world and

UNOFFICIAL

was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

236. To the extent that the ASSOCIATION is correct, as a direct and proximate result of MR. BLAKESHEEDISHER breaches, KOLTER and HEATHROW have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER and HEATHROW arising out and relating to the same.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against MR. BLAKESHEEDISHER for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 21**
**COMMON LAW INDEMNITY**
**(SCOTT BLAKESLEEDISHER)**

237. KOLTER and HEATHROW repeat and realleges paragraphs 1 through 129 as if set forth fully herein.

238. There exists a special relationship between KOLTER, HEATHROW and MR. BLAKESHEEDISHER which, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of MR. BLAKESHEEDISHER. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and MR. BLAKESHEEDISHER and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

239. KOLTER and HEATHROW are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of MR. BLAKESHEEDISHER in the performance of its work at the Subject Property.

240. KOLTER and HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of MR. BLAKESHEEDISHER.

241. KOLTER and HEATHROW are entitled to common law indemnity from MR. BLAKESHEEDISHER.

WHEREFORE, KOLTER and HEATHROW respectfully demands judgment for damages against MR. BLAKESHEEDISHER for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

## SUBCONTRACTORS

### COUNT 22I
### BREACH OF CONTRACT
### (AMERICAN OUTDOOR LIVING, INC.)

242. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

243. AMERICAN OUTDOOR entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "10."**

244. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

245. Pursuant to the terms and conditions of the subcontract agreement, AMERICAN OUTDOOR was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

246. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to AMERICAN OUTDOOR'S scope of work. Said non-compliance is a breach of AMERICAN OUTDOOR'S subcontract agreement with KOLTER.

247. Pursuant to the terms and conditions of the subcontract agreement, AMERICAN OUTDOOR agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to

UNOFFICIAL

express coverage requirements.

248. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of AMERICAN OUTDOOR. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to AMERICAN OUTDOOR and its general liability insurer(s).

249. AMERICAN OUTDOOR'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing AMERICAN OUTDOOR to have breached its subcontract agreement.

250. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

251. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against AMERICAN OUTDOOR. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 23**
**CONTRACTUAL INDEMNITY**
**(AMERICAN OUTDOOR LIVING, INC.)**

252. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

253. AMERICAN OUTDOOR entered into a subcontract agreement with KOLTER to

UNOFFICIAL

furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**10**."

254. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, AMERICAN OUTDOOR agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

255. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of AMERICAN OUTDOOR'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

256. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against AMERICAN OUTDOOR for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 24**
**COMMON LAW INDEMNITY**
**(AMERICAN OUTDOOR LIVING, INC.)**

257. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

258. There exists a special relationship between KOLTER, HEATHROW and AMERICAN OUTDOOR, which, KOLTER AND HEATHROW, if the trier of fact or law

UNOFFICIAL

believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of AMERICAN OUTDOOR. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

259. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of AMERICAN OUTDOOR in the performance of its work at the Subject Property.

260. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of AMERICAN OUTDOOR.

261. KOLTER AND HEATHROW are entitled to common law indemnification from AMERICAN OUTDOOR.

WHEREFORE, KOLTER AND HEATHROW demand judgment against AMERICAN OUTDOOR for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 25**
**NEGLIGENCE**
**(AMERICAN OUTDOOR LIVING, INC.)**

262. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

263. At all times material to this action, AMERICAN OUTDOOR owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care

UNOFFICIAL

in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from AMERICAN OUTDOOR'S obligations under its subcontract agreement.

264. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, AMERICAN OUTDOOR breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

265. To the extent that the ASSOCIATION'S contentions are correct, AMERICAN OUTDOOR'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

266. As a direct and proximate result of AMERICAN OUTDOOR'S negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against AMERICAN OUTDOOR for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 26II**
**BREACH OF CONTRACT**
**(BARFIELD FENCE AND FABRICATIONS)**

267. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

268. BARFIELD entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "11."**

269. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

270. Pursuant to the terms and conditions of the subcontract agreement, BARFIELD was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

271. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to BARFIELD's scope of work. Said non-compliance is a breach of BARFIELD's subcontract agreement with KOLTER.

272. Pursuant to the terms and conditions of the subcontract agreement, BARFIELD agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

273. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of BARFIELD. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to BARFIELD and its general liability insurer(s).

274. BARFIELD's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing BARFIELD to have breached its subcontract agreement.

275. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

276. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BARFIELD for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 27**
**CONTRACTUAL INDEMNITY**
**(BARFIELD FENCE AND FABRICATION, INC.)**

277. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

278. BARFIELD entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit "**11**."

279. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, BARFIELD agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

280. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of BARFIELD's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

281. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BARFIELD. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 28**
**COMMON LAW INDEMNITY**
**(BARFIELD FENCE AND FABRICATION, INC.)**

282. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

283. There exists a special relationship between KOLTER, HEATHROW and BARFIELD, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts

UNOFFICIAL

or omissions of BARFIELD. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

284. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of BARFIELD in the performance of its work at the Subject Property.

285. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of BARFIELD.

286. KOLTER AND HEATHROW are entitled to common law indemnification from BARFIELD.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BARFLIED. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 29**
**NEGLIGENCE**
**(BARFIELD FENCE AND FABRICATION INC.)**

287. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

288. At all times material to this action, BARFIELD owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from BARFIELD's obligations under its subcontract agreement.

289. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, BARFIELD's breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

290. To the extent that the ASSOCIATION'S contentions are correct, BARFIELD's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

291. As a direct and proximate result of BARFIELD's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BARFIELD for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 30III**
**BREACH OF CONTRACT**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.)**

292. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

293. BUILDERS entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "12."**

294. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

295. Pursuant to the terms and conditions of the subcontract agreement, BUILDERS was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

296. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to BUILDERS' scope of work. Said non-compliance is a breach of BUILDERS' subcontract agreement with KOLTER.

297. Pursuant to the terms and conditions of the subcontract agreement, BUILDERS agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

298. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of BUILDERS. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to BUILDERS and its general liability insurer(s).

299. BUILDERS' general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing BUILDERS to have breached its subcontract agreement.

300. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

301. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BUILDERS for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 31**
**CONTRACTUAL INDEMNITY**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.)**

302. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

303. BUILDERS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit “**12**.”

304. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, BUILDERS agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

305. The allegations of the BUILDERS’ Complaint, if believed by the trier of fact, would be within the scope of BUILDERS’ work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION’S Complaint.

306. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys’ fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BUILDERS’ for contractual indemnity to include costs, attorneys’ fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 32**
**COMMON LAW INDEMNITY**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.)**

307. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

308. There exists a special relationship between KOLTER, HEATHROW and BUILDERS, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts

UNOFFICIAL

or omissions of BUILDERS. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

309. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of BUILDERS in the performance of its work at the Subject Property.

310. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of BUILDERS.

311. KOLTER AND HEATHROW are entitled to common law indemnification from BUILDERS.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BUILDERS for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 33**
**NEGLIGENCE**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.).)**

312. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

313. At all times material to this action, BUILDERS owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from BUILDERS' obligations under its subcontract agreement.

314. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, BUILDERS breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

315. To the extent that the ASSOCIATION'S contentions are correct, BUILDERS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

316. As a direct and proximate result of BUILDERS' negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against BUILDERS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 34IV**
**BREACH OF CONTRACT**
**(CIRCLE L ROOFING, LLC)**

317. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if

UNOFFICIAL

set forth fully herein.

318. CIRCLE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "13."**

319. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

320. Pursuant to the terms and conditions of the subcontract agreement, CIRCLE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

321. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CIRCLE's scope of work. Said non-compliance is a breach of CIRCLE's subcontract agreement with KOLTER.

322. Pursuant to the terms and conditions of the subcontract agreement, CIRCLE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

323. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of CIRCLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to CIRCLE and its general liability

UNOFFICIAL

insurer(s).

324. CIRCLE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing CIRCLE to have breached its subcontract agreement.

325. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

326. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 35**
**CONTRACTUAL INDEMNITY**
**(CIRCLE L ROOFING, INC.)**

327. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

328. CIRCLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**13**."

329. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CIRCLE agreed to defend, indemnify and hold harmless KOLTER

UNOFFICIAL

AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

330. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CIRCLE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

331. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 36**
**COMMON LAW INDEMNITY**
**(CIRCLE L ROOFING, INC.)**

332. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

333. There exists a special relationship between KOLTER, HEATHROW and CIRCLE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of CIRCLE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-

UNOFFICIAL

delegable duties.

334. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CIRCLE in the performance of its work at the Subject Property.

335. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CIRCLE.

336. KOLTER AND HEATHROW are entitled to common law indemnification from CIRCLE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 37**
**NEGLIGENCE**
**(CIRCLE L ROOFINGS, INC.)**

337. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

338. At all times material to this action, CIRCLE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CIRCLE's obligations under its subcontract agreement.

339. To the extent that the ASSOCIATION'S contentions of deficiencies are correct,

UNOFFICIAL

CIRCLE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

340. To the extent that the ASSOCIATION'S contentions are correct, CIRCLE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

341. As a direct and proximate result of CIRCLE's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 38**
**REACH OF CONTRACT**
**(CIRCLE ROOFING, LLC.)**

342. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

343. CIRCLE LLC entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "14."**

UNOFFICIAL

344. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

345. Pursuant to the terms and conditions of the subcontract agreement, CIRCLE LLC was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

346. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CIRCLE LLC's scope of work. Said non-compliance is a breach of CIRCLE LLC's subcontract agreement with KOLTER.

347. Pursuant to the terms and conditions of the subcontract agreement, CIRCLE LLC agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

348. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of CIRCLE LLC. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to CIRCLE LLC and its general liability insurer(s).

349. CIRCLE LLC's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing CIRCLE LLC to have breached its subcontract agreement.

UNOFFICIAL

350. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

351. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE LLC for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 39**
**CONTRACTUAL INDEMNITY**
**(CIRCLE L ROOFING, LLC.)**

352. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

353. CIRCLE LLC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**14**."

354. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CIRCLE LLC agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

355. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CIRCLE LLC's work at the Subject Property. Therefore, KOLTER

UNOFFICIAL

AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

356. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE LLC's for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 40**
**COMMON LAW INDEMNITY**
**(CIRCLE L ROOFING, LLC.)**

357. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

358. There exists a special relationship between KOLTER, HEATHROW and CIRCLE LLC, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of CIRCLE LLC. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

359. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CIRCLE LLC in the performance of its work at the Subject Property.

UNOFFICIAL

360. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CIRCLE LLC.

361. KOLTER AND HEATHROW are entitled to common law indemnification from CIRCLE LLC.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE LLC. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 41**
**NEGLIGENCE**
**(CIRCLE L ROOFING, LLC.)**

362. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

363. At all times material to this action, CIRCLE LLC owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CIRCLE LLC's obligations under its subcontract agreement.

364. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CIRCLE LLC's breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in

UNOFFICIAL

accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the CIRCLE LLC's Complaint, including resulting damage to other property.

365. To the extent that the ASSOCIATION'S contentions are correct, CIRCLE LLC's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

366. As a direct and proximate result of CIRCLE LLC's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CIRCLE LLC's. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 42V**
**BREACH OF CONTRACT**
**(COLLAZO PAINTING, INC.)**

367. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

368. COLLAZO entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "15."**

369. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW

UNOFFICIAL

was required to be named as an additional insured under HEATHROW'S insurance policies.

370. Pursuant to the terms and conditions of the subcontract agreement, COLLAZO was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

371. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to COLLAZO's scope of work. Said non-compliance is a breach of COLLAZO's subcontract agreement with KOLTER.

372. Pursuant to the terms and conditions of the subcontract agreement, COLLAZO agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

373. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of COLLAZO. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to COLLAZO and its general liability insurer(s).

374. COLLAZO's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing COLLAZO to have breached its subcontract agreement.

375. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

376. KOLTER AND HEATHROW have had to retain the services of the undersigned

UNOFFICIAL

counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 43**
**CONTRACTUAL INDEMNITY**
**(COLLAZO PAINTING, INC.)**

377. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

378. COLLAZO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**15**."

379. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLAZO agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

380. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLAZO's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

381. KOLTER AND HEATHROW have had to retain the services of the undersigned

UNOFFICIAL

counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO's. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 44**
**COMMON LAW INDEMNITY**
**(COLLAZO PAINTING, INC.)**

382. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

383. There exists a special relationship between KOLTER, HEATHROW and COLLAZO, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of COLLAZO. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

384. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLAZO in the performance of its work at the Subject Property.

385. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLAZO.

386. KOLTER AND HEATHROW are entitled to common law indemnification from

UNOFFICIAL

COLLAZO.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 45**
**NEGLIGENCE**
**(COLLAZO PAINTING, INC.)**

387. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

388. At all times material to this action, COLLAZO owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLAZO's obligations under its subcontract agreement.

389. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLAZO breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

UNOFFICIAL

390. To the extent that the ASSOCIATION'S contentions are correct, COLLAZO's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

391. As a direct and proximate result of COLLAZO's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 46**
**BREACH OF CONTRACT**
**(COLLAZO PAINTING AND DRYWALL, INC.)**

392. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

393. COLLAZO INC. entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "15."**

394. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

395. Pursuant to the terms and conditions of the subcontract agreement, COLLAZO was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

UNOFFICIAL

396. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to COLLAZO's scope of work. Said non-compliance is a breach of COLLAZO's subcontract agreement with KOLTER.

397. Pursuant to the terms and conditions of the subcontract agreement, COLLAZO agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

398. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of COLLAZO. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to COLLAZO and its general liability insurer(s).

399. COLLAZO's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing COLLAZO to have breached its subcontract agreement.

400. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

401. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO for

UNOFFICIAL

breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 47**
**CONTRACTUAL INDEMNITY**
**(COLLAZO PAINTING AND DRYWALL, INC.)**

402. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

403. COLLAZO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**16**."

404. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLAZO agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

405. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLAZO's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

406. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO's. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief

UNOFFICIAL

available at law, and further demands trial by jury on all issues so triable.

**COUNT 48**
**COMMON LAW INDEMNITY**
**(COLLAZO PAINTING AND DRYWALL, INC.)**

407. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

408. There exists a special relationship between KOLTER, HEATHROW and COLLAZO, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of COLLAZO. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

409. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLAZO in the performance of its work at the Subject Property.

410. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLAZO.

411. KOLTER AND HEATHROW are entitled to common law indemnification from COLLAZO.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 49**
**NEGLIGENCE**
**(COLLAZO PAINTING AND DRYWALL, INC.)**

412. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

413. At all times material to this action, COLLAZO owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLAZO obligations under its subcontract agreement.

414. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLAZO breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

415. To the extent that the ASSOCIATION'S contentions are correct, COLLAZO's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

416. As a direct and proximate result of COLLAZO's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLAZO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 50VI**
**BREACH OF CONTRACT**
**(COLEMAN FLOORING COMPANY)**

417. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

418. COLEMAN entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "17."**

419. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

420. Pursuant to the terms and conditions of the subcontract agreement, COLEMAN was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

421. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to COLEMANs scope of work. Said non-compliance is a breach of COLEMAN's subcontract agreement with KOLTER.

UNOFFICIAL

422. Pursuant to the terms and conditions of the subcontract agreement, COLEMAN agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

423. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of COLEMAN. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to COLEMAN and its general liability insurer(s).

424. COLEMAN's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing COLEMAN to have breached its subcontract agreement.

425. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

426. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLEMAN. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 60**
**CONTRACTUAL INDEMNITY**
**(COLEMAN FLOOR COMPANY)**

427. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

428. COLEMAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**17**."

429. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLEMAN agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

430. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLEMAN's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

431. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLEMAN. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 61**
**COMMON LAW INDEMNITY**
**(COLEMAN FLOOR COMPANY)**

432. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

433. There exists a special relationship between KOLTER, HEATHROW and COLEMAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of COLEMAN. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

434. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLEMAN in the performance of its work at the Subject Property.

435. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLEMAN.

436. KOLTER AND HEATHROW are entitled to common law indemnification from COLEMAN.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLEMAN for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 63**
**NEGLIGENCE**
**(COLEMAN FLOOR COMPANY)**

437. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

438. At all times material to this action, COLEMAN owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLEMAN's obligations under its subcontract agreement.

439. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLEMAN breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

440. To the extent that the ASSOCIATION'S contentions are correct, COLEMAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

441. As a direct and proximate result of COLEMAN's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLEMAN for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 64VII**
**BREACH OF CONTRACT**
**(COLLIS ROOFING, INC.)**

442. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

443. COLLIS entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "18."**

444. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

445. Pursuant to the terms and conditions of the subcontract agreement, COLLIS was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

446. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to COLLIS' cope of work. Said non-compliance is a breach of COLLIS' subcontract agreement with KOLTER.

447. Pursuant to the terms and conditions of the subcontract agreement, COLLIS agreed

UNOFFICIAL

to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

448. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of COLLIS. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to COLLIS and its general liability insurer(s).

449. COLLIS' general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing COLLIS to have breached its subcontract agreement.

450. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

451. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLIS. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 65**
**CONTRACTUAL INDEMNITY**
**(COLLIS ROOFING, INC.)**

452. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

453. COLLIS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**18**."

454. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLIS agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

455. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLIS' work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S complaint.

456. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLIS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 66**
**COMMON LAW INDEMNITY**
**(COLLIS ROOFING, INC.)**

457. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

458. There exists a special relationship between KOLTER, HEATHROW and COLLIS, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of COLLIS. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

459. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLIS in the performance of its work at the Subject Property.

460. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLIS.

461. KOLTER AND HEATHROW are entitled to common law indemnification from COLLIS.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLIS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 67**
**NEGLIGENCE**
**(COLLIS ROOFING, INC.)**

462. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

463. At all times material to this action, COLLIS owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLIS' obligations under its subcontract agreement.

464. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLIS breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S complaint, including resulting damage to other property.

465. To the extent that the ASSOCIATION'S contentions are correct, COLLIS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

466. As a direct and proximate result of COLLIS' negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against COLLIS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 68VIII**
**BREACH OF CONTRACT**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

467. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

468. CSCI entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "19."**

469. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

470. Pursuant to the terms and conditions of the subcontract agreement, CSCI was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

471. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CSCI's scope of work. Said non-compliance is a breach of CSCI's subcontract agreement with KOLTER.

472. Pursuant to the terms and conditions of the subcontract agreement, CSCI agreed to

UNOFFICIAL

defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

473. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of CSCI. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to CSCI and its general liability insurer(s).

474. CSCI's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing CSCI to have breached its subcontract agreement.

475. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

476. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CSCI for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 69**
**CONTRACTUAL INDEMNITY**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

477. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

478. CSCI entered into a subcontract agreement with KOLTER to furnish labor and/or

UNOFFICIAL

materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**19**."

479. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CSCI agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

480. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CSCI's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

481. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CSCI's for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 70**
**COMMON LAW INDEMNITY**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

482. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

483. There exists a special relationship between KOLTER, HEATHROW and CSCI, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and

UNOFFICIAL

damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of CSCI. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

484. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CSCI in the performance of its work at the Subject Property.

485. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CSCI.

486. KOLTER AND HEATHROW are entitled to common law indemnification from CSCI.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CSCI for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 71**
**NEGLIGENCE**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

487. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

488. At all times material to this action, CSCI owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction

UNOFFICIAL

practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CSCI's obligations under its subcontract agreement.

489. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CSCI breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

490. To the extent that the ASSOCIATION'S contentions are correct, CSCI's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

491. As a direct and proximate result of CSCI's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CSCI for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 72IX**
**BREACH OF CONTRACT**
**(CONQUEST SERVICES INC.)**

492. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

493. CONQUEST entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "20."**

494. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

495. Pursuant to the terms and conditions of the subcontract agreement, CONQUEST was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

496. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CONQUEST's scope of work. Said non-compliance is a breach of CONQUEST's subcontract agreement with KOLTER.

497. Pursuant to the terms and conditions of the subcontract agreement, CONQUEST agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

498. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of CONQUEST. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to CONQUEST and its general liability insurer(s).

499. CONQUEST's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing CONQUEST to have breached its subcontract agreement.

500. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

501. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CONQUEST for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 73**
**CONTRACTUAL INDEMNITY**
**(CONQUEST SERVICES, INC.)**

502. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

503. CONQUEST entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit "B."

504. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CONQUEST agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

505. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CONQUEST's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

506. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CONQUEST. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 74**
**COMMON LAW INDEMNITY**
**(CONQUEST SERVICES, INC.)**

507. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

508. There exists a special relationship between KOLTER, HEATHROW and CONQUEST, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts

UNOFFICIAL

or omissions of CONQUEST. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

509. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CONQUEST in the performance of its work at the Subject Property.

510. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CONQUEST.

511. KOLTER AND HEATHROW are entitled to common law indemnification from CONQUEST.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CONQUEST. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 75**
**NEGLIGENCE**
**(CONQUEST SERVICES, INC.)**

512. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

513. At all times material to this action, CONQUEST owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CONQUEST's obligations under its subcontract agreement.

514. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CONQUEST breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

515. To the extent that the ASSOCIATION'S contentions are correct, CONQUEST's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

516. As a direct and proximate result of CONQUEST's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CONQUEST for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 76X**
**BREACH OF CONTRACT**
**(CUNNINGHAM ELECTRICAL, INC.)**

517. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

518. CUNNINGHAM entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "21."**

519. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

520. Pursuant to the terms and conditions of the subcontract agreement, CUNNINGHAM was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

521. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to CUNNINGHAM's scope of work. Said non-compliance is a breach of CUNNINGHAM's subcontract agreement with KOLTER.

522. Pursuant to the terms and conditions of the subcontract agreement, CUNNINGHAM agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

523. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of CUNNINGHAM. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to CUNNINGHAM and its general liability insurer(s).

524. CUNNINGHAM's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing CUNNINGHAM to have breached its subcontract agreement.

525. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

526. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CUNNINGHAM. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 77**
**CONTRACTUAL INDEMNITY**
**(CUNNINGHAM ELECTRICAL, INC.)**

527. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

528. CUNNINGHAM entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached

UNOFFICIAL

herein as Exhibit "**21**."

529. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CUNNINGHAM agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

530. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CUNNINGHAM's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

531. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CUNNINGHAM. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 78**
**COMMON LAW INDEMNITY**
**(CUNNINGHAM ELECTRICAL, INC.)**

532. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

533. There exists a special relationship between KOLTER, HEATHROW and CUNNINGHAM, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on

UNOFFICIAL

the acts or omissions of CUNNINGHAM. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

534. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CUNNINGHAM in the performance of its work at the Subject Property.

535. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CUNNINGHAM.

536. KOLTER AND HEATHROW are entitled to common law indemnification from AMERICAN OUTDOOR.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CUNNINGHAM for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 79**
**NEGLIGENCE**
**(CUNNINGHAM ELECTRICAL, INC.)**

537. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

538. At all times material to this action, CUNNINGHAM owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other

UNOFFICIAL

local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CUNNINGHAM's obligations under its subcontract agreement.

539. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CUNNINGHAM breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

540. To the extent that the ASSOCIATION'S contentions are correct, CUNNINGHAM's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

541. As a direct and proximate result of CUNNINGHAM's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against CUNNINGHAM's. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 80XI**
**BREACH OF CONTRACT**
**(DAPAU ENTERPRISES II, INC.)**

542. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

543. DAPAU entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "22."**

544. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

545. Pursuant to the terms and conditions of the subcontract agreement, DAPAU was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

546. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to DAPAU's scope of work. Said non-compliance is a breach of DAPAU's subcontract agreement with KOLTER.

547. Pursuant to the terms and conditions of the subcontract agreement, DAPAU agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

548. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of DAPAU. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to DAPAU and its general liability insurer(s).

549. DAPAU's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing DAPAU to have breached its subcontract agreement.

550. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

551. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against DAPAU for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 81**
**CONTRACTUAL INDEMNITY**
**(DAPAU ENTERPRISES II, INC.)**

552. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

553. DAPAU entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit "**22**."

554. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, DAPAU agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

555. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of DAPAU's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

556. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against DAPAU. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 82**
**COMMON LAW INDEMNITY**
**(DAPAU ENTERPRISES II, INC.)**

557. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

558. There exists a special relationship between KOLTER, HEATHROW and DAPAU, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions

UNOFFICIAL

of DAPAU. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

559. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of DAPAU in the performance of its work at the Subject Property.

560. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of DAPAU.

561. KOLTER AND HEATHROW are entitled to common law indemnification from DAPAU.

WHEREFORE, KOLTER AND HEATHROW demand judgment against DAPAU for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 83**
**NEGLIGENCE**
**(DAPAU ENTERPRISES II INC.)**

562. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

563. At all times material to this action, DAPAU owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction

UNOFFICIAL

practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from DAPAU's obligations under its subcontract agreement.

564. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, DAPAU breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

565. To the extent that the ASSOCIATION'S contentions are correct, DAPAU's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

566. As a direct and proximate result of DAPAU's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against DAPAU for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 84**
**XIIBREACH OF CONTRACT**
**(EAST COAST TRUSSES, LLC.)**

567. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

568. EAST entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "23."**

569. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

570. Pursuant to the terms and conditions of the subcontract agreement, EAST was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

571. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to EAST's scope of work. Said non-compliance is a breach of EAST's subcontract agreement with KOLTER.

572. Pursuant to the terms and conditions of the subcontract agreement, EAST agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

573. KOLTER AND HEATHROW have been sued and are defending against claims

UNOFFICIAL

arising from and relating to the work of EAST. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to EAST and its general liability insurer(s).

574. EAST's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing EAST to have breached its subcontract agreement.

575. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

576. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against EAST for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 85**
**CONTRACTUAL INDEMNITY**
**(EAST COAST TRUSSES, LLC.)**

577. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

578. EAST entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**23**."

579. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, EAST agreed to defend, indemnify and hold harmless KOLTER AND

UNOFFICIAL

HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

580. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of EAST's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

581. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against EAST for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 86**
**COMMON LAW INDEMNITY**
**(EAST COAST TRUSSES, LLC.)**

582. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

583. There exists a special relationship between KOLTER, HEATHROW and EAST, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of EAST. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

UNOFFICIAL

584. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of EAST in the performance of its work at the Subject Property.

585. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of EAST.

586. KOLTER AND HEATHROW are entitled to common law indemnification from EAST.

WHEREFORE, KOLTER AND HEATHROW demand judgment against EAST. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 89**
**NEGLIGENCE**
**(EAST COAST TRUSSES, LLC.)**

587. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

588. At all times material to this action, EAST owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from EAST's obligations under its subcontract agreement.

589. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, EAST breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners,

UNOFFICIAL

and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

590. To the extent that the ASSOCIATION'S contentions are correct, EAST's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

591. As a direct and proximate result of EAST's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against EAST for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 87XIII**
**BREACH OF CONTRACT**
**(F&B STUCCO ASSOCIATES, INC.)**

592. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

593. F&B entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "24."**

594. The subcontract agreement and the words and conduct of the parties evidence an

UNOFFICIAL

intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

595. Pursuant to the terms and conditions of the subcontract agreement, F&B was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

596. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to F&B's scope of work. Said non-compliance is a breach of F&B's subcontract agreement with KOLTER.

597. Pursuant to the terms and conditions of the subcontract agreement, F&B agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

598. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of F&B. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to F&B and its general liability insurer(s).

599. F&B's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing F&B to have breached its subcontract agreement.

600. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

601. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled

UNOFFICIAL

to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against F&B for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 88**
**CONTRACTUAL INDEMNITY**
**(F&B STUCCO ASSOCIATES, INC.)**

602. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

603. F&B entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**24**."

604. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, F&B agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

605. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of F&B's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

606. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees

UNOFFICIAL

and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against F&B for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 89**
**COMMON LAW INDEMNITY**
**(F&B STUCCO ASSOCIATES, INC.)**

607. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

608. There exists a special relationship between KOLTER, HEATHROW and F&B, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of F&B. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

609. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of F&B in the performance of its work at the Subject Property.

610. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of F&B.

611. KOLTER AND HEATHROW are entitled to common law indemnification from F&B.

WHEREFORE, KOLTER AND HEATHROW demand judgment against F&B. for

UNOFFICIAL

common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 90**
**NEGLIGENCE**
**(F&B STUCCO ASSOCIATES, INC.)**

612. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

613. At all times material to this action, F&B owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from F&B's obligations under its subcontract agreement.

614. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, F&B breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

615. To the extent that the ASSOCIATION'S contentions are correct, F&B's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to

UNOFFICIAL

KOLTER AND HEATHROW, the responsible developer and general contractor.

616. As a direct and proximate result of F&B's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against F&B for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 91XIV**
**BREACH OF CONTRACT**
**(G&L CONTRACTORS, INC.)**

617. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

618. G&L entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "25."**

619. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

620. Pursuant to the terms and conditions of the subcontract agreement, G&L was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

621. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to G&L's scope

UNOFFICIAL

of work. Said non-compliance is a breach of G&L's subcontract agreement with KOLTER.

622. Pursuant to the terms and conditions of the subcontract agreement, G&L agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

623. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of G&L. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to G&L and its general liability insurer(s).

624. G&L's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing G&L to have breached its subcontract agreement.

625. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

626. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G&L for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 92**
**CONTRACTUAL INDEMNITY**
**(G&L CONTRACTORS, INC.)**

627. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

628. G&L entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**25**."

629. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G&L agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

630. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G&L's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

631. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G&L for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 93**
**COMMON LAW INDEMNITY**
**(G&L CONTRACTORS, INC.)**

632. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

633. There exists a special relationship between KOLTER, HEATHROW and G&L, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of G&L. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

634. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G&L in the performance of its work at the Subject Property.

635. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G&L.

636. KOLTER AND HEATHROW are entitled to common law indemnification from G&L.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G&L for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 94**
**NEGLIGENCE**
**(G&L CONTRACTORS, INC.)**

637. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

638. At all times material to this action, G&L owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G&L's obligations under its subcontract agreement.

639. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G&L's breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

640. To the extent that the ASSOCIATION'S contentions are correct, G&L's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

641. As a direct and proximate result of G&L's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G&L for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 95**
**BREACH OF CONTRACT**
**(G.B. PAINTING, INC.)**

642. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

643. G.B. entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "26"**

644. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

645. Pursuant to the terms and conditions of the subcontract agreement, G.B. was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

646. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to G.B.'s scope of work. Said non-compliance is a breach of G.B.'s subcontract agreement with KOLTER.

647. Pursuant to the terms and conditions of the subcontract agreement, G.B. agreed to

UNOFFICIAL

defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

648. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of G.B. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to G.B. and its general liability insurer(s).

649. G.B.'s general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing G.B. to have breached its subcontract agreement.

650. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

651. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.B. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 96**
**CONTRACTUAL INDEMNITY**
**(G.B. PAINTING, INC.)**

652. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

653. G.B. entered into a subcontract agreement with KOLTER to furnish labor and/or

UNOFFICIAL

materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**26**."

654. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G.B. agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

655. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G.B.'s work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

656. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.B. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 97**
**COMMON LAW INDEMNITY**
**(G&B PAINTING, INC.)**

657. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

658. There exists a special relationship between KOLTER, HEATHROW and G.B., which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and

UNOFFICIAL

damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of G.B. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

659. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G.B. in the performance of its work at the Subject Property.

660. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G.B.

661. KOLTER AND HEATHROW are entitled to common law indemnification from G.B.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.B. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 98**
**NEGLIGENCE**
**(G.B. PAINTING, INC.)**

662. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

663. At all times material to this action, G.B. owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction

UNOFFICIAL

practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G.B.'s obligations under its subcontract agreement.

664. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G.B. breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

665. To the extent that the ASSOCIATION'S contentions are correct, G.B.'s negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

666. As a direct and proximate result of G.B.'s negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.B. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 99XV**
**BREACH OF CONTRACT**
**(G.H.B. CONTRACTORS, INC.)**

667. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

668. G.H.B. entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "27."**

669. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

670. Pursuant to the terms and conditions of the subcontract agreement, G.H.B. was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

671. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to G.H.B.'s scope of work. Said non-compliance is a breach of G.H.B.'s subcontract agreement with KOLTER.

672. Pursuant to the terms and conditions of the subcontract agreement, G.H.B. agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

673. KOLTER AND HEATHROW have been sued and are defending against claims

UNOFFICIAL

arising from and relating to the work of G.H.B. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to G.H.B. and its general liability insurer(s).

674. G.H.B.'s general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing G.H.B. to have breached its subcontract agreement.

675. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

676. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.H.B. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 100**
**CONTRACTUAL INDEMNITY**
**(G.H.B. CONTRACTORS, INC.)**

677. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

678. G.H.B. entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**27**."

UNOFFICIAL

679. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G.H.B. agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

680. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G.H.B.'s work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

681. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.H.B. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 101**
**COMMON LAW INDEMNITY**
**(G.H.B. CONTRACTORS, INC.)**

682. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

683. There exists a special relationship between KOLTER, HEATHROW and G.H.B. which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of G.H.B. This special relationship is formed by, among other things, the contractual relationship

UNOFFICIAL

between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

684. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G.H.B. in the performance of its work at the Subject Property.

685. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G.H.B.

686. KOLTER AND HEATHROW are entitled to common law indemnification from G.H.B.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.H.B. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 102**
**NEGLIGENCE**
**(G.H.B CONTRACTORS, INC.)**

687. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

688. At all times material to this action, G.H.B owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G.H.B.'s obligations under its subcontract agreement.

UNOFFICIAL

689. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G.H.B. breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

690. To the extent that the ASSOCIATION'S contentions are correct, G.H.B.'s negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

691. As a direct and proximate result of G.H.B.'s negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against G.H.B. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 103XVI**
**BREACH OF CONTRACT**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

692. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

693. GULF entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto

UNOFFICIAL

as **Exhibit "28."**

694. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

695. Pursuant to the terms and conditions of the subcontract agreement, GULF was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

696. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to GULF's scope of work. Said non-compliance is a breach of GULF's subcontract agreement with KOLTER.

697. Pursuant to the terms and conditions of the subcontract agreement, GULF agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

698. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of GULF. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to GULF and its general liability insurer(s).

699. GULF's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing GULF to have breached its subcontract agreement.

700. KOLTER AND HEATHROW have and will continue to suffer damages as a result

UNOFFICIAL

of these breaches of contract.

701. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 104**
**CONTRACTUAL INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

702. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

703. GULF entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**28**."

704. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, GULF agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

705. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of GULF's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard

UNOFFICIAL

to the ASSOCIATION'S Complaint.

706. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 105**
**COMMON LAW INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

707. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

708. There exists a special relationship between KOLTER, HEATHROW and GULF, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of GULF. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

709. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of GULF in the performance of its work at the Subject Property.

710. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of GULF.

UNOFFICIAL

711. KOLTER AND HEATHROW are entitled to common law indemnification from GULF.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 106**
**NEGLIGENCE**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

712. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

713. At all times material to this action, GULF owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from GULF's obligations under its subcontract agreement.

714. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, GULF breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other

UNOFFICIAL

property.

715. To the extent that the ASSOCIATION'S contentions are correct, GULF's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

716. As a direct and proximate result of GULF's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 107XVII**
**BREACH OF CONTRACT**
**(GULF WESTERN ROOFING & SHEETING METAL, LLC.)**

717. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

718. GULF LLC entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "29."**

719. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

720. Pursuant to the terms and conditions of the subcontract agreement, GULF LLC was obligated to perform all the work shown and described in the applicable contract documents in a

UNOFFICIAL

good and workmanlike fashion and in a non-defective manner.

721. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to GULF LLC's scope of work. Said non-compliance is a breach of GULF LLC's subcontract agreement with KOLTER.

722. Pursuant to the terms and conditions of the subcontract agreement, GULF LLC agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

723. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of GULF LLC. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to GULF LLC and its general liability insurer(s).

724. GULF LLC's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing GULF LLC to have breached its subcontract agreement.

725. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

726. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF LLC. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 108**
**CONTRACTUAL INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

727. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

728. GULF LLC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**29**."

729. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, GULF LLC agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

730. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of GULF LLC's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

731. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF LLC's.

UNOFFICIAL

for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 109**
**COMMON LAW INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

732. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

733. There exists a special relationship between KOLTER, HEATHROW and GULF LLC, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of GULF LLC. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

734. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of GULF LLC in the performance of its work at the Subject Property.

735. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of GULF LLC.

736. KOLTER AND HEATHROW are entitled to common law indemnification from GULF LLC.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF LLC. for

UNOFFICIAL

common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 110**
**NEGLIGENCE**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

737. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

738. At all times material to this action, GULF LLC owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from GULF LLC's obligations under its subcontract agreement.

739. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, GULF LLC breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

740. To the extent that the ASSOCIATION'S contentions are correct, GULF LLC's negligence has caused and will continue to cause damage to the Subject Property, as well as

UNOFFICIAL

damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

741. As a direct and proximate result of GULF LLC's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against GULF LLC for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 111XVIII**
**BREACH OF CONTRACT**
**(HALL BROTHERS ROOFING, INC.)**

742. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

743. HALL entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "30."**

744. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

745. Pursuant to the terms and conditions of the subcontract agreement, HALL was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

746. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to HALL's scope

UNOFFICIAL

of work. Said non-compliance is a breach of HALL's subcontract agreement with KOLTER.

747. Pursuant to the terms and conditions of the subcontract agreement, HALL agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

748. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of HALL. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to HALL and its general liability insurer(s).

749. HALL's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing HALL to have breached its subcontract agreement.

750. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

751. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against HALL for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 112**
**CONTRACTUAL INDEMNITY**
**(HALL BROTHERS ROOFING INC.)**

752. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

753. HALL entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**30**."

754. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, HALL agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

755. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of HALL's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the HALL's Complaint.

756. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against HALL for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 113**
**COMMON LAW INDEMNITY**
**(HALL BROTHERS ROOFING, INC.)**

757. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

758. There exists a special relationship between KOLTER, HEATHROW and HALL, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of HALL. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

759. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of HALL in the performance of its work at the Subject Property.

760. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of HALL.

761. KOLTER AND HEATHROW are entitled to common law indemnification from HALL.

WHEREFORE, KOLTER AND HEATHROW demand judgment against HALL. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 114**
**NEGLIGENCE**
**(HALL BROTHERS ROOFING, INC.)**

762. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

763. At all times material to this action, HALL owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from HALL's obligations under its subcontract agreement.

764. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, HALL breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

765. To the extent that the ASSOCIATION'S contentions are correct, HALL's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

766. As a direct and proximate result of HALL's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against HALL for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 115XIX**
**BREACH OF CONTRACT**
**(INNOVATIVE OUTDOORS, INC.)**

767. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

768. INNOVATIVE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "31."**

769. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

770. Pursuant to the terms and conditions of the subcontract agreement, INNOVATIVE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

771. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to INNOVATIVE's scope of work. Said non-compliance is a breach of INNOVATIVE's subcontract agreement with KOLTER.

UNOFFICIAL

772. Pursuant to the terms and conditions of the subcontract agreement, INNOVATIVE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

773. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of INNOVATIVE As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to INNOVATIVE and its general liability insurer(s).

774. INNOVATIVE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing INNOVATIVE to have breached its subcontract agreement.

775. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

776. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against INNOVATIVE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 116**
**CONTRACTUAL INDEMNITY**
**(INNOVATIVE OUTDOORS, INC.)**

777. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

778. INNOVATIVE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**31**."

779. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, INNOVATIVE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

780. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of INNOVATIVE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

781. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against INNOVATIVE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 117**
**COMMON LAW INDEMNITY**
**(INNOVATIVE OUTDOORS, INC.)**

782. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

783. There exists a special relationship between KOLTER, HEATHROW and INNOVATIVE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of INNOVATIVE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

784. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of INNOVATIVE in the performance of its work at the Subject Property.

785. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of INNOVATIVE.

786. KOLTER AND HEATHROW are entitled to common law indemnification from INNOVATIVE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against INNOVATIVE for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 118**
**NEGLIGENCE**
**(INNOVATIVE OUTDOORS, INC.)**

787. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

788. At all times material to this action, INNOVATIVE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from INNOVATIVE's obligations under its subcontract agreement.

789. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, INNOVATIVE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

790. To the extent that the ASSOCIATION'S contentions are correct, INNOVATIVE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

791. As a direct and proximate result of INNOVATIVE's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against INNOVATIVES for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 119**
**BREACH OF CONTRACT**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

792. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

793. ITALIAN entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "32."**

794. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

795. Pursuant to the terms and conditions of the subcontract agreement, ITALIAN was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

796. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to ITALIAN's scope of work. Said non-compliance is a breach of ITALIAN's subcontract agreement with KOLTER.

UNOFFICIAL

797. Pursuant to the terms and conditions of the subcontract agreement, ITALIAN agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

798. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of ITALIAN. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to ITALIAN and its general liability insurer(s).

799. ITALIAN's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing ITALIAN to have breached its subcontract agreement.

800. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

801. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ITALIAN. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 120**
**CONTRACTUAL INDEMNITY**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

802. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

803. ITALIAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**32**."

804. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, ITALIAN agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

805. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of ITALIAN's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

806. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ITALIAN. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 121**
**COMMON LAW INDEMNITY**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

807. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

808. There exists a special relationship between KOLTER, HEATHROW and ITALIAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of ITALIAN. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

809. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ITALIAN in the performance of its work at the Subject Property.

810. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of ITALIAN.

811. KOLTER AND HEATHROW are entitled to common law indemnification from ITALIAN.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ITALIAN. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 122**
**NEGLIGENCE**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

812. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

813. At all times material to this action, ITALIAN owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from ITALIAN obligations under its subcontract agreement.

814. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, ITALIAN breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

815. To the extent that the ASSOCIATION'S contentions are correct, ITALIAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

816. As a direct and proximate result of ITALIAN's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ITALIAN for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 123**
**BREACH OF CONTRACT**
**(JADE HOME DÉCOR, INC.)**

817. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

818. JADE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "33."**

819. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

820. Pursuant to the terms and conditions of the subcontract agreement, JADE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

821. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to JADE's scope of work. Said non-compliance is a breach of JADE's subcontract agreement with KOLTER.

822. Pursuant to the terms and conditions of the subcontract agreement, JADE agreed to

UNOFFICIAL

defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

823. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of JADE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to JADE and its general liability insurer(s).

824. JADE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing JADE to have breached its subcontract agreement.

825. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

826. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JADE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 124**
**CONTRACTUAL INDEMNITY**
**(JADE HOME DÉCOR, INC.)**

827. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

828. JADE entered into a subcontract agreement with KOLTER to furnish labor and/or

UNOFFICIAL

materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**33**."

829. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JADE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

830. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JADE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

831. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JADE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 125**
**COMMON LAW INDEMNITY**
**(JADE HOME DÉCOR, INC)**

832. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

833. There exists a special relationship between KOLTER, HEATHROW and JADE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and

UNOFFICIAL

damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of JADE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

834. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JADE in the performance of its work at the Subject Property.

835. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JADE.

836. KOLTER AND HEATHROW are entitled to common law indemnification from JADE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JADE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 126**
**NEGLIGENCE**
**(JADE HOME DÉCOR, INC.)**

837. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

838. At all times material to this action, JADE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction

UNOFFICIAL

practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JADE obligations under its subcontract agreement.

839. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JADE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

840. To the extent that the ASSOCIATION'S contentions are correct, JADE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

841. As a direct and proximate result of JADE's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JADE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 127**
**BREACH OF CONTRACT**
**(JANUS BUILDING COMPANY, LLC.)**

842. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

843. JANUS entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "34."**

844. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

845. Pursuant to the terms and conditions of the subcontract agreement, JANUS was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

846. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to JANUS's scope of work. Said non-compliance is a breach of JANUS's subcontract agreement with KOLTER.

847. Pursuant to the terms and conditions of the subcontract agreement, JANUS agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

848. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of JANUS. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to JANUS and its general liability insurer(s).

849. JANUS's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing JANUS to have breached its subcontract agreement.

850. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

851. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JANUS. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 128**
**CONTRACTUAL INDEMNITY**
**(JANUS BUILDING COMPANY, LLC.)**

852. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

853. JANUS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as

UNOFFICIAL

Exhibit "**34**."

854. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JANUS agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

855. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JANUS's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

856. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JANUS. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 128**
**COMMON LAW INDEMNITY**
**(JANUS BUILDING COMPANY, LLC.)**

857. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

858. There exists a special relationship between KOLTER, HEATHROW and JANUS, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions

UNOFFICIAL

of JANUS. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

859. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JANUS in the performance of its work at the Subject Property.

860. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JANUS.

861. KOLTER AND HEATHROW are entitled to common law indemnification from JANUS.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JANUS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 129**
**NEGLIGENCE**
**(JANUS BUILDING COMPANY, LLC)**

862. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

863. At all times material to this action, JANUS owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and

UNOFFICIAL

independent from JANUS obligations under its subcontract agreement.

864. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JANUS breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

865. To the extent that the ASSOCIATION'S contentions are correct, JANUS's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

866. As a direct and proximate result of JANUS's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JANUS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 130**
**BREACH OF CONTRACT**
**(JMHC, INC.)**

867. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

868. JMHC entered into a subcontract agreement with KOLTER to furnish labor

UNOFFICIAL

services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "35."**

869. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

870. Pursuant to the terms and conditions of the subcontract agreement, JMHC was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

871. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to JMHC's scope of work. Said non-compliance is a breach of JMHC's subcontract agreement with KOLTER.

872. Pursuant to the terms and conditions of the subcontract agreement, JMHC agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

873. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of JMHC. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to JMHC and its general liability insurer(s).

874. JMHC's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing JMHC to have breached its subcontract agreement.

UNOFFICIAL

875. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

876. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JMHC. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 131**
**CONTRACTUAL INDEMNITY**
**(JMHC, INC.)**

877. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

878. JMHC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**35**."

879. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JMHC agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

880. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JMHC's work at the Subject Property. Therefore, KOLTER AND

UNOFFICIAL

HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

881. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JMHC. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 132**
**COMMON LAW INDEMNITY**
**(JMHC, INC.)**

882. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

883. There exists a special relationship between KOLTER, HEATHROW and JMHC, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of JMHC. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

884. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JMHC in the performance of its work at the Subject Property.

885. KOLTER AND HEATHROW would only be derivatively, technically,

UNOFFICIAL

constructively or vicariously liable for the damages as a result of the alleged actions of JMHC.

886. KOLTER AND HEATHROW are entitled to common law indemnification from JMHC.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JMHC. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 134**
**NEGLIGENCE**
**(JMHC, INC.)**

887. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

888. At all times material to this action, JMHC owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JMHC obligations under its subcontract agreement.

889. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JMHC breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and

UNOFFICIAL

deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

890. To the extent that the ASSOCIATION'S contentions are correct, JMHC's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

891. As a direct and proximate result of JMHC's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JMHC for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 135**
**BREACH OF CONTRACT**
**(JOHN KEENAN PAINTING, LLC.)**

892. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

893. JK PAINTING entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "36."**

894. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

895. Pursuant to the terms and conditions of the subcontract agreement, JK PAINTING

UNOFFICIAL

was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

896. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to JK PAINTING's scope of work. Said non-compliance is a breach of JK PAINTING's subcontract agreement with KOLTER.

897. Pursuant to the terms and conditions of the subcontract agreement, JK PAINTING agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

898. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of JK PAINTING. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to JK PAINTING and its general liability insurer(s).

899. JK PAINTING's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing JK PAINTING to have breached its subcontract agreement.

900. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

901. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing

UNOFFICIAL

this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JK PAINTING. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 136**
**CONTRACTUAL INDEMNITY**
**(JOHN KEENAN PAINTING, LLC.)**

902. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

903. JK PAINTING entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**35**."

904. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JK PAINTING agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

905. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JK PAINTING's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

906. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER AND HEATHROW demand judgment against JK PAINTING. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 137**
**COMMON LAW INDEMNITY**
**(JOHN KEENAN PAINTING, LLC.)**

907. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

908. There exists a special relationship between KOLTER, HEATHROW and JK PAINTING, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of JK PAINTING. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

909. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JK PAINTING in the performance of its work at the Subject Property.

910. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JK PAINTING.

911. KOLTER AND HEATHROW are entitled to common law indemnification from JK PAINTING.

UNOFFICIAL

WHEREFORE, KOLTER AND HEATHROW demand judgment against JK PAINTING. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 138**
**NEGLIGENCE**
**(JOHN KEENAN PAINTING, L.L.C.)**

912. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

913. At all times material to this action, JK PAINTING owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JK PAINTING obligations under its subcontract agreement.

914. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JK PAINTING breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

915. To the extent that the ASSOCIATION'S contentions are correct, JK PAINTING's

UNOFFICIAL

negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

916. As a direct and proximate result of JK PAINTING's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JK PAINTING for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 139**
**BREACH OF CONTRACT**
**(JUST FLOORS, INC.)**

917. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

918. JUST FLOORS entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "37."**

919. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

920. Pursuant to the terms and conditions of the subcontract agreement, JUST FLOORS was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

921. The ASSOCIATION alleges that the construction of the Subject Property is not in

UNOFFICIAL

compliance with the terms and conditions of the contract documents with respect to JUST FLOORS's scope of work. Said non-compliance is a breach of JUST FLOORS's subcontract agreement with KOLTER.

922. Pursuant to the terms and conditions of the subcontract agreement, JUST FLOORS agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

923. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of JUST FLOORS. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to JUST FLOORS and its general liability insurer(s).

924. JUST FLOORS's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing JUST FLOORS to have breached its subcontract agreement.

925. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

926. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JUST FLOORS for breach of contract to include costs, attorneys' fees, costs of defense and any other relief

UNOFFICIAL

available at law, and further demands trial by jury on all issues so triable.

**COUNT 140**
**CONTRACTUAL INDEMNITY**
**(JUST FLOORS, INC.)**

927. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

928. JUST FLOORS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**35**."

929. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JUST FLOORS agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

930. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JUST FLOORS's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

931. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JUST FLOORS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 141**
**COMMON LAW INDEMNITY**
**(JUST FLOOR, INC.)**

932. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

933. There exists a special relationship between KOLTER, HEATHROW and JUST FLOORS, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of JUST FLOORS. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

934. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JUST FLOORS in the performance of its work at the Subject Property.

935. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JUST FLOORS.

936. KOLTER AND HEATHROW are entitled to common law indemnification from JUST FLOORS.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JUST FLOORS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 142**
**NEGLIGENCE**
**(JUST FLOORS, INC.)**

937. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

938. At all times material to this action, JUST FLOORS owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JUST FLOORS obligations under its subcontract agreement.

939. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JUST FLOORS breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

940. To the extent that the ASSOCIATION'S contentions are correct, JUST FLOORS's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

941. As a direct and proximate result of JUST FLOORS's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against JUST FLOORS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 143**
**BREACH OF CONTRACT**
**(OLDCASTLE PRECAST, INC.)**

942. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

943. OLDCASTLE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "38."**

944. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

945. Pursuant to the terms and conditions of the subcontract agreement, OLDCASTLE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

946. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to OLDCASTLE's scope of work. Said non-compliance is a breach of OLDCASTLE's subcontract agreement with KOLTER.

UNOFFICIAL

947. Pursuant to the terms and conditions of the subcontract agreement, OLDCASTLE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

948. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of OLDCASTLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to OLDCASTLE and its general liability insurer(s).

949. OLDCASTLE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing OLDCASTLE to have breached its subcontract agreement.

950. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

951. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OLDCASTLE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 144**
**CONTRACTUAL INDEMNITY**
**(OLDCASTLE PRECAST, INC.)**

952. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

953. OLDCASTLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**38**."

954. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, OLDCASTLE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

955. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of OLDCASTLE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

956. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OLDCASTLE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 145**
**COMMON LAW INDEMNITY**
**(OLDCASTLE PRECAST, INC.)**

957. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

958. There exists a special relationship between KOLTER, HEATHROW and OLDCASTLE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of OLDCASTLE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

959. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of OLDCASTLE in the performance of its work at the Subject Property.

960. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of OLDCASTLE.

961. KOLTER AND HEATHROW are entitled to common law indemnification from OLDCASTLE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OLDCASTLE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 146**
**NEGLIGENCE**
**(OLDCASTLE PRECAST, INC.)**

962. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

963. At all times material to this action, OLDCASTLE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from OLDCASTLE obligations under its subcontract agreement.

964. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, OLDCASTLE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

965. To the extent that the ASSOCIATION'S contentions are correct, OLDCASTLE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

966. As a direct and proximate result of OLDCASTLE's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OLDCASTLE's for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 147**
**BREACH OF CONTRACT**
**(OMNI AWNINGS, INC.)**

967. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

968. OMNI entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "39."**

969. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

970. Pursuant to the terms and conditions of the subcontract agreement, OMNI was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

971. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to OMNI's scope of work. Said non-compliance is a breach of OMNI's subcontract agreement with KOLTER.

972. Pursuant to the terms and conditions of the subcontract agreement, OMNI agreed

UNOFFICIAL

to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

973. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of OMNI. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to OMNI and its general liability insurer(s).

974. OMNI's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing OMNI to have breached its subcontract agreement.

975. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

976. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OMNI. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 148**
**CONTRACTUAL INDEMNITY**
**(OMNI AWNINGS, INC.)**

977. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

978. OMNI entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**39**."

979. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, OMNI agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

980. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of OMNI's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

981. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OMNI. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 149**
**COMMON LAW INDEMNITY**
**(OMNI AWNINGS, INC.)**

982. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

983. There exists a special relationship between KOLTER, HEATHROW and OMNI, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of OMNI. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

984. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of OMNI in the performance of its work at the Subject Property.

985. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of OMNI.

986. KOLTER AND HEATHROW are entitled to common law indemnification from OMNI.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OMNI. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 150**
**NEGLIGENCE**
**(OMNI AWNINGS, INC.)**

987. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

988. At all times material to this action, OMNI owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from OMNI obligations under its subcontract agreement.

989. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, OMNI breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

990. To the extent that the ASSOCIATION'S contentions are correct, OMNI's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

991. As a direct and proximate result of OMNI's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against OMNI for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 151**
**BREACH OF CONTRACT**
**(PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.)**

992. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

993. PETERSENDEAN entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "40."**

994. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

995. Pursuant to the terms and conditions of the subcontract agreement, PETERSENDEAN was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

996. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to PETERSENDEAN's scope of work. Said non-compliance is a breach of PETERSENDEAN's subcontract agreement with KOLTER.

UNOFFICIAL

997. Pursuant to the terms and conditions of the subcontract agreement, PETERSENDEAN agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

998. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of PETERSENDEAN. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to PETERSENDEAN and its general liability insurer(s).

999. PETERSENDEAN's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing PETERSENDEAN to have breached its subcontract agreement.

1000. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1001. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PETERSENDEAN for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 152**
**CONTRACTUAL INDEMNITY**
**(PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.)**

1002. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1003. PETERSENDEAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**40**."

1004. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, PETERSENDEAN agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1005. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of PETERSENDEAN's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1006. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PETERSENDEAN for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 153**
**COMMON LAW INDEMNITY**
**(PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.)**

1007. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1008. There exists a special relationship between KOLTER, HEATHROW and PETERSENDEAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of PETERSENDEAN. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1009. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of PETERSENDEAN in the performance of its work at the Subject Property.

1010. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of PETERSENDEAN.

1011. KOLTER AND HEATHROW are entitled to common law indemnification from PETERSENDEAN.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PETERSENDEAN. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 154**
**NEGLIGENCE**
**(PETERSENDEAN ROODING AND SOLAR SYSTEMS, INC.)**

1012. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1013. At all times material to this action, PETERSENDEAN owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from PETERSENDEAN obligations under its subcontract agreement.

1014. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, PETERSENDEAN breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1015. To the extent that the ASSOCIATION'S contentions are correct, PETERSENDEAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

UNOFFICIAL

1016. As a direct and proximate result of PETERSENDEAN's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PETERSENDEAN for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 155**
**BREACH OF CONTRACT**
**(PINNACLE PAVERS, LLC)**

1017. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1018. PINNACLE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "41."**

1019. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1020. Pursuant to the terms and conditions of the subcontract agreement, PINNACLE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1021. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to PINNACLE scope of work. Said non-compliance is a breach of PINNACLE's subcontract agreement with

UNOFFICIAL

KOLTER.

1022. Pursuant to the terms and conditions of the subcontract agreement, PINNACLE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1023. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of PINNACLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to PINNACLE and its general liability insurer(s).

1024. PINNACLE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing PINNACLE to have breached its subcontract agreement.

1025. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1026. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PINNACLE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 156**
**CONTRACTUAL INDEMNITY**
**(PINNACLE PAVERS, LLC)**

1027. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1028. PINNACLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**41**."

1029. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, PINNACLE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1030. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of PINNACLE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1031. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PINNACLE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 157**
**COMMON LAW INDEMNITY**
**(PINNACLE PAVERS, LLC)**

1032. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1033. There exists a special relationship between KOLTER, HEATHROW and ITALIAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of PINNACLE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1034. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of PINNACLE in the performance of its work at the Subject Property.

1035. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of PNNACLE.

1036. KOLTER AND HEATHROW are entitled to common law indemnification from PINNACLE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PINNACLE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 158**
**NEGLIGENCE**
**(PINNACLE PAVERS, LLC.)**

1037. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1038. At all times material to this action, PINNACLE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from PINNACLE obligations under its subcontract agreement.

1039. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, PINNACLE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1040. To the extent that the ASSOCIATION'S contentions are correct, PINNACLE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1041. As a direct and proximate result of PINNACLE's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PINNACLE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 159**
**BREACH OF CONTRACT**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

1042. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1043. PROFESSIONAL entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "42."**

1044. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1045. Pursuant to the terms and conditions of the subcontract agreement, PROFESSIONAL was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1046. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to PROFESSIONAL's scope of work. Said non-compliance is a breach of PROFESSIONAL's subcontract agreement with KOLTER.

UNOFFICIAL

1047. Pursuant to the terms and conditions of the subcontract agreement, PROFESSIONAL agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1048. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of PROFESSIONAL. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to PROFESSIONAL and its general liability insurer(s).

1049. PROFESSIONAL's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing PROFESSIONAL to have breached its subcontract agreement.

1050. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1051. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PROFESSIONAL for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 160**
**CONTRACTUAL INDEMNITY**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

1052. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1053. PROFESSIONAL entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**42**."

1054. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, PROFESSIONAL agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1055. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of PROFESSIONAL's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1056. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PROFESSIONAL. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 161**
**COMMON LAW INDEMNITY**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

1057. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1058. There exists a special relationship between KOLTER, HEATHROW and PROFESSIONAL, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of PROFESSIONAL. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1059. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of PROFESSIONAL in the performance of its work at the Subject Property.

1060. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of PROFESSIONAL.

1061. KOLTER AND HEATHROW are entitled to common law indemnification from PROFESSIONAL.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PROFESSIONAL for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 126**
**NEGLIGENCE**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

1062. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1063. At all times material to this action, PROFESSIONAL owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from PROFESSIONAL obligations under its subcontract agreement.

1064. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, PROFESSIONAL breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1065. To the extent that the ASSOCIATION'S contentions are correct, PROFESSIONAL's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

UNOFFICIAL

1066. As a direct and proximate result of PROFESSIONAL's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against PROFESSIONAL for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 162**
**BREACH OF CONTRACT**
**(R&W ENDEAVORS, INC)**

1067. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1068. R&W entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "43."**

1069. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1070. Pursuant to the terms and conditions of the subcontract agreement, R&W was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1071. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to R&W's scope of work. Said non-compliance is a breach of R&W's subcontract agreement with KOLTER.

UNOFFICIAL

1072. Pursuant to the terms and conditions of the subcontract agreement, R&W agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1073. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of R&W. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to R&W and its general liability insurer(s).

1074. R&W general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing R&W to have breached its subcontract agreement.

1075. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1076. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against R&W. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 163**
**CONTRACTUAL INDEMNITY**
**(R&W ENDEAVORS, INC.)**

1077. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1078. R&W entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**43**."

1079. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, R&W agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1080. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of R&W's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1081. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against R&W. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 164**
**COMMON LAW INDEMNITY**
**(R&W ENDEAVORS, INC.)**

1082. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1083. There exists a special relationship between KOLTER, HEATHROW and R&W, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of R&W. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1084. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of R&W in the performance of its work at the Subject Property.

1085. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of R&W.

1086. KOLTER AND HEATHROW are entitled to common law indemnification from R&W.

WHEREFORE, KOLTER AND HEATHROW demand judgment against R&W. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 165**
**NEGLIGENCE**
**(R&W ENDEAVORS, INC.)**

1087. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1088. At all times material to this action, R&W owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from R&W obligations under its subcontract agreement.

1089. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, R&W breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1090. To the extent that the ASSOCIATION'S contentions are correct, R&W's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1091. As a direct and proximate result of R&W's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against R&W's for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 166**
**BREACH OF CONTRACT**
**(REW LANDSCAPE CORP.)**

1092. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1093. REW entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "44."**

1094. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1095. Pursuant to the terms and conditions of the subcontract agreement, REW was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1096. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to REW's scope of work. Said non-compliance is a breach of REW's subcontract agreement with KOLTER.

1097. Pursuant to the terms and conditions of the subcontract agreement, REW agreed to

UNOFFICIAL

defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1098. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of REW. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to REW and its general liability insurer(s).

1099. REW's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing REW to have breached its subcontract agreement.

1100. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1101. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against REW. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 167**
**CONTRACTUAL INDEMNITY**
**(REW LANDSCAPING CORP.)**

1102. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1103. REW entered into a subcontract agreement with KOLTER to furnish labor and/or

UNOFFICIAL

materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**44**."

1104. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, REW agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1105. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of REW's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1106. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against REW. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 168**
**COMMON LAW INDEMNITY**
**(REW LANDSCAPING CORP.)**

1107. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1108. There exists a special relationship between KOLTER, HEATHROW and ITALIAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of

UNOFFICIAL

liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of REW. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1109. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of REW in the performance of its work at the Subject Property.

1110. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of REW.

1111. KOLTER AND HEATHROW are entitled to common law indemnification from REW.

WHEREFORE, KOLTER AND HEATHROW demand judgment against REW. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 169**
**NEGLIGENCE**
**(REW LANDSCAPING CORP.)**

1112. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1113. At all times material to this action, REW owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from REW obligations under its subcontract agreement.

1114. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, REW breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1115. To the extent that the ASSOCIATION'S contentions are correct, REW's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1116. As a direct and proximate result of REW's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against REW for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 170**
**BREACH OF CONTRACT**
**(RICHARD & RICE CONSTRUCTION COMPANY, INC.)**

1117. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1118. RICHARD & RICE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "45."**

1119. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1120. Pursuant to the terms and conditions of the subcontract agreement, RICHARD & RICE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1121. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to RICHARD & RICE's scope of work. Said non-compliance is a breach of RICHARD & RICE's subcontract agreement with KOLTER.

1122. Pursuant to the terms and conditions of the subcontract agreement, RICHARD & RICE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

1123. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of RICHARD & RICE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to RICHARD & RICE and its general liability insurer(s).

1124. RICHARD & RICE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing RICHARD & RICE to have breached its subcontract agreement.

1125. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1126. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RICHARD & RICE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 171**
**CONTRACTUAL INDEMNITY**
**(RICHARD & RICE CONSTRUCTION COMPANY, INC.)**

1127. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1128. RICHARD & RICE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached

UNOFFICIAL

herein as Exhibit "**45.**"

1129. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RICHARD & RICE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1130. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RICHARD & RICE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1131. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RICHARD & RICE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 172**
**COMMON LAW INDEMNITY**
**(RICAHRD & RICE CONSTRUCTION COMPANY, INC.)**

1132. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1133. There exists a special relationship between KOLTER, HEATHROW and RICHARD & RICE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on

UNOFFICIAL

the acts or omissions of RICHARD & RICE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1134. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RICHARD & RICE in the performance of its work at the Subject Property.

1135. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RICHARD & RICE.

1136. KOLTER AND HEATHROW are entitled to common law indemnification from RICHARD & RICE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RICHARD & RICE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 173**
**NEGLIGENCE**
**(RICHARD & RICE CONSTRUCTION COMPANY, INC.)**

1137. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1138. At all times material to this action, RICHARD & RICE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other

UNOFFICIAL

local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RICHARD & RICE obligations under its subcontract agreement.

1139. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RICHARD & RICE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1140. To the extent that the ASSOCIATION'S contentions are correct, RICHARD & RICE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1141. As a direct and proximate result of RICHARD & RICE's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RICHARD & RICE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 174**
**BREACH OF CONTRACT**
**(ROOF TILE SPECIALIST, LLC)**

1142. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1143. ROOF TILE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "46."**

1144. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1145. Pursuant to the terms and conditions of the subcontract agreement, ROOF TILE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1146. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to ROOF TILE's scope of work. Said non-compliance is a breach of ROOF TILE's subcontract agreement with KOLTER.

1147. Pursuant to the terms and conditions of the subcontract agreement, ROOF TILE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

1148. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of ROOF TILE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to ROOF TILE and its general liability insurer(s).

1149. ROOF TILE's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing ROOF TILE to have breached its subcontract agreement.

1150. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1151. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ROOF TILE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 175**
**CONTRACTUAL INDEMNITY**
**(ROOF TILE SPECIALIST, LLC)**

1152. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1153. ROOF TILE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit "46."

1154. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, ROOF TILE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1155. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of ROOF TILE's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1156. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ROOF TILE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 176**
**COMMON LAW INDEMNITY**
**(ROOF TILE SPECIALIST, LLC)**

1157. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1158. There exists a special relationship between KOLTER, HEATHROW and ROOF TILE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or

UNOFFICIAL

omissions of ROOF TILE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1159. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ROOF TILE in the performance of its work at the Subject Property.

1160. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of ROOF TILE.

1161. KOLTER AND HEATHROW are entitled to common law indemnification from ROOF TILE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ROOF TILE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 177**
**NEGLIGENCE**
**(ROOF TILE SPECIALISTS, LLC.)**

1162. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1163. At all times material to this action, ROOF TILE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from ROOF TILE obligations under its subcontract agreement.

1164. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, ROOF TILE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1165. To the extent that the ASSOCIATION'S contentions are correct, ROOF TILE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1166. As a direct and proximate result of ROOF TILE's negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against ROOF TILE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 178**
**BREACH OF CONTRACT**
**(RUBIO'S D PAINTING, INC.)**

1167. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1168. RUBIO'S D entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "47."**

1169. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1170. Pursuant to the terms and conditions of the subcontract agreement, RUBIO'S D was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1171. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to RUBIOS' scope of work. Said non-compliance is a breach of RUBIOS' subcontract agreement with KOLTER.

1172. Pursuant to the terms and conditions of the subcontract agreement, RUBIO'S D agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

1173. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of RUBIO'S D. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to RUBIO'S D and its general liability insurer(s).

1174. RUBIOS' general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing RUBIO'S D to have breached its subcontract agreement.

1175. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1176. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO'S D. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 180**
**CONTRACTUAL INDEMNITY**
**(RUBIO'S D PAINTING, INC.)**

1177. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1178. RUBIO'S D entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein

UNOFFICIAL

as Exhibit "**47**."

1179. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUBIO'S D agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1180. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RUBIOS' work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1181. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO'S D. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 181**
**COMMON LAW INDEMNITY**
**(RUBIO'S D PAINTING, INC.)**

1182. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1183. There exists a special relationship between KOLTER, HEATHROW and RUBIO'S D, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or

UNOFFICIAL

omissions of RUBIO'S D. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1184. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RUBIO'S D in the performance of its work at the Subject Property.

1185. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUBIO'S D.

1186. KOLTER AND HEATHROW are entitled to common law indemnification from RUBIO'S D.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO'S D. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 182**
**NEGLIGENCE**
**(RUBIO'S D PAINTING, INC.)**

1187. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1188. At all times material to this action, RUBIO'S D owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and

UNOFFICIAL

national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RUBIO'S D obligations under its subcontract agreement.

1189. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUBIO'S D breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1190. To the extent that the ASSOCIATION'S contentions are correct, RUBIOS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1191. As a direct and proximate result of RUBIOS' negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO'S D for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 183**
**BREACH OF CONTRACT**
**(RUBIO PROFESSIONAL PAINITNG, INC)**

1192. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1193. RUBIO entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "48."**

1194. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1195. Pursuant to the terms and conditions of the subcontract agreement, RUBIO was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1196. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to RUBIO'S D scope of work. Said non-compliance is a breach of RUBIO'S D subcontract agreement with KOLTER.

1197. Pursuant to the terms and conditions of the subcontract agreement, RUBIO agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

UNOFFICIAL

1198. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of RUBIO. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to RUBIO and its general liability insurer(s).

1199. RUBIO'S D general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing RUBIO to have breached its subcontract agreement.

1200. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1201. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 184**
**CONTRACTUAL INDEMNITY**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

1202. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1203. RUBIO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as

UNOFFICIAL

Exhibit "**48**."

1204. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUBIO agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1205. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RUBIO'S D work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1206. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 185**
**COMMON LAW INDEMNITY**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

1207. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1208. There exists a special relationship between KOLTER, HEATHROW and RUBIO, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions

UNOFFICIAL

of RUBIO. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1209. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RUBIO in the performance of its work at the Subject Property.

1210. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUBIO.

1211. KOLTER AND HEATHROW are entitled to common law indemnification from RUBIO.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 186**
**NEGLIGENCE**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

1212. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1213. At all times material to this action, RUBIO owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and

UNOFFICIAL

independent from RUBIO obligations under its subcontract agreement.

1214. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUBIO breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1215. To the extent that the ASSOCIATION'S contentions are correct, RUBIO'S D negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1216. As a direct and proximate result of RUBIO'S D negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUBIO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 187**
**BREACH OF CONTRACT**
**(RUSSO AND SONS, INC.)**

1217. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1218. RUSSO entered into a subcontract agreement with KOLTER to furnish labor

UNOFFICIAL

services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "49."**

1219. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1220. Pursuant to the terms and conditions of the subcontract agreement, RUSSO was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1221. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to RUSSO'S scope of work. Said non-compliance is a breach of RUSSO'S subcontract agreement with KOLTER.

1222. Pursuant to the terms and conditions of the subcontract agreement, RUSSO agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1223. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of RUSSO. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to RUSSO and its general liability insurer(s).

1224. RUSSO'S general liability insurer(s) denied that KOLTER AND HEATHROW

UNOFFICIAL

were named as additional insureds thereby causing RUSSO to have breached its subcontract agreement.

1225. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1226. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUSSO. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 188**
**CONTRACTUAL INDEMNITY**
**(RUSSO AND SONS, INC.)**

1227. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1228. RUSSO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**49**."

1229. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUSSO agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

UNOFFICIAL

1230. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RUSSO'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1231. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUSSO. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 189**
**COMMON LAW INDEMNITY**
**(RUSSO AND SONS, INC.)**

1232. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1233. There exists a special relationship between KOLTER, HEATHROW and ITALIAN, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of RUSSO. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1234. KOLTER AND HEATHROW are wholly without fault and the only source of

UNOFFICIAL

potential liability to them is vicarious or derivative as a result of the acts or omissions of RUSSO in the performance of its work at the Subject Property.

1235. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUSSO.

1236. KOLTER AND HEATHROW are entitled to common law indemnification from RUSSO.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUSSO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 190**
**NEGLIGENCE**
**(RUSSO AND SONS, INC.)**

1237. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1238. At all times material to this action, RUSSO owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RUSSO obligations under its subcontract agreement.

1239. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUSSO breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the

UNOFFICIAL

applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1240. To the extent that the ASSOCIATION'S contentions are correct, RUSSO'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1241. As a direct and proximate result of RUSSO'S negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against RUSSO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 191**
**BREACH OF CONTRACT**
**(SEMINOLE MASONRY, LLC)**

1242. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1243. SEMINOLE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "50."**

1244. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as

UNOFFICIAL

owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1245. Pursuant to the terms and conditions of the subcontract agreement, SEMINOLE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1246. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to SEMINOLE'S scope of work. Said non-compliance is a breach of SEMINOLE'S subcontract agreement with KOLTER.

1247. Pursuant to the terms and conditions of the subcontract agreement, SEMINOLE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1248. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of SEMINOLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to SEMINOLE and its general liability insurer(s).

1249. SEMINOLE'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing SEMINOLE to have breached its subcontract agreement.

1250. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

UNOFFICIAL

1251. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SEMINOLE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 192**
**CONTRACTUAL INDEMNITY**
**(SEMINOLE MASONRY, LLC)**

1252. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1253. SEMINOLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**50**."

1254. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, SEMINOLE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1255. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of SEMINOLE'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

1256. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SEMINOLE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 193**
**COMMON LAW INDEMNITY**
**(SEMINOLE MASONRY, LLC)**

UNOFFICIAL

1257. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1258. There exists a special relationship between KOLTER, HEATHROW and SEMINOLE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of SEMINOLE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1259. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SEMINOLE in the performance of its work at the Subject Property.

1260. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of

SEMINOLE.

1261. KOLTER AND HEATHROW are entitled to common law indemnification from SEMINOLE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SEMINOLE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 194**
**NEGLIGENCE**
**(SEMINOLE MASONRY, LLC)**

1262. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1263. At all times material to this action, SEMINOLE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from SEMINOLE obligations under its subcontract agreement.

1264. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, SEMINOLE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects

UNOFFICIAL

and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1265. To the extent that the ASSOCIATION'S contentions are correct, SEMINOLE'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1266. As a direct and proximate result of SEMINOLE'S negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SEMINOLE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 195**
**BREACH OF CONTRACT**
**(STOCK BUILDING SUPPLY, INC)**

1267. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1268. STOCK entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "51."**

1269. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1270. Pursuant to the terms and conditions of the subcontract agreement, STOCK was

UNOFFICIAL

obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1271. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to SEMINOLE'S scope of work. Said non-compliance is a breach of STOCK'S subcontract agreement with KOLTER.

1272. Pursuant to the terms and conditions of the subcontract agreement, STOCK agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1273. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of STOCK. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to STOCK and its general liability insurer(s).

1274. STOCK'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing STOCK to have breached its subcontract agreement.

1275. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1276. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing

UNOFFICIAL

this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STOCK. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 196**
**CONTRACTUAL INDEMNITY**
**(STOCK BUILDING SUPPLY, INC.)**

1277. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1278. STOCK entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**51**."

1279. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, STOCK agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1280. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of STOCK'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1281. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER AND HEATHROW demand judgment against STOCK'S. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 197**
**COMMON LAW INDEMNITY**
**(STOCK BUILDING SUPPLY, INC.)**

1282. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1283. There exists a special relationship between KOLTER, HEATHROW and STOCK, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of STOCK. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1284. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of STOCK in the performance of its work at the Subject Property.

1285. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of STOCK.

1286. KOLTER AND HEATHROW are entitled to common law indemnification from STOCK.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STOCK. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief

UNOFFICIAL

available at law, and further demands trial by jury on all issues so triable.

**COUNT 198**
**NEGLIGENCE**
**(STOCK BUILDING SUPPLY, INC.)**

1287. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1288. At all times material to this action, STOCK owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from STOCK obligations under its subcontract agreement.

1289. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, STOCK breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1290. To the extent that the ASSOCIATION'S contentions are correct, STOCK'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

UNOFFICIAL

1291. As a direct and proximate result of STOCK'S negligence, KOLTER AND HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STOCK for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 199**
**BREACH OF CONTRACT**
**(STONE AGE PAVERS, INC.)**

1292. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1293. STONE entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "52."**

1294. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1295. Pursuant to the terms and conditions of the subcontract agreement, STONE was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1296. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to STONE'S scope of work. Said non-compliance is a breach of STONE'S subcontract agreement with

UNOFFICIAL

KOLTER.

1297. Pursuant to the terms and conditions of the subcontract agreement, STONE agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1298. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of SEMINOLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to STONE and its general liability insurer(s).

1299. STONE'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing STONE to have breached its subcontract agreement.

1300. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1301. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STONE. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 200**
**CONTRACTUAL INDEMNITY**
**(STONE AGE PAVERS, INC.)**

1302. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1303. STONE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**52**."

1304. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, STONE agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1305. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of STONE'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1306. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STONE. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 201**
**COMMON LAW INDEMNITY**
**(STONE AGE PAVERS, INC.)**

1307. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1308. There exists a special relationship between KOLTER, HEATHROW and STONE, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of STONE. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1309. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of STONE in the performance of its work at the Subject Property.

1310. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of STONE.

1311. KOLTER AND HEATHROW are entitled to common law indemnification from STONE.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STONE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 202**
**NEGLIGENCE**
**(STONE AGE PAVERS, INC.)**

1312. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1313. At all times material to this action, STONE owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from STONE obligations under its subcontract agreement.

1314. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, STONE breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1315. To the extent that the ASSOCIATION'S contentions are correct, STONE'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1316. As a direct and proximate result of STONE'S negligence, KOLTER AND

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against STONE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 203**
**BREACH OF CONTRACT**
**(SUPERIOR SITE SERVICES, INC)**

1317. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1318. SUPERIOR entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "53."**

1319. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1320. Pursuant to the terms and conditions of the subcontract agreement, SUPERIOR was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1321. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to SUPERIOR'S scope of work. Said non-compliance is a breach of SUPERIOR'S subcontract agreement with KOLTER.

UNOFFICIAL

1322. Pursuant to the terms and conditions of the subcontract agreement, SUPERIOR agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1323. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of SUPERIOR. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to SEMINOLE and its general liability insurer(s).

1324. SUPERIOR'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing SUPERIOR to have breached its subcontract agreement.

1325. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1326. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SUPERIOR. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 204**
**CONTRACTUAL INDEMNITY**
**(SUPERIOR SITE SERVICES, INC.)**

1327. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1328. SUPERIOR entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**53**."

1329. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, SUPERIOR agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1330. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of SUPERIOR work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1331. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SUPERIOR. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 205**
**COMMON LAW INDEMNITY**
**(SUPERIOR SITE SERVICES, INC.)**

1332. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1333. There exists a special relationship between KOLTER, HEATHROW and SUPERIOR, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of SUPERIOR. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1334. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SUPERIOR in the performance of its work at the Subject Property.

1335. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of SUPERIOR.

1336. KOLTER AND HEATHROW are entitled to common law indemnification from SUPERIOR.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SUPERIOR. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 206**
**NEGLIGENCE**
**(SUPERIOR SITE SERVICES, INC.)**

1337. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1338. At all times material to this action, SUPERIOR owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from SUPERIOR obligations under its subcontract agreement.

1339. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, SUPERIOR breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1340. To the extent that the ASSOCIATION'S contentions are correct, SUPERIOR negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1341. As a direct and proximate result of SUPERIOR negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against SUPERIOR for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 207**
**BREACH OF CONTRACT**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

1342. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1343. TRADEWINDS entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "54."**

1344. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1345. Pursuant to the terms and conditions of the subcontract agreement, TRADEWINDS was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1346. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to TRADEWINDS' scope of work. Said non-compliance is a breach of TRADEWINDS' subcontract agreement with KOLTER.

UNOFFICIAL

1347. Pursuant to the terms and conditions of the subcontract agreement, TRADEWINDS agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1348. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of SEMINOLE. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to TRADEWINDS and its general liability insurer(s).

1349. TRADEWINDS' general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing TRADEWINDS to have breached its subcontract agreement.

1350. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1351. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRADEWINDS. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 208**
**CONTRACTUAL INDEMNITY**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

1352. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1353. TRADEWINDS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "54."

1354. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TRADEWINDS agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1355. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TRADEWINDS' work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1356. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRADEWINDS. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 209**
**COMMON LAW INDEMNITY**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

1357. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1358. There exists a special relationship between KOLTER, HEATHROW and TRADEWINDS, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of TRADEWINDS. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1359. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TRADEWINDS in the performance of its work at the Subject Property.

1360. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TRADEWINDS.

1361. KOLTER AND HEATHROW are entitled to common law indemnification from TRADEWINDS.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRADEWINDS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 210**
**NEGLIGENCE**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

1362. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1363. At all times material to this action, TRADEWINDS owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TRADEWINDS obligations under its subcontract agreement.

1364. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TRADEWINDS breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1365. To the extent that the ASSOCIATION'S contentions are correct, TRADEWINDS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1366. As a direct and proximate result of TRADEWINDS' negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRADEWINDS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 211**
**BREACH OF CONTRACT**
**(TRUSSWAY, LTD)**

1367. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1368. TRUSSWAY entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "55."**

1369. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1370. Pursuant to the terms and conditions of the subcontract agreement, TRUSSWAY was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1371. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to TRUSSWAY'S scope of work. Said non-compliance is a breach of TRUSSWAY'S subcontract agreement with KOLTER.

UNOFFICIAL

1372. Pursuant to the terms and conditions of the subcontract agreement, TRUSSWAY agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1373. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of TRUSSWAY. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to TRUSSWAY and its general liability insurer(s).

1374. TRUSSWAY'S general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing TRUSSWAY to have breached its subcontract agreement.

1375. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1376. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRUSSWAY. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 211**
**CONTRACTUAL INDEMNITY**
**(TRUSSWAY, LTD)**

1377. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1378. TRUSSWAY entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "55."

1379. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TRUSSWAY agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1380. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TRUSSWAY'S work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1381. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRUSSWAY. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 212**
**COMMON LAW INDEMNITY**
**(TRUSSWAY, LTD)**

1382. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1383. There exists a special relationship between KOLTER, HEATHROW and TRUSSWAY, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of TRUSSWAY. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1384. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TRUSSWAY in the performance of its work at the Subject Property.

1385. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TRUSSWAY.

1386. KOLTER AND HEATHROW are entitled to common law indemnification from TRUSSWAY.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRUSSWAY. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 213**
**NEGLIGENCE**
**(TRUSSWAY, LTD)**

1387. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1388. At all times material to this action, TRUSSWAY owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TRUSSWAY obligations under its subcontract agreement.

1389. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TRUSSWAY breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1390. To the extent that the ASSOCIATION'S contentions are correct, TRUSSWAY'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1391. As a direct and proximate result of TRUSSWAY'S negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TRUSSWAY for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 214**
**BREACH OF CONTRACT**
**(TYTON CONTRUCTION, INC.)**

1392. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1393. TYTON entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "56."**

1394. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1395. Pursuant to the terms and conditions of the subcontract agreement, TYTON was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1396. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to TYTON's scope of work. Said non-compliance is a breach of TYTON's subcontract agreement with KOLTER.

UNOFFICIAL

1397. Pursuant to the terms and conditions of the subcontract agreement, TYTON agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1398. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of TYTON. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to TYTON and its general liability insurer(s).

1399. TYTON's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing TYTON to have breached its subcontract agreement.

1400. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1401. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TYTON. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 215**
**CONTRACTUAL INDEMNITY**
**(TRUSSWAY, LTD)**

1402. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1403. TYTON entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**56**."

1404. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TYTON agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1405. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TYTON's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1406. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TYTON. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 216**
**COMMON LAW INDEMNITY**
**(TYTON CONSTRUCTION, INC.)**

1407. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1408. There exists a special relationship between KOLTER, HEATHROW and TYTON, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of TYTON. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1409. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TYTON in the performance of its work at the Subject Property.

1410. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TYTON.

1411. KOLTER AND HEATHROW are entitled to common law indemnification from TYTON.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TYTON. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 217**
**NEGLIGENCE**
**(TYTON CONSTRUCTION, INC.)**

1412. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1413. At all times material to this action, TYTON owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TYTON obligations under its subcontract agreement.

1414. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TYTON breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1415. To the extent that the ASSOCIATION'S contentions are correct, TYTON's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1416. As a direct and proximate result of TYTON's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against TYTON for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 218**
**BREACH OF CONTRACT**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

1417. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1418. UNITED entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "57."**

1419. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1420. Pursuant to the terms and conditions of the subcontract agreement, TRUSSWAY was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1421. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to UNITED's scope of work. Said non-compliance is a breach of UNITED's subcontract agreement with KOLTER.

UNOFFICIAL

1422. Pursuant to the terms and conditions of the subcontract agreement, UNITED agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1423. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of UNITED. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to UNITED and its general liability insurer(s).

1424. UNITED's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing UNITED to have breached its subcontract agreement.

1425. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1426. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against UNITED. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 219**
**CONTRACTUAL INDEMNITY**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

1427. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1428. UNITED entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**57**."

1429. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, UNITED agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1430. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of UNITED's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1431. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against UNITED. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 219**
**COMMON LAW INDEMNITY**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

1432. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1433. There exists a special relationship between KOLTER, HEATHROW and UNITED, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of UNITED. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1434. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of UNITED in the performance of its work at the Subject Property.

1435. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of UNITED.

1436. KOLTER AND HEATHROW are entitled to common law indemnification from UNITED.

WHEREFORE, KOLTER AND HEATHROW demand judgment against UNITED. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 220**
**NEGLIGENCE**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

1437. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1438. At all times material to this action, UNITED owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from UNITED obligations under its subcontract agreement.

1439. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, UNITED breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1440. To the extent that the ASSOCIATION'S contentions are correct, UNITED's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1441. As a direct and proximate result of UNITED's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against UNITED for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 221**
**BREACH OF CONTRACT**
**(WALKER BUILDING CORPORATION)**

1442. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1443. WALKER entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "58."**

1444. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1445. Pursuant to the terms and conditions of the subcontract agreement, WALKER was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1446. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to WALKER's scope of work. Said non-compliance is a breach of WALKER's subcontract agreement with KOLTER.

UNOFFICIAL

1447. Pursuant to the terms and conditions of the subcontract agreement, WALKER agreed to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1448. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of WALKER. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to WALKER and its general liability insurer(s).

1449. WALKER's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing WALKER to have breached its subcontract agreement.

1450. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1451. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against WALKER. for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 222**
**CONTRACTUAL INDEMNITY**
**(WALKER BUILDING CORPORATION)**

1452. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1453. WALKER entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**58**."

1454. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, WALKER agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1455. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of WALKER's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1456. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against WALKER. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 223**
**COMMON LAW INDEMNITY**
**(WALKER BUILDING CORPORATION)**

1457. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1458. There exists a special relationship between KOLTER, HEATHROW and WALKER, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of WALKER. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1459. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of WALKER in the performance of its work at the Subject Property.

1460. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of WALKER.

1461. KOLTER AND HEATHROW are entitled to common law indemnification from WALKER.

WHEREFORE, KOLTER AND HEATHROW demand judgment against WALKER. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 224**
**NEGLIGENCE**
**(WALKER BUILDING CORPORATION)**

1462. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1463. At all times material to this action, WALKER owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from WALKER obligations under its subcontract agreement.

1464. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, WALKER breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1465. To the extent that the ASSOCIATION'S contentions are correct, WALKER's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1466. As a direct and proximate result of WALKER's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against WALKER for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 225**
**BREACH OF CONTRACT**
**(YORK BRIDGE CONCEPTS, INC.)**

1467. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1468. YORK entered into a subcontract agreement with KOLTER to furnish labor services and/or materials at the Subject Property. A copy of said subcontract agreement is attached hereto as **Exhibit "59."**

1469. The subcontract agreement and the words and conduct of the parties evidence an intent that HEATHROW is a beneficiary under the subcontract agreement. HEATHROW, as owner, is referenced as a beneficiary throughout the subcontract agreement, and HEATHROW was required to be named as an additional insured under HEATHROW'S insurance policies.

1470. Pursuant to the terms and conditions of the subcontract agreement, YORK was obligated to perform all the work shown and described in the applicable contract documents in a good and workmanlike fashion and in a non-defective manner.

1471. The ASSOCIATION alleges that the construction of the Subject Property is not in compliance with the terms and conditions of the contract documents with respect to YORK's scope of work. Said non-compliance is a breach of YORK's subcontract agreement with KOLTER.

1472. Pursuant to the terms and conditions of the subcontract agreement, YORK agreed

UNOFFICIAL

to defend both KOLTER AND HEATHROW and to name KOLTER AND HEATHROW as additional insureds under its general liability insurance policies according to express coverage requirements.

1473. KOLTER AND HEATHROW have been sued and are defending against claims arising from and relating to the work of YORK. As a result, KOLTER AND HEATHROW tendered their defense and indemnity as additional insureds to TRUSSWAY and its general liability insurer(s).

1474. YORK's general liability insurer(s) denied that KOLTER AND HEATHROW were named as additional insureds thereby causing YORK to have breached its subcontract agreement.

1475. KOLTER AND HEATHROW have and will continue to suffer damages as a result of these breaches of contract.

1476. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and pursue the instant Third-Party Complaint and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against YORK for breach of contract to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 226**
**CONTRACTUAL INDEMNITY**
**(YORK BRIDGE CONCEPTS, INC.)**

1477. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1478. YORK entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as Exhibit "**59**."

1479. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, YORK agreed to defend, indemnify and hold harmless KOLTER AND HEATHROW from and against all damage and injury relating to or arising from its work at the Project.

1480. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of YORK's work at the Subject Property. Therefore, KOLTER AND HEATHROW are entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

1481. KOLTER AND HEATHROW have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER AND HEATHROW demand judgment against YORK. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 227**
**COMMON LAW INDEMNITY**
**(YORK BRIDGE CONCEPTS, INC.)**

1482. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1483. There exists a special relationship between KOLTER, HEATHROW and YORK, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of YORK. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1484. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SEMINOLE in the performance of its work at the Subject Property.

1485. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of YORK.

1486. KOLTER AND HEATHROW are entitled to common law indemnification from YORK.

WHEREFORE, KOLTER AND HEATHROW demand judgment against YORK. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 228**
**NEGLIGENCE**
**(YORK BRIDGE CONCEPTS, INC.)**

1487. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 129 as if set forth fully herein.

1488. At all times material to this action, YORK owed a duty to KOLTER AND HEATHROW, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from YORK obligations under its subcontract agreement.

1489. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, YORK breached its duty to KOLTER, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1490. To the extent that the ASSOCIATION'S contentions are correct, YORK's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER AND HEATHROW, the responsible developer and general contractor.

1491. As a direct and proximate result of YORK's negligence, KOLTER AND

UNOFFICIAL

HEATHROW have and will continue to suffer damages.

WHEREFORE, KOLTER AND HEATHROW demand judgment against YORK for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**DATED:** this 22nd day of February, 2021.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.A.**

By: */s/ Audrey D. Smith*

ROBERT A. CARLSON, ESQ.
Florida Bar No.: 68433
AUDREY D. SMITH, ESQ.
Florida Bar No. 117755
100 Biscayne Boulevard, Suite 605
Miami, Florida 33132
Telephone: (305) 377-2323
Facsimile: (305) 377-2320
rcarlson@carlsonfirm.com
asmith@carlsonfirm.com

***Attorneys for KOLTER SIGNATURE HOMES, LLC, JOHN CSAPO, AND HEATHROW OAKS, LLC***

UNOFFICIAL

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record on the attached Service List by electronic mail through the Florida Court's e-Filing Portal on this 22nd day of February, 2021, and electronically filed the foregoing with the Clerk of Seminole County by using the Florida Courts e-Filing Portal.

By: *_/s/Audrey D. Smith_*
THE CARLSON LAW FIRM P.A.

## SERVICE LIST

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Grande Oaks at Heathrow Association, Inc.<br>Plaintiff | **Phillip E. Joseph, Esq.**<br>**Evan J. Small, Esq.**<br>**Brett J. Roth, Esq.**<br>**Allana D.E. Smith, Esq.**<br>Ball Janik<br>201 E Pine Street, Suite 600<br>Orlando, FL 32801 | pjoseph@balljanik.com<br>esmall@balljanik.com<br>broth@balljanik.com<br>asmith@balljanik.com<br>varchie@balljanik.com<br>pehlert@balljanik.com<br>cbetancourt@balljanik.com<br>orlandodocket@balljanik.com |
| Solar-Tite, Inc. | **Thamir A.R. Kaddouri, Jr., Esq.**<br>**Penelope T. Rowlett, Esq.**<br>**Sean M. Leroux, Esq.**<br>Law Office of Thamir A.R. Kaddouri, Jr.<br>3220 West Cypress Street<br>Tampa, FL 33607 | Thamir.kaddouri@tampalaw.org<br>Sean.leroux@tampalaw.org<br>Penelope.rowlett@tampalaw.org<br>service@tampalaw.org |
| American Outdoor Living, Inc. | **Beth-Ann Schulman, Esq.**<br>**Matthew F. Miliano, Esq.**<br>Boyd & Jenerette<br>800 N. Magnolia Avenue, Suite 430<br>Orlando, FL 32803 | bschulman@boydjen.com<br>mmiliano@boydjen.com<br>kmccabe@boydjen.com |
| Cedrus, Inc.<br>d/b/a American Stairs & Millworks | **Timothy R. Moorhead, Esq.**<br>**Richard L. Russo, Esq.**<br>Wright, Fulford, Moorhead & Brown, PA<br>505 Maitland Avenue, Suite 1000<br>Altamonte Springs, FL 32701 | tmoorehead@wfmblaw.com<br>lc-arrington@wfmblaw.com<br>rrusso@wfmblaw.com<br>lwilliams@wfmblaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Builders Firstsource-Florida, LLC | **Gerard A. Tuzzio, Esq.**<br>**Jason B. Vrbensky, Esq.**<br>Roberts, Reynolds, Bedard & Tuzzio<br>7501 Wiles Road, Suite 201<br>Coral Springs, FL 33067 | Service_gat@rrbpa.com<br>gtuzzio@rrbpa.com<br>jvrbensky@rrbpa.com<br>lmontesion@rrbpa.com |
| United Contractors Building Corporation | **Derek J. Angell, Esq.**<br>**Brandon A. Montville, Esq.**<br>Bell & Roper, PA<br>2707 E Jefferson Street<br>Orlando, FL 32803 | dangell@bellroperlaw.com<br>bmontville@bellroperlaw.com<br>ndeeb@bellroperlaw.com |
| Italian Terrazzo and Tile Co. of Brevard, LLC | **Robert H. De Flesco, III, Esq.**<br>**Jana M. Fried, Esq.**<br>Cole, Scott & Kissane<br>600 North Pine Island Road, Suite 500<br>Plantation, FL 33324 | Robert.deflesco@csklegal.com<br>Jana.fried@csklegal.com<br>joeicy.fanjul@csklegal.com<br>bibi.sattaur@csklegal.com<br>construction.miami@csklegal.com |
| Clear Engineering, LLC | **Eddie Baird, Esq.**<br>**Travis Fulford, Esq.**<br>Baird Law, PLLC<br>1104 Solana Avenue<br>Winter Park, FL 32789 | eddie@baird.law<br>travis@baird.law |
| Grusenmeyer – Scott & Associates, Inc. | **Kimberly A. Ashby, Esq.**<br>Foley & Lardner<br>111 North Orange Avenue, Suite 1800<br>Orlando, FL 38201 | kashby@foley.com<br>dburgos@foley.com<br>sscott@foley.com |
| Gulf Western Roofing & Sheet Metal, Inc.;<br><br>Gulf Western Roofing & Sheet Metal, LLC | **Mark S. Mucci, Esq.**<br>**Robert P. Gaines, Esq.**<br>Benson, Mucci & Weiss<br>5561 North University Drive, Suite 102<br>Coral Springs, FL 33067 | mark@bmwlawyers.net<br>robert@bmwlawyers.net<br>lcfox@bmwlawyers.net |
| All Pro Door & Window Installation, LLC | **Amanda J. McDermott, Esq.**<br>Rywant, Alvarez, Jones, Russo & Guyton<br>302 Knights Run Avenue, Suite 1000<br>Tampa, FL 33602 | amcdermott@rywantalvarez.com<br>service@rywantalvarez.com<br>ssmith@rywantalvarez.com |
| Ardaman & Associates, Inc. | **Curtis L. Brown, Esq.**<br>**Muriel Whitehead, Esq.**<br>Wright, Fulford, Moorhead & Brown<br>505 Maitland Avenue, Suite 1000<br>Altamonte Springs, FL 32701 | cbrown@wfmblaw.com<br>mwhitehead@wfmblaw.com<br>khartin@wfmblaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| R & W Endeavors, Inc. | **Sarah L. Metz, Esq.**<br>**Frank S. Ganz, Esq.**<br>**Jennifer G. Gillikin, Esq.**<br>Smith, Bigman & Brock<br>P.O. Box 15200<br>Daytona Beach, FL 15200 | smetz@daytonalaw.com<br>fganz@daytonalaw.com<br>jgillikin@daytonalaw.com<br>eservice@daytonalaw.com |
| Tradewinds Group of Central FL, Inc. d/b/a GB Painting | **Beth-Ann Schulman, Esq.**<br>**Matthew F. Miliano, Esq.**<br>Boyd & Jenerette<br>800 N. Magnolia Avenue, Suite 430<br>Orlando, FL 32803 | bschulman@boydjen.com<br>mmiliano@boydjen.com<br>kmccabe@boydjen.com |
| Architectural Studio, Inc.;<br><br>Scott Blakeslee Disher | **Jose B. Rodriguez, Esq.**<br>**James S. Helf, Esq.**<br>**Dwon A. Huggins, Esq.**<br>Daniels, Rodriguez, Berkley, Daniels & Cruz<br>490 Sawgrass Corporate Parkway<br>Suite 320<br>Ft. Lauderdale, FL 33325 | jrodriguez@drbdc-law.com<br>jhelf@drbdc-law.com<br>dhuggins@drbdc-law.com<br>ddames@drbdc-law.com<br>service-jbr@drbdc-law.com<br>service-jsh@drbdc-law.com |

UNOFFICIAL