# EXHIBIT "D"

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

GRANDE OAKS AT HEATHROW ASSOCIATION, INC., a Florida Not-For-Profit Corporation,

Plaintiff,

vs.

KOLTER SIGNATURE HOMES et al.

Defendants.

Case No.: 2020-CA-003188

Consolidated with Case No.: 2022-CA-000542

---

ALL RELATED MATTERS
______________________________________/

**DEFENDANT, THE KOLTER GROUP, LLC'S CROSSCLAIM**

COMES NOW, Defendant, THE KOLTER GROUP, LLC ("KOLTER GROUP"), by and through their undersigned counsel, pursuant to the Florida Rules of Civil Procedure, and hereby file this, their Crossclaim against Cross-Defendants, AFI CONSTRUCTION, INC.; AMERICAN OUTDOOR LIVING, INC.; ARCHITECTURAL STUDIO, INC.; ASE ENGINEERING SERVICES, INC.; BARFIELD FENCE AND FABRICATION, INC. f/k/a BARFIELD FENCE & WALL, INC.; BUILDERS FIRSTSOURCE - FLORIDA, LLC; CLEAR ENGINEERING, LLC; CIRCLE L ROOFING, INC.; CIRCLE L ROOFING, LLC; COLLAZO PAINTING, INC.; COLEMAN FLOOR COMPANY; COLLIS ROOFING, INC.; CONSTRUCTION SERVICES & CONSULTANTS, INC. a/k/a GOLDMARK HOLDINGS, INC.; CONQUEST SERVICES, INC.; CUNNINGHAM ELECTRIC, INC.; DA PAU ENTERPRISES II, INC.; EAST COAST TRUSSES, LLC f/k/a MARTINEZ BUILDERS SUPPLY, LLC; F & B STUCCO ASSOCIATES, INC.; G & L EXTERIORS, INC.; G.B. PAINTING, INC.; G.H.B. CONTRACTORS, INC.; GULF WESTERN ROOFING & SHEET METAL, LLC; HALL BROTHERS ROOFING, INC.; INNOVATIVE OUTDOORS, INC.; ITALIAN TERRAZZO AND TILE CO. OF BREVARD,

UNOFFICIAL

L.L.C.; JADE HOME DÉCOR, INC.; JANUS BUILDING COMPANY, LLC d/b/a JANUS BUILDING COMPANY OF FLORIDA; JMHC, INC.; JOHN KEENAN PAINTING, LLC; JUST FLOORS, INC; KIMLEY-HORN AND ASSOCIATES, INC.; MINSHENG XIE; OLDCASTLE PRECAST, INC. n/k/a OLDCASTLE INFRASTRUCTURE, INC.; OMNI AWNINGS, INC.; PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.; PROFESSIONAL SUNSHINE ROOFING, INC.; R & W ENDEAVORS, INC.; REW LANDSCAPE CORP.; RICHARD & RICE CONSTRUCTION COMPANY, INC.; ROOF TILE SPECIALISTS, LLC; RUBIO'S D PAINTING, INC.; RUBIO PROFESSIONAL PAINTING, INC.; RUSSO AND SONS, INC. n/k/a M&MR OPERATIONS, INC.; SCOTT BLAKESLEE DISHER; SEMINOLE MASONRY, LLC; SOLAR-TITE, INC.; STOCK BUILDING SUPPLY, INC.; STONE AGE PAVERS, INC.; SUPERIOR SITE SERVICES, INC.; TRADEWINDS GROUP OF CENTRAL FL, INC. d/b/a GB PAINTING; TRUSSWAY, LTD.; TYTON CONSTRUCTION, INC.; UNITED CONTRACTORS BUILDING CORPORATION; WALKER BUILDING CORPORATION; and YORK BRIDGE CONCEPTS, INC.; COLLAZO CONSTRUCTION CORP and DURATEK PRECAST TECHNOLOGIES, INC. and allege the following:

UNOFFICIAL

## GENERAL ALLEGATIONS

1. An action was brought by the Plaintiff, GRANDE OAKS AT HEATHROW ASSOCIATION, INC. ("ASSOCIATION"). By referencing the applicable Complaint and/or bringing this Crossclaim, KOLTER GROUP does not admit or deny the allegations of the ASSOCIATION'S Complaint.

2. The ASSOCIATION'S Complaint alleges damages in excess of Thirty Thousand Dollars, exclusive of interest, costs and attorneys' fees.

3. Venue is proper in Seminole County, Florida because that is where the causes of action alleged in the ASSOCIATION'S Complaint arise and it is where the ASSOCIATION'S Complaint is currently venued.

4. The subject of the ASSOCIATION'S Complaint consists of 52 two and three-story residential buildings containing 314 units and associated common areas, including roadways, sidewalks, fencing, a bridge, and a pond (hereinafter "Subject Property" or "Project").

5. The theories of liability pled by the ASSOCIATION against KOLTER GROUP including (1) deceptive and unfair trade practices; (2) violation of FL building code; and (3) negligence and vicarious liability.

6. The specific defects allegations are contained in Paragraph 36 of Plaintiff's Complaint are incorporated herein by reference. By referencing and incorporating these allegations KOLTER GROUP does not admit the sufficiency of the same. By way of general reference, these allegations include, but are not limited to: stucco and finishes; framing; electrical system; windows; painting; roofing; fire protection; balcony; paver and stone work; pool; sitework; community pond; and pedestrian bridge.

**PARTIES**

7. The ASSOCIATION is a Florida not-for-profit corporation, which is responsible for the operation of the Grande Oaks at Heathrow community.

8. HEATHROW OAKS, LLC, ("HEATHROW" or "DEVELOPER") is a Delaware limited liability company authorized to do business in Florida,

9. HEATHROW was at all times material hereto the owner and developer of the Subject Property.

UNOFFICIAL

10. KOLTER GROUP is a Florida limited liability company with its principal place of business located Delray Beach, Florida and served as the general contractor of record to the Subject Property.

11. KOLTER GROUP was at all times material hereto NOT the General Contractor for the Subject Property, NOT the developer for the Subject Property and NOT involved from a corporate perspective in the development and/or construction of the Subject Property.

12. KOLTER SIGNATURE HOMES, LLC, and not KOLTER GROUP entered into subcontract agreements with various trade contractors to perform the actual construction of the Subject Property, including the specific portions of the Project that the ASSOCIATION alleges is defective. All contractual agreements that could be located have been attached to KOLTER SIGNATURE HOMES, LLC's pleadings.

13. Cross-Defendant, ARCHITECTURAL STUDIO, INC. ("ARCHITECTURAL STUDIO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

14. ARCHITECTURAL STUDIO served as the architect of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. ARCHITECTURAL STUDIO's contract is attached hereto and incorporated herein as **EXHIBIT 1.**

15. Cross-Defendant, ASE ENGINEERING SERVICES, INC. ("ASE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

16. ASE served as the engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and

UNOFFICIAL

approving the Subject Property' design and construction. ASE's contract is attached hereto and incorporated herein as **EXHIBIT 2.**

17. Cross-Defendant, CLEAR ENGINEERING, INC. ("CLEAR") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

18. CLEAR served as the engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. CLEAR's contract is attached hereto and incorporated herein as **EXHIBIT 3.**

19. Cross-Defendant, KIMLEY-HORN AND ASSOCIATES, INC. ("KIMLEY") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

20. KIMLEY served as the civil engineer of the Subject Property, provided professional engineering services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. While Kolter is in the process of ascertaining the whereabouts of KIMLEY's contract, upon information and belief, KIMLEY's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 4.**

21. Cross-Defendant, MINSHENG XIE ("MR. XIE") is a Florida licensed engineer which was conducting business in Seminole County, FL.

22. MR. XIE served as the engineer of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. MR. XIE's scope of work is described more thoroughly in the ASE contract which is attached hereto and incorporated herein as **EXHIBIT 5.**

UNOFFICIAL

23. Cross-Defendant, SCOTT BLAKESLEE DISHER. ("MR. DISHER") is a Florida licensed architect on behalf of ARCHITECTURAL STUDIO which was conducting business in Seminole County, FL.

24. MR. DISHER served as the architect of the Subject Property, provided professional architectural services for the Subject Property, and was responsible for designing, inspecting, and approving the Subject Property' design and construction. MR. DISHER's contract is attached hereto and incorporated herein as **EXHIBIT 6.**

25. Cross-Defendant, AFI CONSTRUCTION, INC. ("AFI") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

26. AFI furnished labor, services and/or materials relating to the furnishing and installing of stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of AFI's contract, upon information and belief, AFI's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 7.**

27. Cross-Defendant, AMERICAN OUTDOOR LIVING, INC. ("AMERICAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

28. AMERICAN furnished labor, services and/or materials relating to the furnishing and installing of pavers at the Subject Property. AMERICAN's contract is attached hereto and incorporated herein as **EXHIBIT 8.**

29. Cross-Defendant, BARFIELD FENCE AND CONSTRUCTION INC. ("BARFIELD") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

30. BARFIELD furnished labor, services and/or materials relating to the furnishing and installing balcony railings at the Subject Property. While Kolter is in the process of ascertaining

UNOFFICIAL

the whereabouts of BARFIELD's contract, upon information and belief, BARFIELD's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 9.**

31. Cross-Defendant, BUILDERS FIRSTSOURCE - FLORIDA, LLC ("BUILDERS") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

32. BUILDERS furnished labor, services and/or materials relating to the furnishing and installing of interior trim and exterior doors at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of BUILDERS' contract, upon information and belief, BUILDERS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 10.**

33. Cross-Defendant, CIRCLE L ROOFING, INC. ("CIRCLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

34. CIRCLE furnished labor, services and/or materials relating to the furnishings and installing roof systems at the Subject Property. CIRCLE's contract is attached hereto and incorporated herein as **EXHIBIT 11.**

35. Cross-Defendant, CIRCLE L ROOFING, LLC ("CIRCLE LLC") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

36. CIRCLE LLC furnished labor, services and/or materials relating to the furnishings and installing stucco at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CIRCLE LLC's contract, upon information and belief, CIRCLE LLC's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 12.**

37. Cross-Defendant, COLLAZO PAINTING, INC. ("COLLAZO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

38. COLLAZO furnished labor, services and/or materials relating to the furnishing and installing exterior paint and sealant at the Subject Property. COLLAZO's contract is attached hereto and incorporated herein as **EXHIBIT 13.**

39. Cross-Defendant, COLEMAN FLOOR COMPANY ("COLEMAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

40. COLEMAN furnished labor, services and/or materials relating to the furnishing and installing of wall tile, flooring, and balcony decking at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of COLEMAN's contract, upon information and belief, COLEMAN's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 14.**

41. Cross-Defendant, COLLIS ROOFING, INC. ("COLLIS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

42. COLLIS furnished labor, services and/or materials relating to furnishing and installing roof systems at the Subject Property. COLLIS' contract is attached hereto and incorporated herein as **EXHIBIT 15.**

43. Cross-Defendant, CONSTRUCTION SERVICES & CONSULTANTS, INC. ("CSCI") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

44. CSCI furnished labor, services and/or materials relating to furnishing and installing framing and zip wall sheathing, taping, and flashings at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CSCI's contract, upon information and belief, CSCI's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 16.**

UNOFFICIAL

45. Cross-Defendant, CONQUEST SERVICES, INC. ("CONQUEST") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

46. CONQUEST furnished labor, services and/or materials relating to furnishing and installing balcony decking, balcony waterproofing and flashing, wall tile, and floor coverings at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CONQUEST's contract, upon information and belief, CONQUEST's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 17.**

47. Cross-Defendant, CUNNINGHAM ELECTRICAL, INC. ("CUNNINGHAM") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

48. CUNNINGHAM furnished labor, services and/or materials relating to providing and/or installing electrical components and penetrations at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of CUNNINGHAM's contract, upon information and belief, CUNNINGHAM's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 18.**

49. Cross-Defendant, DA PAU ENTERPRISES II, INC. ("DA PAU.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

50. DA PAU furnished labor, services and/or materials relating to furnishing and installing building wrap and flashing at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of DA PAU's contract, upon information and belief, DA PAU's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 19.**

UNOFFICIAL

51. Cross-Defendant, EAST COAST TRUSSES, LLC. ("EAST") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

52. EAST furnished labor, services and/or materials relating to the furnishing and supply of trusses at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of EAST's contract, upon information and belief, EAST's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 20.**

53. Cross-Defendant, F & B STUCCO ASSOCIATES, INC. ("F & B") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

54. F & B furnished labor, services and/or materials relating to furnishing and installing stucco at the Subject Property. F & B's contract is attached hereto and incorporated herein as **EXHIBIT 21.**

55. Cross-Defendant, G&L EXTERIORS, INC. ("G&L") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

56. G&L furnished labor, services and/or materials relating to the furnishing and installing stucco at the Subject Property. G&L's contract is attached hereto and incorporated herein as **EXHIBIT 22.**

57. Cross-Defendant, G.B. PAINTING, INC. ("G&B") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

58. G.B. furnished labor, services and/or materials relating to furnishing and installing paint and sealants at the Subject Property. G.B.'s contract is attached hereto and incorporated herein as **EXHIBIT 23.**

59. Cross-Defendant, G.H.B. CONTRACTORS, INC. ("G.H.B.") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

60. G.H.B. furnished labor, services and/or materials relating to furnishing and installing gutters and screen enclosures at the Subject Property. G.H.B.'s contract is attached hereto and incorporated herein as **EXHIBIT 24.**

61. Cross-Defendant, GULF WESTERN ROOFING & SHEET METAL, LLC ("GULF LLC") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

62. GULF LLC furnished labor, services and/or materials relating to the furnishing and installing of roofing and balcony waterproofing systems at the Subject Property. GULF LLC's contract is attached hereto and incorporated herein as **EXHIBIT 25.**

63. Cross-Defendant, HALL BROTHERS ROOFING, INC. ("HALL") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

64. HALL furnished labor, services and/or materials relating to furnishing and installing roofing systems at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of HALL's contract, upon information and belief, HALL's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 26.**

65. Cross-Defendant, INNOVATIVE OUTDOORS, INC. ("INNOVATIVE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

66. INNOVATIVE furnished labor, services and/or materials relating to providing sitework, concrete pavers, and grading services for drainage at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of INNOVATIVE's contract, upon information and belief, INNOVATIVE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 27.**

UNOFFICIAL

67. Cross-Defendant, ITALIAN TERRAZZO AND TILE CO. OF BREVARD, LLC ("ITALIAN") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

68. ITALIAN furnished labor, services and/or materials relating to the furnishings and installing of flooring at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of ITALIAN's contract, upon information and belief, ITALIAN's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 28.**

69. Cross-Defendant, JADE HOME DÉCOR, INC. ("JADE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

70. JADE furnished labor, services and/or materials relating to furnishing and installing exterior paint and sealants at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JADE's contract, upon information and belief, JADE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 29.**

71. Cross-Defendant, JANUS BUILDING COMPANY, LLC ("JANUS") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

72. JANUS furnished labor, services and/or materials relating to furnishing and installing balcony railings, retaining walls, and fencing at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JANUS' contract, upon information and belief, JANUS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 30.**

73. Cross-Defendant, JMHC, INC. ("JMHC") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

74. JMHC furnished labor, services and/or materials relating to providing sitework service related to the community drainage and pond at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of JMHC's contract, upon information and belief, JMHC's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 31.**

75. Cross-Defendant, JOHN KEENAN PAINTING, LLC ("JK PAINTING") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

76. JK PAINTING furnished labor, services and/or materials relating to furnishing and installing exterior paint and sealant at the Subject Property. JK PAINTING's contract is attached hereto and incorporated herein as **EXHIBIT 32.**

77. Cross-Defendant, JUST FLOORS, INC. ("JUST FLOORS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

78. JUST FLOORS furnished labor, services and/or materials relating to furnishing and installing balcony decking, balcony waterproofing systems, and wall tile and floor coverings at the Subject Property. JUST FLOORS's contract is attached hereto and incorporated herein as **EXHIBIT 33.**

79. Cross-Defendant, OLDCASTLE PRECAST, INC. ("OLDCASTLE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

80. OLDCASTLE furnished labor, services and/or materials relating to the furnishing and installing of perimeter community wall at the Subject Property. OLDCASTLE's contract is attached hereto and incorporated herein as **EXHIBIT 34.**

81. Cross-Defendant, OMNI AWNINGS, INC. ("OMNI") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

82. OMNI furnished labor, services and/or materials relating to furnishing and installing exterior penetrations in stucco, including, awnings at the Subject Property. OMNI's contract is attached hereto and incorporated herein as **EXHIBIT 35.**

83. Cross-Defendant, PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC. ("PETERSENDEAN") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

84. PETERSENDEAN furnished labor, services and/or materials relating to furnishing and installing roofing systems and balconies at the Subject Property. PETERSENDEAN's contract is attached hereto and incorporated herein as **EXHIBIT 36.**

85. Cross-Defendant, PROFESSIONAL SUNSHINE ROOFING, INC. ("PROFESSIONAL") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

86. PROFESSIONAL furnished labor, services and/or materials relating to furnishing and installing roofing and balcony waterproofing systems at the Subject Property. PROFESSIONAL's contract is attached hereto and incorporated herein as **EXHIBIT 37.**

87. Cross-Defendant, R&W ENDEAVORS, INC. ("R&W") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

88. R&W furnished labor, services and/or materials relating to the furnishing and installing of pavers at the Subject Property. R&W's contract is attached hereto and incorporated herein as **EXHIBIT 38.**

89. Cross-Defendant, REW LANDSCAPE CORP. ("REW") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

90. REW furnished labor, services and/or materials relating to installing drainage and irrigation systems at the Subject Property. REW's contract is attached hereto and incorporated herein as **EXHIBIT 39.**

91. Cross-Defendant, RICHARD & RICE CONSTRUCTION COMPANY, INC. ("RICHARD") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

92. RICHARD & RICE furnished labor, services and/or materials relating to furnishing and installing framing, zip sheathing systems, concrete foundations, and concrete block walls at the Subject Property. RICHARD & RICE's contract is attached hereto and incorporated herein as **EXHIBIT 40.**

93. Cross-Defendant, ROOF TILE SPECIALISTS, LLC ("ROOF TILE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

94. ROOF TILE furnished labor, services and/or materials relating to furnishing and installing roof systems at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of ROOF TILE's contract, upon information and belief, ROOF TILE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 41.**

95. Cross-Defendant, RUBIO'S D PAINITNG, INC. ("RUBIO'S D") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

96. RUBIO'S D furnished labor, services and/or materials relating to furnishing and installing exterior paint and sealants at the Subject Property. RUBIO'S D's contract is attached hereto and incorporated herein as **EXHIBIT 42.**

97. Cross-Defendant, RUBIO PROFESSIONAL PAINTING, INC. ("RUBIO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

UNOFFICIAL

98. RUBIO furnished labor, services and/or materials relating to furnishing and installing exterior paint and sealants at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of RUBIO's contract, upon information and belief, RUBIO's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 43.**

99. Cross-Defendant, RUSSO AND SONS, INC. n/k/a M&MR OPERATIONS, INC. ("RUSSO") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

100. RUSSO furnished labor, services and/or materials relating to the grading services for drainage at the Subject Property. RUSSO's contract is attached hereto and incorporated herein as **EXHIBIT 44.**

101. Cross-Defendant, SEMINOLE MASONRY, LLC. ("SEMINOLE") is a Florida Limited Liability Company which was conducting business in Seminole County, FL.

102. SEMINOLE furnished labor, services and/or materials relating to the installation perimeter at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of SEMINOLE's contract, upon information and belief, SEMINOLE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 45.**

103. Cross-Defendant, SOLAR-TITE, INC. ("SOLAR-TITE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

104. SOLAR-TITE furnished labor, services and/or materials relating to the exterior windows and doors at the Subject Property. SOLAR-TITE's contract is attached hereto and incorporated herein as **EXHIBIT 46.**

UNOFFICIAL

105. Cross-Defendant, STOCK BUILDING SUPPLY, INC. ("STOCK") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

106. STOCK furnished labor, services and/or materials relating to the exterior windows and doors at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of STOCK's contract, upon information and belief, STOCK's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 47.**

107. Cross-Defendant, STONE AGE PAVERS, INC. ("STONE") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

108. STONE furnished labor, services and/or materials relating to furnishing and installing pavers at the Subject Property. While Kolter is in the process of ascertaining the whereabouts of STONE's contract, upon information and belief, STONE's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 48.**

109. Cross-Defendant, SUPERIOR SITE SERVICES, INC. ("SUPERIOR") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

110. SUPERIOR furnished labor, services and/or materials relating to providing and/or installing grading services for drainage at the Subject Property. SUPERIOR's contract is attached hereto and incorporated herein as **EXHIBIT 49.**

111. Cross-Defendant, TRADEWINDS GROUP OF CENTRAL FL. INC. d/b/a ("TRADEWINDS") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

112. TRADEWINDS furnished labor, services and/or materials relating to furnishing and installing paint and sealants at the Subject Property. While Kolter is in the process of

UNOFFICIAL

ascertaining the whereabouts of TRADEWINDS' contract, upon information and belief, TRADEWINDS' work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 50.**

113. Cross-Defendant, TRUSSWAY, LTD ("TRUSSWAY") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

114. TRUSSWAY furnished labor, services and/or materials relating to the supply of trusses, including for balconies at the Subject Property. TRUSSWAY's contract is attached hereto and incorporated herein as **EXHIBIT 51.**

115. Cross-Defendant, TYTON CONSTRUCTION, INC. ("TYTON") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

116. TYTON furnished labor, services and/or materials relating to providing grading services for damages at the Subject Property. TYTON's contract is attached hereto and incorporated herein as **EXHIBIT 52.**

117. Cross-Defendant, UNITED CONTRACTORS BUILDING CORPORATION ("UNITED") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

118. UNITED furnished labor, services and/or materials relating to providing grading services for drainage at the Subject Property. UNITED's contract is attached hereto and incorporated herein as **EXHIBIT 53.**

119. Cross-Defendant, WALKER BUILDING CORPORATION ("WALKER") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

120. WALKER furnished labor, services and/or materials relating to furnishing and installing fencing and balcony railings at the Subject Property. WALKER's contract is attached hereto and incorporated herein as **EXHIBIT 54.**

UNOFFICIAL

121. Cross-Defendant, YORK BRIDGE CONCEPTS, INC. ("YORK") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

122. YORK furnished labor, services and/or materials relating to furnishing and installing the pedestrian bridge at the community pool at the Subject Property. YORK's contract is attached hereto and incorporated herein as **EXHIBIT 55.**

123. COLLAZO CONSTRUCTION CORP ("COLLAZO CORP") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

124. COLLAZO CORP furnished labor, services and/or materials relating to the furnishing and installing exterior paint and sealant at the Subject Property. COLLAZO CORP's contract is attached hereto and incorporated herein as **EXHIBIT 56.**

125. DURATEK PRECAST TECHNOLOGIES, INC. ("DURATEK") is a Florida for Profit Corporation which was conducting business in Seminole County, FL.

126. DURATEK furnished labor, services and/or materials relating to exterior walls at the Subject Property. While KOLTER GROUP is in the process of ascertaining the whereabouts of DURATEK's contract, upon information and belief, DURTEK's work was performed under contract and an exemplary contract containing substantially similar contract language is attached hereto and incorporated herein as **EXHIBIT 57.**

UNOFFICIAL

## DESIGN ENGINEERS

### COUNT 1
### PROFESSIONAL NEGLIGENCE
### (ARCHITECTURAL STUDIO, INC.)

127. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

128. At all times relevant to this matter, ARCHITECTURAL STUDIO, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

129. ARCHITECTURAL STUDIO was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

130. To the extent that the ASSOCIATION's contentions are correct, ARCHITECTURAL STUDIO negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

131. To the extent that the ASSOCIATION's contentions are correct, ARCHITECTURAL STUDIO breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

132. To the extent that the ASSOCIATION is correct, as a direct and proximate result of ARCHITECTURAL STUDIO breaches, KOLTER GROUP have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from

UNOFFICIAL

and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against ARCHITECTURAL STUDIO for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 2**
**COMMON LAW INDEMNITY**
**(ARCHITECTURAL STUDIO, INC.)**

133. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

134. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and ARCHITECTURAL STUDIO which, KOLTER GROUP, KOLTER, and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ARCHITECTURAL STUDIO. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ARCHITECTURAL STUDIO and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

135. KOLTER GROUP are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ARCHITECTURAL STUDIO in the performance of its work at the Subject Property.

UNOFFICIAL

136. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of ARCHITECTURAL STUDIO.

137. KOLTER GROUP are entitled to common law indemnity from ARCHITECTURAL STUDIO.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against ARCHITECTURAL STUDIO for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 3**
**PROFESSIONAL NEGLIGENCE**
**(ASE ENGINEERING SERVICES, INC.)**

138. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

139. At all times relevant to this matter, ASE, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

140. ASE was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

141. To the extent that the ASSOCIATION's contentions are correct, ASE negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

UNOFFICIAL

142. To the extent that the ASSOCIATION's contentions are correct, ASE breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

143. To the extent that the ASSOCIATION is correct, as a direct and proximate result of ASE breaches, KOLTER GROUP have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against ASE for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

**COUNT 4**
**COMMON LAW INDEMNITY**
**(ASE ENGINEERING SERVICES, INC.)**

144. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

145. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and ASE which, KOLTER GROUP, KOLTER, and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ASE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ASE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

146. KOLTER GROUP are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ASE in the performance of its work at the Subject Property.

147. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of ASE.

148. KOLTER GROUP is entitled to common law indemnity from ASE.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against ASE for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 5**
**PROFESSIONAL NEGLIGENCE**
**(CLEAR ENGINEERING, LLC.)**

149. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

150. At all times relevant to this matter, CLEAR, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

151. CLEAR was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the

UNOFFICIAL

applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

152. To the extent that the ASSOCIATION's contentions are correct, CLEAR negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

153. To the extent that the ASSOCIATION's contentions are correct, CLEAR breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

154. To the extent that the ASSOCIATION is correct, as a direct and proximate result of CLEAR breaches, KOLTER GROUP have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

UNOFFICIAL

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against CLEAR for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 6**
**COMMON LAW INDEMNITY**
**(CLEAR ENGINEERING LLC.)**

155. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

156. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CLEAR which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CLEAR. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CLEAR and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

157. KOLTER GROUP is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CLEAR in the performance of its work at the Subject Property.

158. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of CLEAR.

159. KOLTER GROUP are entitled to common law indemnity from CLEAR.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against CLEAR for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 7**
**PROFESSIONAL NEGLIGENCE**
**(KMLEY-HORN AND ASSOCIATES, INC.)**

UNOFFICIAL

160. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

161. At all times relevant to this matter, KIMLEY, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

162. KIMLEY was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

163. To the extent that the ASSOCIATION's contentions are correct, KIMLEY negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

164. To the extent that the ASSOCIATION's contentions are correct, KIMLEY breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

165. To the extent that the ASSOCIATION is correct, as a direct and proximate result of KIMLEY breaches, KOLTER GROUP have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors

UNOFFICIAL

at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against KIMLEY for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 8**
**COMMON LAW INDEMNITY**
**(KIMLEY-HORN AND ASSOCIATES, INC.)**

166. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

167. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and KIMLEY which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of KIMLEY. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and KIMLEY and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

168. KOLTER GROUP are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of KIMLEY in the performance of its work at the Subject Property.

169. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of KIMLEY.

UNOFFICIAL

170. KOLTER GROUP is entitled to common law indemnity from KIMLEY.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against KIMLEY for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 9**
**PROFESSIONAL NEGLIGENCE**
**(MINSHENG XIE)**

171. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

172. At all times relevant to this matter, MR. XIE, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

173. MR. XIE was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

174. To the extent that the ASSOCIATION's contentions are correct, MR. XIE negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

175. To the extent that the ASSOCIATION's contentions are correct, MR. XIE breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

176. To the extent that the ASSOCIATION is correct, as a direct and proximate result of MR. XIE breaches, KOLTER GROUP have and will continue to be damaged. These damages

UNOFFICIAL

include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against MR. XIE for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 10**
**COMMON LAW INDEMNITY**
**(MINSHENG XIE)**

177. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

178. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and MR. XIE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of MR. XIE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and MR. XIE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

UNOFFICIAL

179. KOLTER GROUP is without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of MR. XIE in the performance of its work at the Subject Property.

180. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of MR. XIE.

181. KOLTER GROUP is entitled to common law indemnity from MR. XIE.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against MR. XIE for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 11**
**PROFESSIONAL NEGLIGENCE**
**(SCOTT BLAKENSLEEDISHER.)**

182. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

183. At all times relevant to this matter, MR. BLAKESHEEDISHER, directly and/or through its agents, servants and/or employees designed, inspected and/or approved the architectural plans, drawings, and specifications for the original construction of the Subject Property.

184. MR. BLAKESHEEDISHER was under a duty to KOLTER GROUP to design, consult, approve and construct the architectural plans, drawings, and specifications within the requirements of the applicable building codes, and other local and national codes, and within the appropriate standards within the industry.

185. To the extent that the ASSOCIATION's contentions are correct, MR. BLAKESHEEDISHER negligently designed, consulted, approved and/or constructed the architectural plans, drawings, and specifications within the Subject Property not in accordance with the requirements of the applicable building codes or industry standards.

UNOFFICIAL

186. To the extent that the ASSOCIATION's contentions are correct, MR. BLAKESHEEDISHER breached its duty to KOLTER GROUP and was careless and negligent in designing, consulting, approving, and constructing the architectural plans, drawings, and specifications for the original construction of the Subject Property.

187. To the extent that the ASSOCIATION is correct, as a direct and proximate result of MR. BLAKESHEEDISHER breaches, KOLTER GROUP have and will continue to be damaged. These damages include, without limitation, property damage in the form of physical injury to property and/or loss of use of property that: (a) has occurred, resulted from, and/or will occur and result from such defects and deficiencies, (b) has occurred, resulted to and/or will occur and result to other property, (c) has occurred / resulted to and/or will occur / result to contents within the Subject Property, (d) has occurred / resulted to and/or will occur / result to the work of other contractors, subcontractors at the Subject Property, and/or (e) has occurred / resulted from and/or will occur / result from damage to and/or loss of use of non-defective work related to resolving the various defects and deficiencies, ASSOCIATION has been and/or will be required to expend monies for the remediation of such defects and deficiencies and damages consequentially resulting from such defects and deficiencies as well as damages to KOLTER GROUP arising out and relating to the same.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against MR. BLAKESHEEDISHER for all damages, costs, interest and for such other relief as is necessary and proper.

**COUNT 12**
**COMMON LAW INDEMNITY**
**(SCOTT BLAKESLEEDISHER)**

188. KOLTER GROUP repeat and realleges paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

189. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and MR. BLAKESHEEDISHER which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of MR. BLAKESHEEDISHER. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and MR. BLAKESHEEDISHER and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

190. KOLTER GROUP are without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of MR. BLAKESHEEDISHER in the performance of its work at the Subject Property.

191. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions or inactions of MR. BLAKESHEEDISHER.

192. KOLTER GROUP are entitled to common law indemnity from MR. BLAKESHEEDISHER.

WHEREFORE, KOLTER GROUP respectfully demands judgment for damages against MR. BLAKESHEEDISHER for all damages, costs, interest and for such other relief as is necessary and proper.

UNOFFICIAL

## <u>SUBCONTRACTORS</u>

### COUNT 13
### CONTRACTUAL INDEMNITY
### (AFI CONSTRUCTION, INC.)

193. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

194. AFI entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "7."

195. KOLTER GROUP is the manager of KOLTER.

196. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, AFI agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

197. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of AFI'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

198. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against AFI for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 14**
**COMMON LAW INDEMNITY**
**(AFI CONSTRUCTION, INC.)**

199. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

200. There exists a special relationship between KOLTER, HEATHROW and AFI, which, KOLTER AND HEATHROW, if the trier of fact or law believes the claims of liability and

UNOFFICIAL

damages of the ASSOCIATION can or will become liable solely based on the acts or omissions of AFI. This special relationship is formed by, among other things, the contractual relationship between the parties; the warranty provisions which run from the subcontract agreements; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

201. KOLTER AND HEATHROW are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of AFI in the performance of its work at the Subject Property.

202. KOLTER AND HEATHROW would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of AFI.

203. KOLTER AND HEATHROW are entitled to common law indemnification from AFI.

WHEREFORE, KOLTER AND HEATHROW demand judgment against AFI for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 15**
**NEGLIGENCE**
**(AFI CONSTRUCTION, INC.)**

204. KOLTER AND HEATHROW repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

205. At all times material to this action, AFI owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from AFI'S obligations under its subcontract agreement.

UNOFFICIAL

206. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, AFI breached its duty to KOLTER GROUP the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

207. To the extent that the ASSOCIATION'S contentions are correct, AFI'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

208. As a direct and proximate result of AFI'S negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against AFI for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 16**
**CONTRACTUAL INDEMNITY**
**(AMERICAN OUTDOOR LIVING, INC.)**

209. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

210. AMERICAN OUTDOOR entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**8**."

211. KOLTER GROUP is the manager of KOLTER.

UNOFFICIAL

212. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, AMERICAN OUTDOOR agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

213. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of AMERICAN OUTDOOR'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

214. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against AMERICAN OUTDOOR for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 17**
**COMMON LAW INDEMNITY**
**(AMERICAN OUTDOOR LIVING, INC.)**

215. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

216. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and AMERICAN OUTDOOR which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of AMERICAN OUTDOOR. This special relationship is formed by, among other things, the contractual

UNOFFICIAL

relationship between KOLTER, HEATHROW and AMERICAN OUTDOOR and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

217. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of AMERICAN OUTDOOR in the performance of its work at the Subject Property.

218. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of AMERICAN OUTDOOR.

219. KOLTER GROUP is entitled to common law indemnification from AMERICAN OUTDOOR.

WHEREFORE, KOLTER GROUP demand judgment against AMERICAN OUTDOOR for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 18**
**NEGLIGENCE**
**(AMERICAN OUTDOOR LIVING, INC.)**

220. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

221. At all times material to this action, AMERICAN OUTDOOR owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from AMERICAN OUTDOOR'S obligations under its subcontract agreement.

UNOFFICIAL

222. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, AMERICAN OUTDOOR breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

223. To the extent that the ASSOCIATION'S contentions are correct, AMERICAN OUTDOOR'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

224. As a direct and proximate result of AMERICAN OUTDOOR'S negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against AMERICAN OUTDOOR for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 19**
**CONTRACTUAL INDEMNITY**
**(BARFIELD FENCE AND FABRICATION INC.)**

225. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

226. BARFIELD entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**9**."

227. KOLTER GROUP is the manager of KOLTER.

UNOFFICIAL

228. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, BARFIELD agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

229. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of BARFIELD'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

230. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against BARFIELD for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 20**
**COMMON LAW INDEMNITY**
**(BARFIELD FENCE AND FABRICATION, INC.)**

231. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

232. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and BARFIELD which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of BARFIELD. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and

UNOFFICIAL

BARFIELD and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

233. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of BARFIELD in the performance of its work at the Subject Property.

234. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of BARFIELD.

235. KOLTER GROUP are entitled to common law indemnification from BARFIELD.

WHEREFORE, KOLTER GROUP demand judgment against BARFLIED. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 21**
**NEGLIGENCE**
**(BARFIELD FENCE AND FABRICATION INC.)**

236. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

237. At all times material to this action, BARFIELD owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from BARFIELD's obligations under its subcontract agreement.

238. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, BARFIELD's breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the

UNOFFICIAL

applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

239. To the extent that the ASSOCIATION'S contentions are correct, BARFIELD's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

240. As a direct and proximate result of BARFIELD's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against BARFIELD for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 22**
**CONTRACTUAL INDEMNITY**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC)**

241. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

242. BUILDERS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**10**."

243. KOLTER GROUP is the manager of KOLTER.

244. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, BUILDERS agreed to defend, indemnify and hold harmless KOLTER,

UNOFFICIAL

HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

245. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of BUILDERS' work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

246. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against BUILDERS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 23**
**COMMON LAW INDEMNITY**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.)**

247. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

248. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and BUILDERS which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of BUILDERS. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and BUILDERS and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

249. KOLTER GROUP are wholly without fault and the only source of potential liability

UNOFFICIAL

to them is vicarious or derivative as a result of the acts or omissions of BUILDERS in the performance of its work at the Subject Property.

250. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of BUILDERS.

251. KOLTER GROUP is entitled to common law indemnification from BUILDERS.

WHEREFORE, KOLTER GROUP demand judgment against BUILDERS for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 24**
**NEGLIGENCE**
**(BUILDERS FIRSTSOURCE-FLORIDA, LLC.).)**

252. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

253. At all times material to this action, BUILDERS owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from BUILDERS' obligations under its subcontract agreement.

254. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, BUILDERS breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and

UNOFFICIAL

deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

255. To the extent that the ASSOCIATION'S contentions are correct, BUILDERS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

256. As a direct and proximate result of BUILDERS' negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against BUILDERS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 25**
**CONTRACTUAL INDEMNITY**
**(CIRCLE L ROOFING, INC.)**

257. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

258. CIRCLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**11**."

259. KOLTER GROUP is the manager of KOLTER.

260. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CIRCLE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

261. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CIRCLE'S work at the Subject Property. Therefore, KOLTER

UNOFFICIAL

GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

262. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against CIRCLE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 26**
**COMMON LAW INDEMNITY**
**(CIRCLE L ROOFING, INC.)**

263. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

264. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CIRCLE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CIRCLE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CIRCLE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

265. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CIRCLE in the performance of its work at the Subject Property.

266. KOLTER GROUP would only be derivatively, technically, constructively or

UNOFFICIAL

vicariously liable for the damages as a result of the alleged actions of CIRCLE.

267. KOLTER GROUP are entitled to common law indemnification from CIRCLE.

WHEREFORE, KOLTER GROUP demand judgment against CIRCLE for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 27**
**NEGLIGENCE**
**(CIRCLE L ROOFINGS, INC.)**

268. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

269. At all times material to this action, CIRCLE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CIRCLE's obligations under its subcontract agreement.

270. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CIRCLE breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

271. To the extent that the ASSOCIATION'S contentions are correct, CIRCLE's

UNOFFICIAL

negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

272. As a direct and proximate result of CIRCLE's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against CIRCLE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 28**
**CONTRACTUAL INDEMNITY**
**(CIRCLE L ROOFING, LLC.)**

273. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

274. CIRCLE LLC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**12**."

275. KOLTER GROUP is the manager of KOLTER.

276. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CIRCLE LLC agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

277. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CIRCLE LLC'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

278. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against CIRCLE LLC for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 29**
**COMMON LAW INDEMNITY**
**(CIRCLE L ROOFING, LLC.)**

279. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

280. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CIRCLE LLC which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CIRCLE LLC. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CIRCLE LLC and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

281. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CIRCLE LLC in the performance of its work at the Subject Property.

282. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CIRCLE LLC.

283. KOLTER GROUP are entitled to common law indemnification from CIRCLE

UNOFFICIAL

LLC.

WHEREFORE, KOLTER GROUP demand judgment against CIRCLE LLC. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 30**
**NEGLIGENCE**
**(CIRCLE L ROOFING, LLC.)**

284. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

285. At all times material to this action, CIRCLE LLC owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CIRCLE LLC's obligations under its subcontract agreement.

286. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CIRCLE LLC's breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the CIRCLE LLC's Complaint, including resulting damage to other property.

287. To the extent that the ASSOCIATION'S contentions are correct, CIRCLE LLC's negligence has caused and will continue to cause damage to the Subject Property, as well as

UNOFFICIAL

damages to KOLTER GROUP, the responsible developer and general contractor.

288. As a direct and proximate result of CIRCLE LLC's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against CIRCLE LLC's. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 31**
**CONTRACTUAL INDEMNITY**
**(COLLAZO PAINTING, INC.)**

289. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

290. COLLAZO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**13**."

291. KOLTER GROUP is the manager of KOLTER.

292. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLAZO agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

293. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLAZO'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

294. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against COLLAZO for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 32**
**COMMON LAW INDEMNITY**
**(COLLAZO PAINTING, INC.)**

295. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

296. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and COLLAZO which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of COLLAZO. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and COLLAZO and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

297. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLAZO in the performance of its work at the Subject Property.

298. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLAZO.

299. KOLTER GROUP are entitled to common law indemnification from COLLAZO.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against COLLAZO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 33**
**NEGLIGENCE**
**(COLLAZO PAINTING, INC.)**

300. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

301. At all times material to this action, COLLAZO owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLAZO's obligations under its subcontract agreement.

302. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLAZO breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

303. To the extent that the ASSOCIATION'S contentions are correct, COLLAZO's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

UNOFFICIAL

304. As a direct and proximate result of COLLAZO's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against COLLAZO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 34**
**CONTRACTUAL INDEMNITY**
**(COLEMAN FLOOR COMPANY)**

305. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

306. COLEMAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**14**."

307. KOLTER GROUP is the manager of KOLTER.

308. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLEMAN agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

309. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLEMAN'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

310. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against COLEMAN for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 35**
**COMMON LAW INDEMNITY**
**(COLEMAN FLOOR COMPANY)**

311. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

312. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and COLEMAN which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of COLEMAN. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and COLEMAN and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

313. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLEMAN in the performance of its work at the Subject Property.

314. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLEMAN.

315. KOLTER GROUP are entitled to common law indemnification from COLEMAN.

WHEREFORE, KOLTER GROUP demand judgment against COLEMAN for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 36**
**NEGLIGENCE**
**(COLEMAN FLOOR COMPANY)**

316. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

317. At all times material to this action, COLEMAN owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLEMAN's obligations under its subcontract agreement.

318. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLEMAN breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

319. To the extent that the ASSOCIATION'S contentions are correct, COLEMAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

320. As a direct and proximate result of COLEMAN's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against COLEMAN for negligence

UNOFFICIAL

to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 37**
**CONTRACTUAL INDEMNITY**
**(COLLIS ROOFING, INC.)**

321. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

322. COLLIS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "15."

323. KOLTER GROUP is the manager of KOLTER.

324. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLIS agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

325. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLIS' work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

326. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against COLLIS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 38**
**COMMON LAW INDEMNITY**
**(COLLIS ROOFING, INC.)**

327. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

328. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and COLLIS which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of COLLIS. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and COLLIS and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

329. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLIS in the performance of its work at the Subject Property.

330. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLIS.

331. KOLTER GROUP are entitled to common law indemnification from COLLIS.

WHEREFORE, KOLTER GROUP demand judgment against COLLIS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 39**
**NEGLIGENCE**
**(COLLIS ROOFING, INC.)**

332. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully

UNOFFICIAL

herein.

333. At all times material to this action, COLLIS owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLIS' obligations under its subcontract agreement.

334. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLIS breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S complaint, including resulting damage to other property.

335. To the extent that the ASSOCIATION'S contentions are correct, COLLIS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

336. As a direct and proximate result of COLLIS' negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against COLLIS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 40**

UNOFFICIAL

**CONTRACTUAL INDEMNITY**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

337. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

338. CSCI entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** “**16**.”

339. KOLTER GROUP is the manager of KOLTER.

340. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CSCI agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement”) from and against all damage and injury relating to or arising from its work at the Project.

341. The allegations of the ASSOCIATION’S Complaint, if believed by the trier of fact, would be within the scope of CSCI’S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION’S Complaint.

342. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys’ fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against CSCI for contractual indemnity to include costs, attorneys’ fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 41**
**COMMON LAW INDEMNITY**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

UNOFFICIAL

343. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

344. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CSCI which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CSCI. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CSCI and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

345. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CSCI in the performance of its work at the Subject Property.

346. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CSCI.

347. KOLTER GROUP are entitled to common law indemnification from CSCI.

WHEREFORE, KOLTER GROUP demand judgment against CSCI for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 42**
**NEGLIGENCE**
**(CONSTRUCTION SERVICES & CONSULTANTS, INC.)**

348. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

349. At all times material to this action, CSCI owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance

UNOFFICIAL

with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CSCI's obligations under its subcontract agreement.

350. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CSCI breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

351. To the extent that the ASSOCIATION'S contentions are correct, CSCI's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

352. As a direct and proximate result of CSCI's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against CSCI for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 43**
**CONTRACTUAL INDEMNITY**
**(CONQUEST SERVICES, INC.)**

353. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

354. CONQUEST entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**17**."

355. KOLTER GROUP is the manager of KOLTER.

356. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CONQUEST agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

357. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CONQUEST'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

358. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against CONQUEST for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 44**
**COMMON LAW INDEMNITY**
**(CONQUEST SERVICES, INC.)**

359. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

360. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CONQUEST which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CONQUEST. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CONQUEST and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

361. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CONQUEST in the performance of its work at the Subject Property.

362. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CONQUEST.

363. KOLTER GROUP are entitled to common law indemnification from CONQUEST.

WHEREFORE, KOLTER GROUP demand judgment against CONQUEST. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 45**
**NEGLIGENCE**
**(CONQUEST SERVICES, INC.)**

364. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

365. At all times material to this action, CONQUEST owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction

UNOFFICIAL

practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CONQUEST's obligations under its subcontract agreement.

366. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CONQUEST breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

367. To the extent that the ASSOCIATION'S contentions are correct, CONQUEST's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

368. As a direct and proximate result of CONQUEST's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against CONQUEST for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 46**
**CONTRACTUAL INDEMNITY**
**(CUNNINGHAM ELECTRICAL, INC.)**

369. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

370. CUNNINGHAM entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit "18.**"

371. KOLTER GROUP is the manager of KOLTER.

372. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, CUNNINGHAM agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

373. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of CUNNINGHAM'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

374. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against CUNNINGHAM for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 47**
**COMMON LAW INDEMNITY**
**(CUNNINGHAM ELECTRICAL, INC.)**

375. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

376. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and CUNNINGHAM which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of CUNNINGHAM. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and CUNNINGHAM and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

377. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of CUNNINGHAM in the performance of its work at the Subject Property.

378. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of CUNNINGHAM.

379. KOLTER GROUP are entitled to common law indemnification from AMERICAN OUTDOOR.

WHEREFORE, KOLTER GROUP demand judgment against CUNNINGHAM for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 48**
**NEGLIGENCE**
**(CUNNINGHAM ELECTRICAL, INC.)**

380. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

381. At all times material to this action, CUNNINGHAM owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national

UNOFFICIAL

codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from CUNNINGHAM's obligations under its subcontract agreement.

382. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, CUNNINGHAM breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

383. To the extent that the ASSOCIATION'S contentions are correct, CUNNINGHAM's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

384. As a direct and proximate result of CUNNINGHAM's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against CUNNINGHAM's. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 49**
**CONTRACTUAL INDEMNITY**
**(DAPAU ENTERPRISES II, INC.)**

385. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

386. DAPAU entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**19**."

387. KOLTER GROUP is the manager of KOLTER.

388. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, DAPAU agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

389. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of DAPAU'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

390. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against DAPAU for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 50**
**COMMON LAW INDEMNITY**
**(DAPAU ENTERPRISES II, INC.)**

391. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

392. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and DAPAU which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier

UNOFFICIAL

of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of DAPAU. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and DAPAU and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

393. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of DAPAU in the performance of its work at the Subject Property.

394. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of DAPAU.

395. KOLTER GROUP are entitled to common law indemnification from DAPAU.

WHEREFORE, KOLTER GROUP demand judgment against DAPAU for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 51**
**NEGLIGENCE**
**(DAPAU ENTERPRISES II INC.)**

396. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

397. At all times material to this action, DAPAU owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from DAPAU's obligations under its subcontract agreement.

UNOFFICIAL

398. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, DAPAU breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

399. To the extent that the ASSOCIATION'S contentions are correct, DAPAU's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

400. As a direct and proximate result of DAPAU's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against DAPAU for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 52**
**CONTRACTUAL INDEMNITY**
**(EAST COAST TRUSSES, LLC.)**

401. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

402. EAST entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit "20."**

403. KOLTER GROUP is the manager of KOLTER.

UNOFFICIAL

404. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, EAST agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

405. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of EAST'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

406. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against EAST for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 53**
**COMMON LAW INDEMNITY**
**(EAST COAST TRUSSES, LLC.)**

407. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

408. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and EAST which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of EAST. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and EAST

UNOFFICIAL

and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

409. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of EAST in the performance of its work at the Subject Property.

410. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of EAST.

411. KOLTER GROUP are entitled to common law indemnification from EAST.

WHEREFORE, KOLTER GROUP demand judgment against EAST. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 54**
**NEGLIGENCE**
**(EAST COAST TRUSSES, LLC.)**

412. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

413. At all times material to this action, EAST owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from EAST's obligations under its subcontract agreement.

414. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, EAST breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the

UNOFFICIAL

applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

415. To the extent that the ASSOCIATION'S contentions are correct, EAST's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

416. As a direct and proximate result of EAST's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against EAST for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 55**
**CONTRACTUAL INDEMNITY**
**(F&B STUCCO ASSOCIATES, INC.)**

417. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

418. F&B entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit "21**."

419. KOLTER GROUP is the manager of KOLTER.

420. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, F&B agreed to defend, indemnify and hold harmless KOLTER,

UNOFFICIAL

HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

421. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of F&B'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

422. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against F&B for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 56**
**COMMON LAW INDEMNITY**
**(F&B STUCCO ASSOCIATES, INC.)**

423. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

424. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and F&B which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of F&B. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and F&B and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

425. KOLTER GROUP are wholly without fault and the only source of potential liability

UNOFFICIAL

to them is vicarious or derivative as a result of the acts or omissions of F&B in the performance of its work at the Subject Property.

426. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of F&B.

427. KOLTER GROUP are entitled to common law indemnification from F&B.

WHEREFORE, KOLTER GROUP demand judgment against F&B. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 57**
**NEGLIGENCE**
**(F&B STUCCO ASSOCIATES, INC.)**

428. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

429. At all times material to this action, F&B owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from F&B's obligations under its subcontract agreement.

430. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, F&B breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies

UNOFFICIAL

alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

431. To the extent that the ASSOCIATION'S contentions are correct, F&B's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

432. As a direct and proximate result of F&B's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against F&B for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 58**
**CONTRACTUAL INDEMNITY**
**(G&L CONTRACTORS, INC.)**

433. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

434. G&L entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**22**."

435. KOLTER GROUP is the manager of KOLTER.

436. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G&L agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

437. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G&L'S work at the Subject Property. Therefore, KOLTER GROUP

UNOFFICIAL

is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

438. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against G&L for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 59**
**COMMON LAW INDEMNITY**
**(G&L CONTRACTORS, INC.)**

439. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

440. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and G&L which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of G&L. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and G&L and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

441. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G&L in the performance of its work at the Subject Property.

442. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G&L.

UNOFFICIAL

443. KOLTER GROUP are entitled to common law indemnification from G&L.

WHEREFORE, KOLTER GROUP demand judgment against G&L for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 60**
**NEGLIGENCE**
**(G&L CONTRACTORS, INC.)**

444. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

445. At all times material to this action, G&L owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G&L's obligations under its subcontract agreement.

446. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G&L's breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

447. To the extent that the ASSOCIATION'S contentions are correct, G&L's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to

UNOFFICIAL

KOLTER GROUP, the responsible developer and general contractor.

448. As a direct and proximate result of G&L's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against G&L for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 61**
**CONTRACTUAL INDEMNITY**
**(G&B PAINTING, INC.)**

449. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

450. G.B. entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**23**."

451. KOLTER GROUP is the manager of KOLTER.

452. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G.B. agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

453. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G.B.'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

454. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against G.B. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 62**
**COMMON LAW INDEMNITY**
**(G&B PAINTING, INC.)**

455. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

456. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and G.B. which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of G.B. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and G.B. and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

457. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G.B. in the performance of its work at the Subject Property.

458. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G.B.

459. KOLTER GROUP are entitled to common law indemnification from G.B.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against G.B. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 63**
**NEGLIGENCE**
**(G.B. PAINTING, INC.)**

460. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

461. At all times material to this action, G.B. owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G.B.'s obligations under its subcontract agreement.

462. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G.B. breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

463. To the extent that the ASSOCIATION'S contentions are correct, G.B.'s negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

464. As a direct and proximate result of G.B.'s negligence, KOLTER GROUP have and

UNOFFICIAL

will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against G.B. for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 64**
**CONTRACTUAL INDEMNITY**
**(G.H.B. CONTRACTORS, INC.)**

465. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

466. G.H.B. entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**24**."

467. KOLTER GROUP is the manager of KOLTER.

468. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, G.H.B. agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

469. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of G.H.B.'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

470. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against G.H.B. for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 65**
**COMMON LAW INDEMNITY**
**(G.H.B. CONTRACTORS, INC.)**

471. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

472. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and G.H.B. which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of G.H.B. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and G.H.B. and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

473. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of G.H.B. in the performance of its work at the Subject Property.

474. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of G.H.B.

475. KOLTER GROUP are entitled to common law indemnification from G.H.B.

WHEREFORE, KOLTER GROUP demand judgment against G.H.B. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 66**
**NEGLIGENCE**
**(G.H.B CONTRACTORS, INC.)**

476. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

477. At all times material to this action, G.H.B owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from G.H.B.'s obligations under its subcontract agreement.

478. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, G.H.B. breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

479. To the extent that the ASSOCIATION'S contentions are correct, G.H.B.'s negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

480. As a direct and proximate result of G.H.B.'s negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against G.H.B. for negligence to

UNOFFICIAL

include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 67**
**CONTRACTUAL INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

481. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

482. GULF entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** “**25**.”

483. KOLTER GROUP is the manager of KOLTER.

484. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, GULF agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement”) from and against all damage and injury relating to or arising from its work at the Project.

485. The allegations of the ASSOCIATION’S Complaint, if believed by the trier of fact, would be within the scope of GULF’S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION’S Complaint.

486. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys’ fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against GULF for contractual indemnity to include costs, attorneys’ fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 68**
**COMMON LAW INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

487. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

488. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and GULF which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of GULF. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and GULF and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

489. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of GULF in the performance of its work at the Subject Property.

490. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of GULF.

491. KOLTER GROUP are entitled to common law indemnification from GULF.

WHEREFORE, KOLTER GROUP demand judgment against GULF for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 69**
**NEGLIGENCE**
**(GULF WESTERN ROOFING & SHEET METAL, INC.)**

492. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

493. At all times material to this action, GULF owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from GULF's obligations under its subcontract agreement.

494. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, GULF breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

495. To the extent that the ASSOCIATION'S contentions are correct, GULF's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

496. As a direct and proximate result of GULF's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against GULF for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 70**
**CONTRACTUAL INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

497. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

498. GULF LLC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**X**."

499. KOLTER GROUP is the manager of KOLTER.

500. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, GULF LLC agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

501. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of GULF LLC'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

502. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against GULF LLC for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 71**
**COMMON LAW INDEMNITY**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

UNOFFICIAL

503. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

504. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and GULF LLC which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of GULF LLC. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and GULF LLC and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

505. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of GULF LLC in the performance of its work at the Subject Property.

506. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of GULF LLC.

507. KOLTER GROUP are entitled to common law indemnification from GULF LLC.

WHEREFORE, KOLTER GROUP demand judgment against GULF LLC. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 72**
**NEGLIGENCE**
**(GULF WESTERN ROOFING & SHEET METAL, LLC.)**

508. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

509. At all times material to this action, GULF LLC owed a duty to KOLTER GROUP,

UNOFFICIAL

the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from GULF LLC's obligations under its subcontract agreement.

510. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, GULF LLC breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

511. To the extent that the ASSOCIATION'S contentions are correct, GULF LLC's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

512. As a direct and proximate result of GULF LLC's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against GULF LLC for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 73**
**CONTRACTUAL INDEMNITY**
**(HALL BROTHERS ROOFING, INC.)**

513. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

514. HALL entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**26**."

515. KOLTER GROUP is the manager of KOLTER.

516. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, HALL agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

517. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of HALL'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

518. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against HALL for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 74**
**COMMON LAW INDEMNITY**
**(HALL BROTHERS ROOFING, INC.)**

UNOFFICIAL

519. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

520. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and HALL which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of HALL. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and HALL and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

521. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of HALL in the performance of its work at the Subject Property.

522. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of HALL.

523. KOLTER GROUP are entitled to common law indemnification from HALL.

WHEREFORE, KOLTER GROUP demand judgment against HALL. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 75**
**NEGLIGENCE**
**(HALL BROTHERS ROOFING, INC.)**

524. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

525. At all times material to this action, HALL owed a duty to KOLTER GROUP, the

UNOFFICIAL

ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from HALL's obligations under its subcontract agreement.

526. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, HALL breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

527. To the extent that the ASSOCIATION'S contentions are correct, HALL's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

528. As a direct and proximate result of HALL's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against HALL for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 76**
**CONTRACTUAL INDEMNITY**
**(INNOVATIVE OUTDOORS, INC.)**

529. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

530. INNOVATIVE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**27**."

531. KOLTER GROUP is the manager of KOLTER.

532. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, INNOVATIVE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

533. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of INNOVATIVE'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

534. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against INNOVATIVE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 77**
**COMMON LAW INDEMNITY**
**(INNOVATIVE OUTDOORS, INC.)**

535. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

536. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and INNOVATIVE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of INNOVATIVE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and INNOVATIVE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

537. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of INNOVATIVE in the performance of its work at the Subject Property.

538. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of INNOVATIVE.

539. KOLTER GROUP are entitled to common law indemnification from INNOVATIVE.

WHEREFORE, KOLTER GROUP demand judgment against INNOVATIVE for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 78**
**NEGLIGENCE**
**(INNOVATIVE OUTDOORS, INC.)**

540. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully

UNOFFICIAL

herein.

541. At all times material to this action, INNOVATIVE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from INNOVATIVE's obligations under its subcontract agreement.

542. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, INNOVATIVE breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

543. To the extent that the ASSOCIATION'S contentions are correct, INNOVATIVE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

544. As a direct and proximate result of INNOVATIVE's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against INNOVATIVES for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 79**
**CONTRACTUAL INDEMNITY**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

545. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

546. ITALIAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**28**."

547. KOLTER GROUP is the manager of KOLTER.

548. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, ITALIAN agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

549. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of ITALIAN'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

550. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against ITALIAN for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 80**
**COMMON LAW INDEMNITY**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

UNOFFICIAL

551. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

552. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and ITALIAN which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ITALIAN. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ITALIAN and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

553. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ITALIAN in the performance of its work at the Subject Property.

554. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of ITALIAN.

555. KOLTER GROUP are entitled to common law indemnification from ITALIAN.

WHEREFORE, KOLTER GROUP demand judgment against ITALIAN. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 81**
**NEGLIGENCE**
**(ITALIAN TERRAZZO AND TILE CO. OF BREVARD, L.L.C.)**

556. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

557. At all times material to this action, ITALIAN owed a duty to KOLTER GROUP,

UNOFFICIAL

the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from ITALIAN obligations under its subcontract agreement.

558. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, ITALIAN breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

559. To the extent that the ASSOCIATION'S contentions are correct, ITALIAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

560. As a direct and proximate result of ITALIAN's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against ITALIAN for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 82**
**CONTRACTUAL INDEMNITY**
**(JADE HOME DÉCOR, INC)**

UNOFFICIAL

561. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

562. JADE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**29**."

563. KOLTER GROUP is the manager of KOLTER.

564. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JADE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

565. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JADE'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

566. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against JADE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 83**
**COMMON LAW INDEMNITY**
**(JADE HOME DÉCOR, INC)**

567. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

568. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and JADE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of JADE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and JADE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

569. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JADE in the performance of its work at the Subject Property.

570. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JADE.

571. KOLTER GROUP are entitled to common law indemnification from JADE.

WHEREFORE, KOLTER GROUP demand judgment against JADE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 84**
**NEGLIGENCE**
**(JADE HOME DÉCOR, INC.)**

572. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

573. At all times material to this action, JADE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry

UNOFFICIAL

standards and to be free of defects and deficiencies. This duty is separate and independent from JADE obligations under its subcontract agreement.

574. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JADE breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

575. To the extent that the ASSOCIATION'S contentions are correct, JADE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

576. As a direct and proximate result of JADE's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against JADE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 85**
**CONTRACTUAL INDEMNITY**
**(JANUS BUILDING COMPANY, LLC.)**

577. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

578. JANUS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**30**."

579. KOLTER GROUP is the manager of KOLTER.

580. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JANUS agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

581. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JANUS' work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

582. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against JANUS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 86**
**COMMON LAW INDEMNITY**
**(JANUS BUILDING COMPANY, LLC.)**

583. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

584. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and JANUS which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier

UNOFFICIAL

of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of JANUS. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and JANUS and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

585. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JANUS in the performance of its work at the Subject Property.

586. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JANUS.

587. KOLTER GROUP are entitled to common law indemnification from JANUS.

WHEREFORE, KOLTER GROUP demand judgment against JANUS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 87**
**NEGLIGENCE**
**(JANUS BUILDING COMPANY, LLC)**

588. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

589. At all times material to this action, JANUS owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JANUS obligations under its subcontract agreement.

UNOFFICIAL

590. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JANUS breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

591. To the extent that the ASSOCIATION'S contentions are correct, JANUS's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

592. As a direct and proximate result of JANUS's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against JANUS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 88**
**CONTRACTUAL INDEMNITY**
**(JMHC, INC.)**

593. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

594. JMHC entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**31**."

595. KOLTER GROUP is the manager of KOLTER.

UNOFFICIAL

596. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JMHC agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

597. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JMHC'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

598. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against JMHC for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 89**
**COMMON LAW INDEMNITY**
**(JMHC, INC.)**

599. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

600. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and JMHC which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of JMHC. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and JMHC

UNOFFICIAL

and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

601. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JMHC in the performance of its work at the Subject Property.

602. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JMHC.

603. KOLTER GROUP are entitled to common law indemnification from JMHC.

WHEREFORE, KOLTER GROUP demand judgment against JMHC. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 90**
**NEGLIGENCE**
**(JMHC, INC.)**

604. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

605. At all times material to this action, JMHC owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JMHC obligations under its subcontract agreement.

606. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JMHC breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the

UNOFFICIAL

applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

607. To the extent that the ASSOCIATION'S contentions are correct, JMHC's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

608. As a direct and proximate result of JMHC's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against JMHC for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 91**
**CONTRACTUAL INDEMNITY**
**(JOHN KEENAN PAINTING, LLC.)**

609. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

610. JK PAINTING entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**32**."

611. KOLTER GROUP is the manager of KOLTER.

612. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JK PAINTING agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract

UNOFFICIAL

agreement") from and against all damage and injury relating to or arising from its work at the Project.

613. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JK PAINTING'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

614. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against JK PAINTING for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 92**
**COMMON LAW INDEMNITY**
**(JOHN KEENAN PAINTING, LLC.)**

615. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

616. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and JK PAINTING which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of JK PAINTING. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and JK PAINTING and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

617. KOLTER GROUP are wholly without fault and the only source of potential liability

UNOFFICIAL

to them is vicarious or derivative as a result of the acts or omissions of JK PAINTING in the performance of its work at the Subject Property.

618. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JK PAINTING.

619. KOLTER GROUP are entitled to common law indemnification from JK PAINTING.

WHEREFORE, KOLTER GROUP demand judgment against JK PAINTING. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 93**
**NEGLIGENCE**
**(JOHN KEENAN PAINTING, L.L.C.)**

620. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

621. At all times material to this action, JK PAINTING owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JK PAINTING obligations under its subcontract agreement.

622. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JK PAINTING breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good

UNOFFICIAL

construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

623. To the extent that the ASSOCIATION'S contentions are correct, JK PAINTING's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

624. As a direct and proximate result of JK PAINTING's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against JK PAINTING for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 94**
**CONTRACTUAL INDEMNITY**
**(JUST FLOORS, INC.)**

625. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

626. JUST FLOORS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**33**."

627. KOLTER GROUP is the manager of KOLTER.

628. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, JUST FLOORS agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

UNOFFICIAL

629. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of JUST FLOORS' work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

630. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against JUST FLOORS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 95**
**COMMON LAW INDEMNITY**
**(JUST FLOORS, INC.)**

631. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

632. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and JUST FLOORS which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of JUST FLOORS. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and JUST FLOORS and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

633. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of JUST FLOORS in the

UNOFFICIAL

performance of its work at the Subject Property.

634. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of JUST FLOORS.

635. KOLTER GROUP are entitled to common law indemnification from JUST FLOORS.

WHEREFORE, KOLTER GROUP demand judgment against JUST FLOORS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 96**
**NEGLIGENCE**
**(JUST FLOORS, INC.)**

636. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

637. At all times material to this action, JUST FLOORS owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from JUST FLOORS obligations under its subcontract agreement.

638. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, JUST FLOORS breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects

UNOFFICIAL

and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

639. To the extent that the ASSOCIATION'S contentions are correct, JUST FLOORS's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

640. As a direct and proximate result of JUST FLOORS's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against JUST FLOORS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 97**
**CONTRACTUAL INDEMNITY**
**(OLDCASTLE PRECAST, INC.)**

641. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

642. OLDCASTLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**34**."

643. KOLTER GROUP is the manager of KOLTER.

644. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, OLDCASTLE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

UNOFFICIAL

645. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of OLDCASTLE'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

646. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against OLDCASTLE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 98**
**COMMON LAW INDEMNITY**
**(OLDCASTLE PRECAST, INC.)**

647. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

648. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and OLDCASTLE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of OLDCASTLE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and OLDCASTLE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

649. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of OLDCASTLE in the

UNOFFICIAL

performance of its work at the Subject Property.

650. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of OLDCASTLE.

651. KOLTER GROUP are entitled to common law indemnification from OLDCASTLE.

WHEREFORE, KOLTER GROUP demand judgment against OLDCASTLE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 99**
**NEGLIGENCE**
**(OLDCASTLE PRECAST, INC.)**

652. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

653. At all times material to this action, OLDCASTLE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from OLDCASTLE obligations under its subcontract agreement.

654. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, OLDCASTLE breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other

UNOFFICIAL

things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

655. To the extent that the ASSOCIATION'S contentions are correct, OLDCASTLE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

656. As a direct and proximate result of OLDCASTLE's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against OLDCASTLE's for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 100**
**CONTRACTUAL INDEMNITY**
**(OMNI AWNINGS, INC.)**

657. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

658. OMNI entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit "35**."

659. KOLTER GROUP is the manager of KOLTER.

660. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, OMNI agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

661. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of OMNI'S work at the Subject Property. Therefore, KOLTER GROUP

UNOFFICIAL

is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

662. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against OMNI for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 101**
**COMMON LAW INDEMNITY**
**(OMNI AWNINGS, INC.)**

663. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

664. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and OMNI which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of OMNI. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and OMNI and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

665. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of OMNI in the performance of its work at the Subject Property.

666. KOLTER GROUP would only be derivatively, technically, constructively or

UNOFFICIAL

vicariously liable for the damages as a result of the alleged actions of OMNI.

667. KOLTER GROUP are entitled to common law indemnification from OMNI.

WHEREFORE, KOLTER GROUP demand judgment against OMNI. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 102**
**NEGLIGENCE**
**(OMNI AWNINGS, INC.)**

668. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

669. At all times material to this action, OMNI owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from OMNI obligations under its subcontract agreement.

670. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, OMNI breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

671. To the extent that the ASSOCIATION'S contentions are correct, OMNI's

UNOFFICIAL

negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

672. As a direct and proximate result of OMNI's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against OMNI for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 103**
**CONTRACTUAL INDEMNITY**
**(PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.)**

673. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

674. PETERSENDEAN entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**36**."

675. KOLTER GROUP is the manager of KOLTER.

676. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, PETERSENDEAN agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

677. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of PETERSENDEAN'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

678. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against PETERSENDEAN for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 104**
**COMMON LAW INDEMNITY**
**(PETERSENDEAN ROOFING AND SOLAR SYSTEMS, INC.)**

679. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

680. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and PETERSENDEAN which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of PETERSENDEAN. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and PETERSENDEAN and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

681. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of PETERSENDEAN in the performance of its work at the Subject Property.

682. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of PETERSENDEAN.

UNOFFICIAL

683. KOLTER GROUP are entitled to common law indemnification from PETERSENDEAN.

WHEREFORE, KOLTER GROUP demand judgment against PETERSENDEAN. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 105**
**NEGLIGENCE**
**(PETERSENDEAN ROODING AND SOLAR SYSTEMS, INC.)**

684. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

685. At all times material to this action, PETERSENDEAN owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from PETERSENDEAN obligations under its subcontract agreement.

686. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, PETERSENDEAN breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

687. To the extent that the ASSOCIATION'S contentions are correct,

UNOFFICIAL

PETERSENDEAN's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

688. As a direct and proximate result of PETERSENDEAN's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against PETERSENDEAN for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 106**
**CONTRACTUAL INDEMNITY**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

689. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

690. PROFESSIONAL entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**37**."

691. KOLTER GROUP is the manager of KOLTER.

692. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, PROFESSIONAL agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

693. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of PROFESSIONAL'S work at the Subject Property. Therefore,

UNOFFICIAL

KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

694. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against PROFESSIONAL for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 107**
**COMMON LAW INDEMNITY**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

695. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

696. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and PROFESSIONAL which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of PROFESSIONAL. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and PROFESSIONAL and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

697. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of PROFESSIONAL in the performance of its work at the Subject Property.

698. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of PROFESSIONAL.

UNOFFICIAL

699. KOLTER GROUP are entitled to common law indemnification from PROFESSIONAL.

WHEREFORE, KOLTER GROUP demand judgment against PROFESSIONAL for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 108**
**NEGLIGENCE**
**(PROFESSIONAL SUNSHINE ROOFING, INC)**

700. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

701. At all times material to this action, PROFESSIONAL owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from PROFESSIONAL obligations under its subcontract agreement.

702. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, PROFESSIONAL breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

703. To the extent that the ASSOCIATION'S contentions are correct,

UNOFFICIAL

PROFESSIONAL's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

704. As a direct and proximate result of PROFESSIONAL's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against PROFESSIONAL for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 109**
**CONTRACTUAL INDEMNITY**
**(R&W ENDEAVORS, INC.)**

705. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

706. R&W entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**38**."

707. KOLTER GROUP is the manager of KOLTER.

708. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, R&W agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

709. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of R&W'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

UNOFFICIAL

710. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against R&W for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 110**
**COMMON LAW INDEMNITY**
**(R&W ENDEAVORS, INC.)**

711. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

712. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and R&W which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of R&W. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and R&W and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

713. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of R&W in the performance of its work at the Subject Property.

714. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of R&W.

715. KOLTER GROUP are entitled to common law indemnification from R&W.

WHEREFORE, KOLTER GROUP demand judgment against R&W. for common law

UNOFFICIAL

indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 111**
**NEGLIGENCE**
**(R&W ENDEAVORS, INC.)**

716. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

717. At all times material to this action, R&W owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from R&W obligations under its subcontract agreement.

718. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, R&W breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

719. To the extent that the ASSOCIATION'S contentions are correct, R&W's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

720. As a direct and proximate result of R&W's negligence, KOLTER GROUP have

UNOFFICIAL

and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against R&W's for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 112**
**CONTRACTUAL INDEMNITY**
**(REW LANDSCAPING CORP.)**

721. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

722. REW entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**39**."

723. KOLTER GROUP is the manager of KOLTER.

724. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, REW agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

725. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of REW'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

726. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against REW for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 113**
**COMMON LAW INDEMNITY**
**(REW LANDSCAPING CORP.)**

727. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

728. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and REW which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of REW. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and REW and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

729. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of REW in the performance of its work at the Subject Property.

730. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of REW.

731. KOLTER GROUP are entitled to common law indemnification from REW.

WHEREFORE, KOLTER GROUP demand judgment against REW. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 114**

UNOFFICIAL

**NEGLIGENCE**
**(REW LANDSCAPING CORP.)**

732. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

733. At all times material to this action, REW owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from REW obligations under its subcontract agreement.

734. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, REW breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

735. To the extent that the ASSOCIATION'S contentions are correct, REW's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

736. As a direct and proximate result of REW's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against REW for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 115**
**CONTRACTUAL INDEMNITY**
**(RICAHRD & RICE CONSTRUCTION COMPANY, INC.)**

737. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

738. RICHARD & RICE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**40**."

739. KOLTER GROUP is the manager of KOLTER.

740. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RICHARD & RICE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

741. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RICHARD & RICE'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

742. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against RICHARD & RICE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 116**
**COMMON LAW INDEMNITY**
**(RICAHRD & RICE CONSTRUCTION COMPANY, INC.)**

743. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

744. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and RICHARD & RICE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of RICHARD & RICE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and RICHARD & RICE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

745. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RICHARD & RICE in the performance of its work at the Subject Property.

746. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RICHARD & RICE.

747. KOLTER GROUP are entitled to common law indemnification from RICHARD & RICE.

WHEREFORE, KOLTER GROUP demand judgment against RICHARD & RICE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief

UNOFFICIAL

available at law, and further demands trial by jury on all issues so triable.

**COUNT 117**
**NEGLIGENCE**
**(RICHARD & RICE CONSTRUCTION COMPANY, INC.)**

748. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

749. At all times material to this action, RICHARD & RICE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RICHARD & RICE obligations under its subcontract agreement.

750. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RICHARD & RICE breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

751. To the extent that the ASSOCIATION'S contentions are correct, RICHARD & RICE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

752. As a direct and proximate result of RICHARD & RICE's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against RICHARD & RICE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 118**
**CONTRACTUAL INDEMNITY**
**(ROOF TILE SPECIALIST, LLC)**

753. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

754. ROOF TILE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**41**."

755. KOLTER GROUP is the manager of KOLTER.

756. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, ROOF TILE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

757. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of ROOF TILE'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

758. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against ROOF TILE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 119**
**COMMON LAW INDEMNITY**
**(ROOF TILE SPECIALIST, LLC)**

759. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

760. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and ROOF TILE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of ROOF TILE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and ROOF TILE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

761. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of ROOF TILE in the performance of its work at the Subject Property.

762. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of ROOF TILE.

763. KOLTER GROUP are entitled to common law indemnification from ROOF TILE.

WHEREFORE, KOLTER GROUP demand judgment against ROOF TILE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 120**
**NEGLIGENCE**
**(ROOF TILE SPECIALISTS, LLC.)**

764. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

765. At all times material to this action, ROOF TILE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from ROOF TILE obligations under its subcontract agreement.

766. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, ROOF TILE breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

767. To the extent that the ASSOCIATION'S contentions are correct, ROOF TILE's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

768. As a direct and proximate result of ROOF TILE's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against ROOF TILE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 121**
**CONTRACTUAL INDEMNITY**
**(RUBIO'S D PAINTING, INC.)**

769. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

770. RUBIO'S D entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**42**."

771. KOLTER GROUP is the manager of KOLTER.

772. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUBIO'S D agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

773. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RUBIO'S D'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

774. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against RUBIO'S D for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 122**
**COMMON LAW INDEMNITY**
**(RUBIO'S D PAINTING, INC.)**

775. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

776. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and RUBIO'S D which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of RUBIO'S D. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and RUBIO'S D and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

777. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RUBIO'S D in the performance of its work at the Subject Property.

778. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUBIO'S D.

779. KOLTER GROUP are entitled to common law indemnification from RUBIO'S D.

WHEREFORE, KOLTER GROUP demand judgment against RUBIO'S D. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 123**
**NEGLIGENCE**
**(RUBIO'S D PAINTING, INC.)**

780. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

781. At all times material to this action, RUBIO'S D owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RUBIO'S D obligations under its subcontract agreement.

782. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUBIO'S D breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

783. To the extent that the ASSOCIATION'S contentions are correct, RUBIOS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

784. As a direct and proximate result of RUBIOS' negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against RUBIO'S D for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 124**
**CONTRACTUAL INDEMNITY**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

785. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

786. RUBIO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**43**."

787. KOLTER GROUP is the manager of KOLTER.

788. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUBIO agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

789. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of RUBIO'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

790. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against RUBIO for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 125**
**COMMON LAW INDEMNITY**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

791. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

792. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and RUBIO which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of RUBIO. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and RUBIO and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

793. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RUBIO in the performance of its work at the Subject Property.

794. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUBIO.

795. KOLTER GROUP are entitled to common law indemnification from RUBIO.

WHEREFORE, KOLTER GROUP demand judgment against RUBIO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 126**
**NEGLIGENCE**
**(RUBIO PROFESSIONAL PAINTING, INC.)**

796. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

797. At all times material to this action, RUBIO owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RUBIO obligations under its subcontract agreement.

798. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUBIO breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

799. To the extent that the ASSOCIATION'S contentions are correct, RUBIO'S D negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

800. As a direct and proximate result of RUBIO'S D negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against RUBIO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 127**
**CONTRACTUAL INDEMNITY**
**(RUSSO AND SONS, INC.)**

801. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

802. RUSSO entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** “**44**.”

803. KOLTER GROUP is the manager of KOLTER.

804. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, RUSSO agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement”) from and against all damage and injury relating to or arising from its work at the Project.

805. The allegations of the ASSOCIATION’S Complaint, if believed by the trier of fact, would be within the scope of RUSSO’S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION’S Complaint.

806. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys’ fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against RUSSO for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 128**
**COMMON LAW INDEMNITY**
**(RUSSO AND SONS, INC.)**

807. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

808. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and RUSSO which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of RUSSO. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and RUSSO and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

809. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of RUSSO in the performance of its work at the Subject Property.

810. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of RUSSO.

811. KOLTER GROUP are entitled to common law indemnification from RUSSO.

WHEREFORE, KOLTER GROUP demand judgment against RUSSO. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 129**
**NEGLIGENCE**
**(RUSSO AND SONS, INC.)**

812. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

813. At all times material to this action, RUSSO owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from RUSSO obligations under its subcontract agreement.

814. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, RUSSO breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

815. To the extent that the ASSOCIATION'S contentions are correct, RUSSO'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

816. As a direct and proximate result of RUSSO'S negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against RUSSO for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 130**
**CONTRACTUAL INDEMNITY**
**(SEMINOLE MASONRY, LLC)**

817. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

818. SEMINOLE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**45**."

819. KOLTER GROUP is the manager of KOLTER.

820. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, SEMINOLE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

821. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of BARFIELD'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

822. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against SEMINOLE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 131**
**COMMON LAW INDEMNITY**
**(SEMINOLE MASONRY, LLC)**

823. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

824. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and SEMINOLE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of SEMINOLE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and SEMINOLE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

825. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SEMINOLE in the performance of its work at the Subject Property.

826. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of SEMINOLE.

827. KOLTER GROUP are entitled to common law indemnification from SEMINOLE.

WHEREFORE, KOLTER GROUP demand judgment against SEMINOLE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 132**
**NEGLIGENCE**
**(SEMINOLE MASONRY, LLC)**

828. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

829. At all times material to this action, SEMINOLE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from SEMINOLE obligations under its subcontract agreement.

830. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, SEMINOLE breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

831. To the extent that the ASSOCIATION'S contentions are correct, SEMINOLE'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

832. As a direct and proximate result of SEMINOLE'S negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against SEMINOLE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 133**
**CONTRACTUAL INDEMNITY**
**(STOCK BUILDING SUPPLY, INC.)**

833. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

834. STOCK entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**47**."

835. KOLTER GROUP is the manager of KOLTER.

836. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, STOCK agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

837. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of STOCK'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

838. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against STOCK for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 134**
**COMMON LAW INDEMNITY**
**(STOCK BUILDING SUPPLY, INC.)**

839. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

840. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and STOCK which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of STOCK. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and STOCK and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

841. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of STOCK in the performance of its work at the Subject Property.

842. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of STOCK.

843. KOLTER GROUP are entitled to common law indemnification from STOCK.

WHEREFORE, KOLTER GROUP demand judgment against STOCK. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 135**
**NEGLIGENCE**
**(STOCK BUILDING SUPPLY, INC.)**

844. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

845. At all times material to this action, STOCK owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from STOCK obligations under its subcontract agreement.

846. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, STOCK breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

847. To the extent that the ASSOCIATION'S contentions are correct, STOCK'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

848. As a direct and proximate result of STOCK'S negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against STOCK for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 136**
**CONTRACTUAL INDEMNITY**
**(STONE AGE PAVERS, INC.)**

849. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

850. STONE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** “**48**.”

851. KOLTER GROUP is the manager of KOLTER.

852. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, STONE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement”) from and against all damage and injury relating to or arising from its work at the Project.

853. The allegations of the ASSOCIATION’S Complaint, if believed by the trier of fact, would be within the scope of STONE’S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION’S Complaint.

854. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys’ fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against STONE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 137**
**COMMON LAW INDEMNITY**
**(STONE AGE PAVERS, INC.)**

855. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

856. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and STONE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of STONE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and STONE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

857. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of STONE in the performance of its work at the Subject Property.

858. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of STONE.

859. KOLTER GROUP are entitled to common law indemnification from STONE.

WHEREFORE, KOLTER GROUP demand judgment against STONE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 138**
**NEGLIGENCE**
**(STONE AGE PAVERS, INC.)**

860. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

861. At all times material to this action, STONE owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from STONE obligations under its subcontract agreement.

862. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, STONE breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

863. To the extent that the ASSOCIATION'S contentions are correct, STONE'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

864. As a direct and proximate result of STONE'S negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against STONE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 139**
**CONTRACTUAL INDEMNITY**
**(SUPERIOR SITE SERVICES, INC.)**

865. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

866. SUPERIOR entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**49**."

867. KOLTER GROUP is the manager of KOLTER.

868. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, SUPERIOR agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

869. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of SUPERIOR'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

870. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against SUPERIOR for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 140**
**COMMON LAW INDEMNITY**
**(SUPERIOR SITE SERVICES, INC.)**

871. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

872. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and SUPERIOR which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of SUPERIOR. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and SUPERIOR and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

873. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SUPERIOR in the performance of its work at the Subject Property.

874. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of SUPERIOR.

875. KOLTER GROUP are entitled to common law indemnification from SUPERIOR.

WHEREFORE, KOLTER GROUP demand judgment against SUPERIOR. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 141**
**NEGLIGENCE**
**(SUPERIOR SITE SERVICES, INC.)**

876. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

877. At all times material to this action, SUPERIOR owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from SUPERIOR obligations under its subcontract agreement.

878. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, SUPERIOR breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

879. To the extent that the ASSOCIATION'S contentions are correct, SUPERIOR negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

880. As a direct and proximate result of SUPERIOR negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against SUPERIOR for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 142**
**CONTRACTUAL INDEMNITY**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

881. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

882. TRADEWINDS entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**50**."

883. KOLTER GROUP is the manager of KOLTER.

884. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TRADEWINDS agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

885. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TRADEWINDS' work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

886. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against TRADEWINDS for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 143**
**COMMON LAW INDEMNITY**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

887. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

888. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and TRADEWINDS which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of TRADEWINDS. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and TRADEWINDS and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

889. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TRADEWINDS in the performance of its work at the Subject Property.

890. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TRADEWINDS.

891. KOLTER GROUP are entitled to common law indemnification from TRADEWINDS.

WHEREFORE, KOLTER GROUP demand judgment against TRADEWINDS. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 144**
**NEGLIGENCE**
**(TRADEWINDS GROUP OF CENTRAL FL, INC.)**

892. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

893. At all times material to this action, TRADEWINDS owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TRADEWINDS obligations under its subcontract agreement.

894. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TRADEWINDS breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

895. To the extent that the ASSOCIATION'S contentions are correct, TRADEWINDS' negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

896. As a direct and proximate result of TRADEWINDS' negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against TRADEWINDS for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 145**
**CONTRACTUAL INDEMNITY**
**(TRUSSWAY, LTD)**

897. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

898. TRUSSWAY entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**51**."

899. KOLTER GROUP is the manager of KOLTER.

900. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TRUSSWAY agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

901. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TRUSSWAY'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

902. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against TRUSSWAY for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 146**
**COMMON LAW INDEMNITY**
**(TRUSSWAY, LTD)**

903. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

904. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and TRUSSWAY which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of TRUSSWAY. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and TRUSSWAY and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

905. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TRUSSWAY in the performance of its work at the Subject Property.

906. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TRUSSWAY.

907. KOLTER GROUP are entitled to common law indemnification from TRUSSWAY.

WHEREFORE, KOLTER GROUP demand judgment against TRUSSWAY. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 147**
**NEGLIGENCE**
**(TRUSSWAY, LTD)**

908. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

909. At all times material to this action, TRUSSWAY owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TRUSSWAY obligations under its subcontract agreement.

910. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TRUSSWAY breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

911. To the extent that the ASSOCIATION'S contentions are correct, TRUSSWAY'S negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

912. As a direct and proximate result of TRUSSWAY'S negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against TRUSSWAY for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 148**
**CONTRACTUAL INDEMNITY**
**(TYTON CONSTRUCTION, INC.)**

913. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

914. TYTON entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**52**."

915. KOLTER GROUP is the manager of KOLTER.

916. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, TYTON agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

917. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of TYTON'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

918. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against TYTON for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 149**
**COMMON LAW INDEMNITY**
**(TYTON CONSTRUCTION, INC.)**

919. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

920. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and TYTON which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of TYTON. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and TYTON and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

921. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of TYTON in the performance of its work at the Subject Property.

922. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of TYTON.

923. KOLTER GROUP are entitled to common law indemnification from TYTON.

WHEREFORE, KOLTER GROUP demand judgment against TYTON. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 150**
**NEGLIGENCE**
**(TYTON CONSTRUCTION, INC.)**

924. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

925. At all times material to this action, TYTON owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from TYTON obligations under its subcontract agreement.

926. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, TYTON breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

927. To the extent that the ASSOCIATION'S contentions are correct, TYTON's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

928. As a direct and proximate result of TYTON's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against TYTON for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 151**
**CONTRACTUAL INDEMNITY**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

929. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

930. UNITED entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**53**."

931. KOLTER GROUP is the manager of KOLTER.

932. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, UNITED agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

933. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of UNITED'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

934. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against UNITED for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 152**
**COMMON LAW INDEMNITY**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

935. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

936. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and UNITED which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of UNITED. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and UNITED and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

937. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of UNITED in the performance of its work at the Subject Property.

938. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of UNITED.

939. KOLTER GROUP are entitled to common law indemnification from UNITED.

WHEREFORE, KOLTER GROUP demand judgment against UNITED. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 153**
**NEGLIGENCE**
**(UNITED CONTRACTORS BUILDING CORPORATION)**

940. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

941. At all times material to this action, UNITED owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from UNITED obligations under its subcontract agreement.

942. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, UNITED breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

943. To the extent that the ASSOCIATION'S contentions are correct, UNITED's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

944. As a direct and proximate result of UNITED's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against UNITED for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 154**
**CONTRACTUAL INDEMNITY**
**(WALKER BUILDING CORPORATION)**

945. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

946. WALKER entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**54**."

947. KOLTER GROUP is the manager of KOLTER.

948. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, WALKER agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

949. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of WALKER'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

950. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against WALKER for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 155**
**COMMON LAW INDEMNITY**
**(WALKER BUILDING CORPORATION)**

951. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

952. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and WALKER which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of WALKER. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and WALKER and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

953. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of WALKER in the performance of its work at the Subject Property.

954. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of WALKER.

955. KOLTER GROUP are entitled to common law indemnification from WALKER.

WHEREFORE, KOLTER GROUP demand judgment against WALKER. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 156**
**NEGLIGENCE**
**(WALKER BUILDING CORPORATION)**

956. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

957. At all times material to this action, WALKER owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from WALKER obligations under its subcontract agreement.

958. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, WALKER breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

959. To the extent that the ASSOCIATION'S contentions are correct, WALKER's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

960. As a direct and proximate result of WALKER's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against WALKER for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 157**
**CONTRACTUAL INDEMNITY**
**(YORK BRIDGE CONCEPTS, INC.)**

961. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

962. YORK entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**55**."

963. KOLTER GROUP is the manager of KOLTER.

964. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, YORK agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

965. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of YORK'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

966. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against YORK for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 158**
**COMMON LAW INDEMNITY**
**(YORK BRIDGE CONCEPTS, INC.)**

967. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

968. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and YORK which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of YORK. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and YORK and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

969. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of YORK in the performance of its work at the Subject Property.

970. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of YORK.

971. KOLTER GROUP are entitled to common law indemnification from YORK.

WHEREFORE, KOLTER GROUP demand judgment against YORK. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 159**
**NEGLIGENCE**
**(YORK BRIDGE CONCEPTS, INC.)**

972. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

973. At all times material to this action, YORK owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from YORK obligations under its subcontract agreement.

974. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, YORK breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

975. To the extent that the ASSOCIATION'S contentions are correct, YORK's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

976. As a direct and proximate result of YORK's negligence, KOLTER GROUP have and will continue to suffer damages.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demand judgment against YORK for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 160**
**CONTRACTUAL INDEMNITY**
**(COLLAZO CONSTRUCTION CORP)**

977. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

978. COLLAZO CORP entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**56**."

979. KOLTER GROUP is the manager of KOLTER.

980. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, COLLAZO CORP agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

981. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of COLLAZO CORP'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

982. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

UNOFFICIAL

WHEREFORE, KOLTER GROUP demands judgment against COLLAZO CORP for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 161**
**COMMON LAW INDEMNITY**
**(COLLAZO CONSTRUCTION CORP)**

983. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

984. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and COLLAZO CORP which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of COLLAZO CORP. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and COLLAZO CORP and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

985. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of COLLAZO CORP in the performance of its work at the Subject Property.

986. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of COLLAZO CORP.

987. KOLTER GROUP are entitled to common law indemnification from COLLAZO CORP.

WHEREFORE, KOLTER GROUP demand judgment against COLLAZO CORP. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 162**
**NEGLIGENCE**
**(COLLAZO CONSTRUCTION CORP)**

988. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

989. At all times material to this action, COLLAZO CORP owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from COLLAZO CORP's obligations under its subcontract agreement.

990. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, COLLAZO CORP breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

991. To the extent that the ASSOCIATION'S contentions are correct, COLLAZO CORP's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

992. As a direct and proximate result of COLLAZO CORP's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against COLLAZO CORP for

UNOFFICIAL

negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 163**
**CONTRACTUAL INDEMNITY**
**(DURATEK PRECAST TECHNOLOGIES, INC.)**

993. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

994. DURATEK entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**57**."

995. KOLTER GROUP is the manager of KOLTER.

996. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, DURATEK agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

997. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of BARFIELD'S work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

998. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against DURATEK for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

UNOFFICIAL

**COUNT 164**
**COMMON LAW INDEMNITY**
**(DURATEK PRECAST TECHNOLOGIES, INC.)**

999. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

1000. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and DURATEK which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of DURATEK. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and DURATEK and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

1001. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of DURATEK in the performance of its work at the Subject Property.

1002. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of DURATEK.

1003. KOLTER GROUP are entitled to common law indemnification from DURATEK.

WHEREFORE, KOLTER GROUP demand judgment against DURATEK for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 165**
**NEGLIGENCE**
**(DURATEK PRECAST TECHNOLOGIES, INC.)**

1004. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

UNOFFICIAL

1005. At all times material to this action, DURATEK owed a duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from DURATEK's obligations under its subcontract agreement.

1006. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, DURATEK breached its duty to KOLTER GROUP, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

1007. To the extent that the ASSOCIATION'S contentions are correct, DURATEK's negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

1008. As a direct and proximate result of DURATEK's negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against DURATEK for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 166**
**CONTRACTUAL INDEMNITY**
**(SOLAR-TITE, INC.)**

UNOFFICIAL

1. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

2. SOLAR-TITE entered into a subcontract agreement with KOLTER to furnish labor and/or materials at the Subject Property. A copy of said subcontract agreement is attached herein as **Exhibit** "**46**."

3. KOLTER GROUP is the manager of KOLTER.

4. Pursuant to the subcontract agreement, and as more fully and accurately defined in the subcontract agreement, SOLAR-TITE agreed to defend, indemnify and hold harmless KOLTER, HEATHROW, and KOLTER GROUP as manager (as defined in the subcontract agreement") from and against all damage and injury relating to or arising from its work at the Project.

5. The allegations of the ASSOCIATION'S Complaint, if believed by the trier of fact, would be within the scope of SOLAR-TITE's work at the Subject Property. Therefore, KOLTER GROUP is entitled to contractual indemnity, defense and to be held harmless with regard to the ASSOCIATION'S Complaint.

6. KOLTER GROUP have had to retain the services of the undersigned counsel to defend them in this action and are entitled to the reimbursement of any attorneys' fees and costs associated with their defense and in bringing this claim.

WHEREFORE, KOLTER GROUP demands judgment against SOLAR-TITE for contractual indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 168**
**COMMON LAW INDEMNITY**

UNOFFICIAL

**(SOLAR-TITE, INC.)**

7. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

8. There exists a special relationship between KOLTER GROUP, KOLTER, HEATHROW and SOLAR-TITE which, KOLTER GROUP, KOLTER and/or HEATHROW, if the trier of fact or law believes the claims of liability and damages of the ASSOCIATION, can or will become liable solely based on the acts or omissions of SOLAR-TITE. This special relationship is formed by, among other things, the contractual relationship between KOLTER, HEATHROW and SOLAR-TITE and their design professionals and subcontractors; Florida's statutory implied warranties; and Florida common law relating to non-delegable duties.

9. KOLTER GROUP are wholly without fault and the only source of potential liability to them is vicarious or derivative as a result of the acts or omissions of SOLAR-TITE in the performance of its work at the Subject Property.

10. KOLTER GROUP would only be derivatively, technically, constructively or vicariously liable for the damages as a result of the alleged actions of SOLAR-TITE.

11. KOLTER GROUP are entitled to common law indemnification from YORK.

WHEREFORE, KOLTER GROUP demand judgment against SOLAR-TITE. for common law indemnity to include costs, attorneys' fees, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**COUNT 169**
**NEGLIGENCE**
**(SOLAR-TITE, INC.)**

12. KOLTER GROUP repeat and reallege paragraphs 1 through 126 as if set forth fully herein.

13. At all times material to this action, SOLAR-TITE owed a duty to KOLTER

UNOFFICIAL

GROUP, the ASSOCIATION and/or its unit owners to use reasonable care in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, proper and approved construction plans and specifications, and proper construction practices, industry standards and to be free of defects and deficiencies. This duty is separate and independent from YORK obligations under its subcontract agreement.

14. To the extent that the ASSOCIATION'S contentions of deficiencies are correct, YORK breached its duty to KOLTER GROUP, HEATHROW, the ASSOCIATION and/or its unit owners, and was careless and negligent in performing its work in accordance with the requirements of the applicable building codes and other local and national codes, failing to construct in accordance with proper and approved construction plans and specifications, and failing to employ good construction practices and industry standards, resulting in, among other things, the defects and deficiencies alleged by the ASSOCIATION'S Complaint, including resulting damage to other property.

15. To the extent that the ASSOCIATION'S contentions are correct, SOLAR-TITE negligence has caused and will continue to cause damage to the Subject Property, as well as damages to KOLTER GROUP, the responsible developer and general contractor.

16. As a direct and proximate result of SOLAR-TITE negligence, KOLTER GROUP have and will continue to suffer damages.

WHEREFORE, KOLTER GROUP demand judgment against SOLAR-TITE for negligence to include costs, costs of defense and any other relief available at law, and further demands trial by jury on all issues so triable.

**DATED:** this 20th Day of June, 2022.

UNOFFICIAL

Respectfully submitted,

**THE CARLSON LAW FIRM, P.A.**

By: */s/ Marcus G. Valantasis*
________________________________

ROBERT A. CARLSON, ESQ.
Florida Bar No.: 68433
rcarlson@carlsonfirm.com
MARCUS G. VALANTASIS, ESQ.
Florida Bar No. 356130
mvalantasis@carlsonfirm.com
100 Biscayne Boulevard, Suite 605
Miami, Florida 33132
Telephone: (305) 377-2323

*Attorneys for KOLTER SIGNATURE HOMES, LLC, KOLTER GROUP, LLC, JOHN CSAPO, AND HEATHROW OAKS, LLC*

UNOFFICIAL

## CERTIFICATE OF SERVICE

**Grande Oaks at Heathrow Association, Inc. v. Kolter Signature Homes, LLC, et al.**
**Case No.: 20-CA-3188 Consolidated with Case No.: 2022-CA-000542**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all

counsel of record on the attached Service List by electronic mail through the Florida Court's e-Filing Portal on this 9th day of June 2022, and electronically filed the foregoing with the Clerk of Seminole County by using the Florida Courts e-Filing Portal.

By: *\/s/Robert A. Carlson*
THE CARLSON LAW FIRM P.A.

UNOFFICIAL

**SERVICE LIST**

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Grande Oaks at Heathrow Association, Inc.<br>Plaintiff | **Phillip E. Joseph, Esq.**<br>**Evan J. Small, Esq.**<br>**Brett J. Roth, Esq.**<br>**Natalia A. Duran, Esq.**<br>**Keegan A. Berry, Esq.**<br>**Joseph R. Fitos, Esq.**<br>Ball Janik<br>201 E Pine Street, Suite 600<br>Orlando, FL 32801 | pjoseph@balljanik.com<br>esmall@balljanik.com<br>broth@balljanik.com<br>kberry@balljanik.com<br>nduran@balljanik.com<br>bburton@balljanik.com<br>pehlert@balljanik.com<br>cbetancourt@balljanik.com<br>bburton@balljanik.com<br>orlandodocket@balljanik.com |
| Solar-Tite, Inc. | **Thamir A.R. Kaddouri, Jr., Esq.**<br>**Penelope T. Rowlett, Esq.**<br>**Robert Deltoro, Esq.**<br>~~**Sean M. Leroux, Esq.**~~<br>Law Office of Thamir A.R. Kaddouri, Jr.<br>3220 West Cypress Street<br>Tampa, FL 33607 | Thamir.kaddouri@tampalaw.org<br>Penelope.rowlett@tampalaw.org<br>Robert.Deltoro@tampalaw.org<br>service@tampalaw.org<br>~~Sean.leroux@tampalaw.org~~ |
| American Outdoor Living, Inc. | **Beth-Ann Schulman, Esq.**<br>**Ryan G. Knight, Esq.**<br>~~**Matthew F. Miliano, Esq.**~~<br>Boyd & Jenerette<br>800 N. Magnolia Avenue, Suite 430<br>Orlando, FL 32803 | bschulman@boydjen.com<br>rknight@boydjen.com<br>smeadows@boydjen.com<br>~~mmiliano@boydjen.com~~<br>~~kmccabe@boydjen.com~~ |

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Builders Firstsource-Florida, LLC | **Gerard A. Tuzzio, Esq.**<br>**Jason B. Vrbensky, Esq.**<br>Roberts, Reynolds, Bedard & Tuzzio<br>7501 Wiles Road, Suite 201<br>Coral Springs, FL 33067 | Service_gat@rrbpa.com<br>gtuzzio@rrbpa.com<br>jvrbensky@rrbpa.com<br>lmontesion@rrbpa.com |
| United Contractors Building Corporation | **Derek J. Angell, Esq.**<br>**Brandon A. Montville, Esq.**<br>Bell & Roper, PA<br>2707 E Jefferson Street<br>Orlando, FL 32803<br><br>**Scott D. Rembold, Esq.**<br>**Mark C. Charter, Esq.**<br>Britney Arroliga (Paralegal)<br>REMBOLD HIRSCHMAN<br>2126 Ponce de Leon Blvd., Suite 500<br>Coral Gables, FL 33134 | dangell@bellroperlaw.com<br>bmontville@bellroperlaw.com<br>ndeeb@bellroperlaw.com<br><br><br><br>srembold@therhlawfirm.com<br>mcharter@therhlawfirm.com<br>barroliga@therhlawfirm.com |
| Italian Terrazzo and Tile Co. of Brevard, LLC | **Robert H. De Flesco, III, Esq.**<br>**Jana M. Fried, Esq.**<br>Cole, Scott & Kissane<br>600 North Pine Island Road, Suite 500<br>Plantation, FL 33324 | Robert.deflesco@csklegal.com<br>Jana.fried@csklegal.com<br>joeicy.fanjul@csklegal.com<br>debbie.arencibia@csklegal.com<br>construction.miami@csklegal.com |
| Clear Engineering, LLC | **Eddie Baird, Esq.**<br>**Travis Fulford, Esq.**<br>Baird Law, PLLC<br>1104 Solana Avenue<br>Winter Park, FL 32789 | eddie@baird.law<br>travis@baird.law |
| Circle L Roofing, LLC | ~~**Douglas I. Wall, Esquire**~~<br>**Rinaldo J. Cartaya III, Esquire**<br>**Robert N. Johnson, Esquire**<br>**Erik A.L. Schiff, Esquire**<br>**Robert J. Ruiz, Esquire**<br>**Andrew S. Yatkman, Esquire**<br>QUINTAIROS, PRIETO, WOOD & BOYER, P.A.<br>255 South Orange Avenue, Suite 900<br>Orlando, Florida 32801 | ~~DWall@QPWBLaw.com~~<br>Rinaldo.Cartaya@QPWBLaw.com<br>RJohnson@QPWBLaw.com<br>Erik.Schiff@QPWBLaw.com<br>Robert.Ruiz@QPWBLaw.com<br>Andrew.Yatkman@QPWBlaw.com<br>Danielle.Ahrens@QPWBLaw.com<br>CDOrlandoFiling@QPWBLaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Gulf Western Roofing & Sheet Metal, Inc.<br><br>Gulf Western Roofing & Sheet Metal, LLC n/k/a GWR Central, LLC | **Mark S. Mucci, Esq.**<br>**Robert P. Gaines, Esq.**<br>Benson, Mucci & Weiss<br>5561 North University Drive, Suite 102<br>Coral Springs, FL 33067 | mark@bmwlawyers.net<br>robert@bmwlawyers.net<br>lcfox@bmwlawyers.net |
| | **Gary F. Baumann, Esq.**<br>**Frank F. Canales, Esq.**<br>Baumann, Gant & Keeley<br>1401 East Broward Boulevard<br>Suite 200<br>Ft. Lauderdale, FL 33301 | gbaumann@baumannlegal.com<br>gbiondi@baumannlegal.com<br>dcaleca@baumannlegal.com<br>swalters@baumannlegal.com<br>fcanales@baumannlegal.com<br>ddeboliac@baumannlegal.com |
| | ~~**Douglas I. Wall, Esquire**~~<br>**Rinaldo J. Cartaya III, Esquire**<br>**Robert N. Johnson, Esquire**<br>**Erik A.L. Schiff, Esquire**<br>**Robert J. Ruiz, Esquire**<br>**Andrew S. Yatkman, Esquire**<br>QUINTAIROS, PRIETO, WOOD & BOYER, P.A.<br>255 South Orange Avenue, Suite 900<br>Orlando, Florida 32801 | ~~DWall@QPWBLaw.com~~<br>Rinaldo.Cartaya@QPWBLaw.com<br>RJohnson@QPWBLaw.com<br>Erik.Schiff@QPWBLaw.com<br>Robert.Ruiz@QPWBLaw.com<br>Andrew.Yatkman@QPWBlaw.com<br>Danielle.Ahrens@QPWBLaw.com<br>CDOrlandoFiling@QPWBLaw.com |
| All Pro Door & Window Installation, LLC | **Amanda J. McDermott, Esq.**<br>~~**Melissa Isabel, Esq.**~~<br>Rywant, Alvarez, Jones, Russo & Guyton<br>302 Knights Run Avenue, Suite 1000<br>Tampa, FL 33602 | amcdermott@rywantalvarez.com<br>ameleciopineiro@rywantalvarez.com<br>tamezquita@rywantalvarez.com<br>service@rywantalvarez.com<br>~~ssmith@rywantalvarez.com~~<br>~~misabel@rywantalvarez.com~~ |
| | **James M. Kloss, Esq.**<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>111 North Orange Avenue,<br>Suite 1200<br>Orlando, Fl 32801 | james.kloss@wilsonelser.com<br>vicki.sheridan@wilsonelser.com<br>trang.van@wilsonelser.com<br>~~abigail.ralson@wilsonelser.com~~<br>~~Nicholas.freeman@wilsonelser.com~~ |
| | **Angelica Melecio Piñeiro, Esquire**<br>**Andrew F. Russo, Esquire**<br>Rywant, Alvarez, Jones, Russo & Guyton, P.A.<br>302 Knights Run Avenue, Suite 1000<br>Tampa, Florida 33602 | ameleciopineiro@rywantalvarez.com<br>tamezquita@rywantalvarez.com<br>arusso@rywantalvarez.com<br>service@rywantalvarez.com<br>rcd@rywantalvarez.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| R & W Endeavors, Inc. | **Sarah L. Metz, Esq.**<br>**Frank S. Ganz, Esq.**<br>**Jennifer G. Gillikin, Esq.**<br>Smith, Bigman & Brock<br>P.O. Box 15200<br>Daytona Beach, FL 15200<br><br>**Steven L. Worley, Esq.**<br>**Melanie A. Lehmann, Esq.**<br>Carr Allison<br>208 North Laura Street,<br>Suite 1100<br>Jacksonville, Florida 32202 | smetz@daytonalaw.com<br>fganz@daytonalaw.com<br>jgillikin@daytonalaw.com<br>eservice@daytonalaw.com<br><br>sworley@carrallison.com<br>mlehmann@carrallison.com<br>eparker@carrallison.com<br>cdodd@carrallison.com |
| Tradewinds Group of Central FL, Inc. d/b/a GB Painting | **Beth-Ann Schulman, Esq.**<br>**Ryan G. Knight, Esq.**<br>~~**Matthew F. Miliano, Esq.**~~<br>Boyd & Jenerette<br>800 N. Magnolia Avenue, Suite 430<br>Orlando, FL 32803<br><br>**David S. Harrigan, Esq.**<br>Miline Law Group<br>301 E. Pine Street, Suite 525<br>Orlando, FL 32801 | bschulman@boydjen.com<br>rknight@boydjen.com<br>smeadows@boydjen.com<br>~~mmiliano@boydjen.com~~<br>~~kmccabe@boydjen.com~~<br><br>dharrigan@milnelawgroup.com<br>strautman@milnelawgroup.com<br>eservice@milnelawgroup.com |
| ASE Engineering, Inc.;<br><br>Minsheng Xie | **David S. Harrigan, Esq.**<br>Milne Law Group<br>301 E. Pine Street, Suite 525<br>Orlando, FL 32801 | dharrigan@milnelawgroup.com<br>eservice@milnelawgroup.com |
| ASE Engineering, Inc. | **George R. Truitt, Jr., Esq.**<br>**Christina Berdahl, Esq.**<br>**Taylor H. Scheiner, Esq.**<br>Cole, Scott & Kissane<br>9150 South Dadeland Boulevard<br>Suite 1400<br>Miami, FL 33156 | George.truitt@csklegal.com<br>Christina.gierke@csklegal.com<br>Taylor.scheiner@csklegal.com<br>Gabriela.Delgado@csklegal.com<br>~~Yvette.batlle@csklegal.com~~ |
| Architectural Studio, Inc.;<br><br>Scott Blakeslee Disher | **Jose B. Rodriguez, Esq.**<br>**James S. Helf, Esq.**<br>**Dwon A. Huggins, Esq.**<br>Daniels, Rodriguez, Berkley, Daniels & Cruz<br>490 Sawgrass Corporate Parkway<br>Suite 320<br>Ft. Lauderdale, FL 33325 | jrodriguez@drbdc-law.com<br>jhelf@drbdc-law.com<br>dhuggins@drbdc-law.com<br>~~ddames@drbdc-law.com~~<br>service-jbr@drbdc-law.com<br>service-jsh@drbdc-law.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Professional Sunshine Roofing, Inc. | ~~**Douglas L. Wall, Esq.**~~<br>**Rinaldo J. Cartaya III, Esq.**<br>**Robert N. Johnson, Esq.**<br>**Erik A.L. Schiff, Esq.**<br>**Robert J. Ruiz, Esq.**<br>**Andrew S. Yatkman, Esq.**<br>Quintarios, Prieto, Wood & Boyer<br>255 South Orange Avenue, Suite 900<br>Orlando, FL 32801<br><br>**Christina Bredahl Gierke, Esq.**<br>**Kyle Costello, Esq.**<br>Cole, Scott & Kissane<br>1900 Summit Tower Boulevard<br>Orlando, FL 32801 | ~~dwall@qpwblaw.com~~<br>Rinaldo.cartaya@qpwblaw.com<br>rjohnson@qpwblaw.com<br>erik.schiff@qpwblaw.com<br>Robert.ruiz@qpwblaw.com<br>Andrew.Yatkman@QPWBLaw.com<br>Danielle.ahreans@qpwblaw.com<br>cdorlandofiling@qpwblaw.com<br><br>christina.gierke@csklegal.com<br>kyle.costello@csklegal.com<br>~~myrna.liggett@csklegal.com~~ |
| United Contractors Building Corporation | ~~**Doryk "Rusty" B. Graf, Jr., Esq.**~~<br>~~**Mohamed Z. Somji, Esq.**~~<br>~~Moody & Graf~~<br>~~1101 North Lake Destiny Road~~<br>~~Suite 200~~<br>~~Maitland, FL 32751~~ | ~~rgraf@moodygraf.com~~<br>~~msomji@moodygraf.com~~<br>~~pmallion@moodygraf.com~~<br>~~ascheele@moodygraf.com~~ |
| Kimley-Horn and Associates, Inc. | **Andrew P. Thompson, Esq.**<br>**Anthony Jaglal, Esq.**<br>Thompson, Jaglal & Sutton<br>4746 New Broad Street<br>Orlando, FL 32814 | apt@thompsonjaglal.com<br>ajaglal@thompsonjaglal.com<br>paralegal@thompsonjaglal.com |
| Cunningham Electric, Inc.<br><br>Co-Counsel | **Eric J. Netcher, Esq.**<br>Walker, Revels, Greninger & Netcher<br>189 S. Orange Avenue, Suite 1830<br>Orlando, FL 32801<br><br>**Jeffrey M. Paskert, Esq.**<br>**Alex M. Sarsfield, Esq.**<br>Mills Paskert Divers<br>100 North Tampa Street, Suite 3700<br>Tampa, FL 33602<br><br>**William M. Woods, Esquire**<br>**Jennifer E. Lulgjuraj, Esq.**<br>Law Office of William Woods<br>100 S. Missouri Avenue, Suite 201<br>Clearwater, Florida 33756 | enetcher@wrgn-law.com<br>hpaymayesh@wrgn-law.com<br><br>jpaskert@mpdlegal.com<br>asarsfield@mpdlegal.com<br>jegusquiza@mpdlegal.com<br>kygnelzi@mpdlegal.com<br><br>wwoods@willwoodslaw.com<br>jlulgjuraj@willwoodslaw.com<br>annelm@willwoodslaw.com<br>mabelc@willwoodslaw.com<br>pleadings@willwoodslaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Stone Age Pavers, Inc. | **Michelle M. Krone, Esq.**<br>Kubicki Draper<br>13350 Metro Parkway, Suite 401<br>Ft. Myers, FL 33966<br><br>**Jason R. Moyer, Esq.**<br>**Jill M. Dutmers, Esq.**<br>Moyer Law Group<br>801 Third Street South<br>St. Petersburg, FL 33701 | mmk-kd@kubickidraper.com<br>tanya.jaruchik@kubickidraper.com<br>aah@kubickidraper.com<br><br>service-jmoyer@moyerlawgroup.com |
| Grusenmeyer – Scott & Associates, Inc. | **Kimberly A. Ashby, Esq.**<br>Foley & Lardner<br>111 North Orange Avenue, Suite 1800<br>Orlando, FL 38201 | kashby@foley.com<br>dburgos@foley.com<br>sscott@foley.com |
| Rubio's D Painting, Inc. | **Wayne Tosko, Esq.**<br>Vasquez & Tosko, LLP<br>Landmark Center One<br>315 East Robinson Street, Suite 650<br>Orlando, FL 32801-4328 | Wtosko@vasko.net<br>nel@vasko.net |
| Oldcastle Precast, Inc. n/k/a Oldcastle Infrastructure, Inc. | **Travis J. Halstead, Esq.**<br>**Theresa A. Ginsberg, Esq.**<br>Cole, Scott & Kissane, P.A.<br>1900 Summit Tower Blvd., Ste 400<br>Orlando, Florida 32810 | travis.halstead@csklegal.com<br>Theresa.Ginsberg@csklegal.com<br>Anthony.Jimenez@csklegal.com<br>~~john.schreiber@csklegal.com~~<br>~~catiyaris.perez@csklegal.com~~<br>amanda.womack@csklegal.com<br>~~jennie.schwartz@csklegal.com~~<br>~~melinda.maldonado@csklegal.com~~<br>~~susan.powell@csklegal.com~~ |
| Richard & Rice Construction Company, Inc. | **Timothy O. McMahon, Esq.**<br>**Derek A. Conn, Esq.**<br>Conroy Simberg<br>2 South Orange Avenue, Suite 300<br>Orlando, Fl 32801 | tmcmahon@conroysimberg.com<br>dconn@conroysimberg.com<br>mmaitland@conorysimberg.com<br>eserviceorl@conroysimberg.com |
| Para Construction, LLC<br>Pro Union Contractors, Inc.<br>JSMM Construction, LLC | **William M. Woods, Esquire**<br>**Jennifer E. Lulgjuraj, Esq.**<br>Law Office of William Woods<br>100 S. Missouri Avenue, Suite 201<br>Clearwater, Florida 33756 | wwoods@willwoodslaw.com<br>jlulgjuraj@willwoodslaw.com<br>annelm@willwoodslaw.com<br>mabelc@willwoodslaw.com<br>pleadings@willwoodslaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Collis Roofing, Inc.;<br><br>Russo & Sons<br>n/k/a M&MR Operations;<br><br>. | ~~**Douglas I. Wall, Esq.**~~<br>**Rinaldo J. Cartaya III, Esq.**<br>**Robert N. Johnson, Esq.**<br>**Erik A.L. Schiff, Esq.**<br>**Robert J. Ruiz, Esq.**<br>**Andrew S. Yatkman, Esq.**<br>Quintaros, Prieto, Wood & Boyer, P.A<br>255 South Orange Avenue, Suite 900<br>Orlando, Florida 32801 | ~~DWall@QPWBLaw.com~~<br>Rinaldo.Cartaya@QPWBLaw.com<br>RJohnson@QPWBLaw.com<br>Erik.Schiff@QPWBLaw.com<br>Robert.Ruiz@QPWBLaw.com<br>Andrew.Yatkman@QPWBLaw.com<br>Danielle.Ahrens@QPWBLaw.com<br>CDOrlandoFiling@QPWBLaw.com |
| York Bridge Concepts, Inc | ~~**Douglas I. Wall, Esq.**~~<br>**Rinaldo J. Cartaya III, Esq.**<br>**Robert N. Johnson, Esq.**<br>**Erik A.L. Schiff, Esq.**<br>**Robert J. Ruiz, Esq.**<br>**Andrew S. Yatkman, Esq.**<br>Quintaros, Prieto, Wood & Boyer, P.A<br>255 South Orange Avenue, Suite 900<br>Orlando, Florida 32801<br><br>**Beth-Ann Schulman, Esq.**<br>~~**Ryan G. Knight, Esq.**~~<br>Boyd & Jenerette<br>800 N. Magnolia Avenue, Suite 430<br>Orlando, FL 32803 | ~~DWall@QPWBLaw.com~~<br>Rinaldo.Cartaya@QPWBLaw.com<br>RJohnson@QPWBLaw.com<br>Erik.Schiff@QPWBLaw.com<br>Robert.Ruiz@QPWBLaw.com<br>Andrew.Yatkman@QPWBLaw.com<br>Danielle.Ahrens@QPWBLaw.com<br>CDOrlandoFiling@QPWBLaw.com<br><br>bschulman@boydjen.com<br>~~rknight@boydjen.com~~<br>smedadows@boydjen.com |
| AFI Construction, Inc. | **Gary F. Baumann, Esq.**<br>**Peri Rose Houston-Miller, Esq.**<br>Bumann, Gant & Keeley<br>1401 East Broward Boulevard, Suite 200<br>Ft. Lauderdale, FL 33301 | gbaumann@baumannlegal.com<br>phuston-miller@baumannlegal.com<br>dcaleca@baumannlegal.com<br>swalters@baumannlegal.com<br><br>~~jfrometa@baumannlegal.com~~ |
| Conquest Services, Inc. | **Alexander J. Martin**<br>**Joseph I. Zollner, Esq.**<br>Law Office of J. Christopher Norris<br>1301 Riverplace Blvd., Suite 1640<br>Jacksonville, Florida 32207<br><br>**Candace Moss, Esq.**<br>Law Offices of Sanabria & Marsh<br>Claims Litigation<br>P.O. Box 258829<br>Oklahoma City, OK 73125-8829 | Alexander.Martin@libertymutual.com<br>Joseph.zollner@libertymutual.com<br>Floridacdlegalmail@libertymutual.com<br><br>orlandolegal@farmersinsurance.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Omni Awnings, Inc. | **James R. Myers, Esq.**<br>**Jessica A. Teitelbaum, Esq.**<br>Chartwell Law<br>12486 Brantley Commons Court<br>Fort Myers, FL 33907 | jmyers@chartwelllaw.com<br>jteitelbaum@chartwelllaw.com<br>snoble@chartwelllaw.com<br>wpruneda@chartwelllaw.com |
| JAC Windoors, Corp. | **Anthony J. Petrillo, Esq.**<br>**Dustan M. Lorimer, Esq.**<br>Luks, Santaniello, Petrillo & Cohen<br>100 N Tampa Street, Suite 2120<br>Tampa, FL 33602 | dlorimer@insurancedefense.net<br>lukstpa-pleadings@ls-law.com |
| Barfield Fence and Fabrication, Inc., and GMB Construction Services, LLC | **Geoffrey Lutz, Esq.**<br>**Oliver Pichardo, Esq.**<br>Resnick & Louis, P.C<br>3157 N. Alafaya Trail<br>Orlando, FL 32826 | glutz@rlattorneys.com<br>opichardo@rlattorneys.com<br>trhea@rlattorneys.com<br>hkiper@rlattorneys.com<br>pdegregory@rlattorneys.com<br>~~Sruiz@rlattorneys.com~~<br>~~lhernandez@rlattorneys.com~~ |
| Tyton Construction, Inc. | **Robert A. Crabhill, Esq.**<br>**Leila M. Lugo, Esq.**<br>Law Offices of Sonya S. Wesner<br>200 East Robinson Street, Suite 510<br>Orlando, FL 32801<br><br>**Jonathan N. Zaifert, Esq,**<br>Caglianone& Miller<br>1580 W. Cleveland Street<br>Tampa, FL 33606 | flcondef@nationwide.com<br>crabir1@nationwide.com<br>lugol1@nationwide.com<br><br>jzaifert@cagmil.com<br>trogers@cagmil.com |
| G.H.B. Contractors, Inc. | **Kieran F. O'Connor**<br>**Elizabeth Droz-Stolinas**<br>**W. Gregory Lockeby, Esq.**<br>O'CONNOR & O'CONNOR, LLC<br>800 North Magnolia Avenue, Ste 1260<br>Orlando, FL 32803<br>(407) 843-2100<br>(407) 843-2061 Facsimile | koconnor@oconlaw.com<br>mgibilisco@oconlaw.com<br>g.lockeby@oconlaw.com<br>edroz-stolinas@oconlaw.com<br>rps@oconlaw.com<br>cmoore@oconlaw.com<br>eservice@oconlaw.com |
| Just Floors, Inc. | **Stephen W. Stukey, Esq.**<br>**Kimberly A. Canals, Esq.**<br>**LaKirah D. Kincy, Esq.**<br>Cole, Scott & Kissane<br>4301 West Boy Scout Boulevard<br>Suite 400<br>Tampa, FL 33607 | Stephen.Stukey@csklegal.com<br>Kimberly.canals@csklegal.com<br>LaKirah.Kincy@csklegal.com<br>Maribel.ortiz@csklegal.com<br>Danielle.belokoptisky@csklegal.com<br>Lavina.gonzalez@csklegal.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Shoreline Systems, Inc. | **Timothy R. Moorehead, Esq.**<br>**Katherine A. Williams, Esq.**<br>Wright. Fulford. Moorehead & Brown, P.A.<br>505 Maitland Avenue, Suite 1000<br>Altamonte Springs, Florida 32701 | tmoorhead@wfmblaw.com<br>~~jmercado@wfmblaw.com~~<br><br>kwilliams@wfmblaw.com<br>vhutchison@wfmblaw.com<br><br>~~lwilliams@wfmblaw.com~~ |
| Da Pau Enterprises 11, Inc | **Jayne Ann Pittman, Esq.**<br>**Derek A. Conn, Esq.**<br>CONROY SIMBERG<br>2 South Orange Avenue, Suite 300<br>Orlando, FL 32801 | jpittman@conroysimberg.com<br>mmaitland@conorysimberg.com<br>dconn@conroysimberg.com<br>eserviceorl@conroysimberg.com |
| Floors n Tile, LLC<br><br><br>Co-Counsel | **Gregory K. Mausser, Esq.**<br>The Law Office of Gregory K. Mausser, P.A.<br>5224 West State Road 46, PMB #343<br>Sanford, Florida 32771<br><br>Beth-Ann Schulman, Esq.<br>Jason W. Crews, Esq.<br>**BOYD & JENERETTE, P.A.**<br>800 N. Magnolia Ave., Suite 430<br>Orlando, Florida 32803 | gkm@mausserlaw.com<br><br><br><br><br>bschulman@boydjen.com<br>jcrews@boydjen.com<br>swebb@boydjen.com |
| F&B Stucco Associates, Inc. | **S. Scott Ross, Esq.**<br>GROELLE & SALMON, P.A<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, FL 33607 | gstcourtdocs@gspalaw.com<br>sross@gspalaw.com<br>cebanks@gspalaw.com<br>mobrien@gspalaw.com |
| REW Landscape Corp. | **Jason R. Moyer, Esquire**<br>**Matthew B. Greetham, Esquire**<br>Moyer Law Group<br>801 Third Street South<br>St. Petersburg, FL 33701 | service-jmoyer@moyerlawgroup.com |
| Walker Building Corporation | **Ryan E. Baya, Esq.**<br>**Jeffrey M. Paskert, Esq.**<br>MILLS PASKERT DIVERS<br>100 North Tampa Street, Suite 3700<br>Tampa, FL 33602 | rbaya@mpdlegal.com<br>jpaskert@mpdlegal.com<br>jegusquiza@mpdlegal.com<br>dhutchins@mpdlegal.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| JRA Construction, LLC | **Joseph L. Amos, Jr.**<br>Fisher Rushmer, P.A.<br>390 North Orange Avenue, Suite 2200<br>Post Office Box 3753<br>Orlando, Florida 32802-3753<br><br>**William M. Woods, Esquire**<br>**Jennifer E. Lulgjuraj, Esquire**<br>Law Office of William Woods<br>100 S. Missouri Avenue, Suite 201<br>Clearwater, Florida 33756 | jamos@fisherlawfirm.com<br>askees@fisherlawfirm.com<br><br>wwoods@willwoodslaw.com<br>jlulgjuraj@willwoodslaw.com<br>annelm@willwoodslaw.com<br>mabelc@willwoodslaw.com<br>pleadings@willwoodslaw.com |
| B & J Universal, LLC | **William M. Woods, Esquire**<br>**Jennifer E. Lulgjuraj, Esquire**<br>Law Office of William Woods<br>100 S. Missouri Avenue, Suite 201<br>Clearwater, Florida 33756 | wwoods@willwoodslaw.com<br>jlulgjuraj@willwoodslaw.com<br>annelm@willwoodslaw.com<br>pleadings@willwoodslaw.com |
| L & Jared Painting | **Jeffrey M. Bell, Esquire**<br>Banker Lopez Gassler P.A.<br>1200 South Pine Island Road, Suite 170<br>Plantation, Florida 33324 | Service-jbell@bankerlopez.com<br>Service-cmarichal@bankerlopez.com |
| Guardiola Garage-Sliding Door and Window Installation, Inc | **Andrew T. Marshall, Esquire**<br>**Sara W. Mapes, Esquire**<br>HAMILTON, PRICE & MARSHALL, P.A.<br>2400 Manatee Avenue West<br>Bradenton, FL 34205 | Andrew@hamiltonpricelaw.com<br>Sara@hamiltonpricelaw.com<br>atmservice@hamiltonpricelaw.com<br>Nancy@hamiltonpricelaw.com<br>Kelsey@hamiltonpricelaw.com |
| JMHC, Inc. | **Scott S. Amitrano, Esq.**<br>**Christian R Calcines, Esq.**<br>**Francis A. Mora, Esq.**<br>Banker Lopez Gassler P.A.<br>501 East Kennedy Boulevard,<br>Suite 1700<br>Tampa, Florida 33602 | service-samitrano@bankerlopez.com<br>service-ccalcines@bankerlopez.com<br>service-fmora@bankerlopez.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Seminole Masonry, LLC | **Rachel A. O'Brien, Esq.**<br>Hill, Rugh, Keller & Main, PL<br>390 N Orange Ave., Ste. 1610<br>Orlando, FL 32801<br><br>**Stuart Jay Levine**<br>**Michael T. Relihan**<br>WALTERS LEVINE PARISI & DEGRAVE<br>601 Bayshore Boulevard, Suite 720<br>Tampa, Florida 33606 | Rachel@HRKMlaw.com<br>Filings@HRKMlaw.com<br>Ernestine@HRKMlaw.com<br><br>slevine@walterslevine.com<br>cmanganiello@walterslevine.com<br>mrelihan@walterslevine.com |
| JSMM Construction, LLC<br>And<br>Pro Union Contractors<br>And<br>Para Construction, LLC | **William M. Woods, Esquire**<br>**Jennifer E. Lulgjuraj, Esquire**<br>Law Office of William Woods<br>100 S. Missouri Avenue, Suite 201<br>Clearwater, Florida 33756 | Wwoods@willwoodslaw.com<br>Jlulgjuraj@willwoodslaw.com<br>AnneLM@willwoodslaw.com<br>Pleadings@willwoodslaw.com |
| XLR8 Roofing & Construction | **Alexis M. Ercolani, Esq.**<br>The Munizzi Law Firm<br>101 N. Woodland Boulevard, Suite 601<br>Deland, Florida 32720 | Alex@MunizziLaw.com<br>Docket@MunizziLaw.com |
| Southern Glass, LLC | **Andrew T. Marshall, Esq.**<br>**Sara W. Mapes, Esq.**<br>Hamilton, Price & Marshall, PA.<br>2400 Manatee Avenue West<br>Bradenton, FL 34205 | Andrew@hamiltonpricelaw.com<br>Sara@hamiltonpricelaw.com<br>atmservice@hamiltonpricelaw.com<br>Nancy@hamiltonpricelaw.com<br>Kelsey@hamiltonpricelaw.com |
| EGG Construction Contractors, Inc.<br>*and*<br>Classical Construction, Inc.<br>*and*<br>Stick Contractor Services, Inc.<br>*And*<br>Lion Construction Contractors, Inc. | **Jennifer Shippole, Esq.**<br>**Nicole Seropian, Esq.**<br>Law Office of Jennifer L. Shippole<br>14050 NW 14th Street, Suite 180<br>Sunrise, Florida 33323 | jlspleadings@fednat.com<br>nseropian@fednat.com<br>jshipole@fednat.com |
| XLR8 Dumpsters, LLC | **Eric P. LaRue, Esq.**<br>The LaRue Firm, PLLC<br>558 W. New England Avenue, Suite 210<br>Winter Park, Florida 32789 | eric@thelaruefirm.com<br>addison@thelaruefirm.com<br>dana@thelaruefirm.com |
| G & L Exteriors. Inc. | **Timothy O. McMahon, Esq.**<br>**Derek A. Conn, Esq.**<br>Conroy Simberg<br>2 South Orange Avenue, Suite 300<br>Orlando, FL 32801 | tmcmahon@conroysimberg.com<br>mmaitland@conroysimberg.com<br>dconn@conroysimberg.com<br>eserviceorl@conroysimberg.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| Best Wrap, LLC | **Denise M. Anderson, Esq.**<br>**Taylor E. Ellis, Esq.**<br>Butler Weihmuller Katz Craig, LLP<br>400 N. Ashley Drive, Suite 2300<br>Tampa, Florida 33602<br><br>~~**Derek h. Lloyd, Esq.**~~<br>~~**Dorie H. Ortiz, Esq.**~~<br>~~Chartwell Law~~<br>~~1191 East Newport Center Drive, Suite H~~<br>~~Deerfield Beach, Florida 33442~~ | danderson@butler.legal<br>tellis@butler.legal<br>sbannon@butler.legal<br>mmilligan@butler.legal<br>mbeers@butler.legal<br><br>~~dlloyd@chartwelllaw.com~~<br>~~dortiz@chartwelllaw.com~~<br>~~garboleda@chartwelllaw.com~~<br>~~ksantana@chartwelllaw.com~~ |
| Construction Services and Consultants, Inc. f/k/a Goldmark Holdings, Inc.<br><br>Co-Counsel | **Lindsay G. McCormick, Esq.**<br>Marshall, Dennehey, Warner, Coleman & Goggin, P.A.<br>201 E. Kennedy Blvd. - Suite 1100<br>Tampa, FL 33602<br><br>**Kieran F. O'Connor, Esq.**<br>**Elizabeth Droz-Stolinas, Esq.**<br>**W. Gregory Lockeby, Esq.**<br>O'CONNOR & O'CONNOR, LLC<br>800 North Magnolia Avenue, Ste 1260<br>Orlando, FL 32803 | lgmccormick@mdwcg.com<br>klhammock@mdwcg.com<br><br>koconnor@oconlaw.com<br>edroz-stolinas@oconlaw.com<br>g.lockeby@oconlaw.com<br>mgibilisico@oconlaw.com<br>cmoore@oconlaw.com<br>rps@oconlaw.com<br>eservice@oconlaw.com |
| Tiki Huts Unlimited & Construction n/k/a Weather Guard Windows and Doors, LLC | **Glen R. Goldsmith, Esq.**<br>Glen R. Goldsmith, P.A.<br>9500 S. Deland Blvd., Suite 601<br>Miami, Florida 33156 | ggoldsmith@goldsmithpa.com<br>lchacon@goldsmithpa.com |
| Coleman Floor Company And Stock Building Supply, Inc. | **Kevin E. Helm, Esq.**<br>PARKER, NELSON & ASSOCIATES, CHTD<br>2460 Professional Court, Suite 200<br>Las Vegas, Nevada 89128 | Khelm@Lee-Lawfirm.com<br>tparker@pnalaw.net<br>enunez@pnalaw.net |
| Alana International, Inc. d/b/a Baker Brothers Construction | **Leila M. Lugo, Esq.**<br>Law Office of Sonya S. Wesner<br>200 East Robinson Street, Suite 510<br>Orlando, FL 32801 | LUGOL1@nationwide.com<br>ramosk4@nationwide.com<br>donall1@nationwide.com |
| J & K Services, LLC | **Scott Ross, Esq.**<br>Groelle & Salmon, P.A.<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, Florida 33607 | sross@gspalaw.com<br>cebanks@gspalaw.com<br>gstcourtdocs@gspalaw.com |

UNOFFICIAL

| COUNSEL FOR | ATTORNEY NAME | EMAIL ADDRESSES |
|---|---|---|
| ~~Ardaman & Associates, Inc.~~ | ~~**Curtis L. Brown, Esq.**~~<br>~~**Muriel Whitehead, Esq.**~~<br>~~**J. Michael Moorhead, Esq.**~~<br>~~Wright, Fulford, Moorhead & Brown~~<br>~~505 Maitland Avenue, Suite 1000~~<br>~~Altamonte Springs, FL 32701~~ | ~~cbrown@wfmblaw.com~~<br>~~mwhitehead@wfmblaw.com~~<br>~~khartin@wfmblaw.com~~<br>~~vhutchison@wfmblaw.com~~<br>~~mmoorhead@wfmblaw.com~~<br>~~imancilla@wfmblaw.com~~ |
| ~~Pinnacle Pavers, LLC~~ | ~~**Kevin A. McNeill, Esq.**~~<br>~~McNeill Law Group~~<br>~~3380 Tamiami Trail, Suite A-1~~<br>~~Port Charlotte, FL 33952~~ | ~~kmcneill@mcneill.lawyer~~<br>~~matha@mcneill.lawyer~~ |
| ~~Cedrus, Inc.~~<br>~~d/b/a American Stairs & Millworks~~ | ~~**Timothy R. Moorhead, Esq.**~~<br>~~**Richard L. Russo, Esq.**~~<br>~~Wright, Fulford, Moorhead & Brown, PA~~<br>~~505 Maitland Avenue, Suite 1000~~<br>~~Altamonte Springs, FL 32701~~ | ~~tmoorehead@wfmblaw.com~~<br>~~lc-arrington@wfmblaw.com~~<br>~~rrusso@wfmblaw.com~~<br>~~lwilliams@wfmblaw.com~~ |

UNOFFICIAL