UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-01360-RBD-DCI

UNITED SPECIALTY INSURANCE;
AMTRUST INTERNATIONAL UNDERWRITERS
DAC; and REPUBLIC VANGUARD INSURANCE
COMPANY,

Plaintiffs,

v.

KOLTER SIGNATURE HOMES LLC; KOLTER
GROUP, LLC; HEATHROW OAKS LLC;
JOHN CSAPO, and GRANDE OAKS AT
HEATHROW ASSOCIATION, INC.,

Defendants.
_______________________________________/

**DEFENDANTS', KOLTER SIGNATURE HOMES LLC, KOLTER GROUP LLC, HEATHROW OAKS LLC, AND JOHN CSAPO'S MOTION TO DISMISS COUNTS II, IV, VI, VIII, XXIII and XXIV OF PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Kolter Signature Homes LLC, Kolter Group LLC, Heathrow Oaks LLC, and John Csapo (collectively, "Kolter" or "Insureds"), pursuant to Fed. R. Civ. P. 12(b)(6) and (7) hereby file their Motion to Dismiss Counts II, IV, VI, VIII, XXIII, and XXIV of the Amended Complaint for Declaratory Relief filed by Plaintiffs, United Specialty Insurance, Amtrust International Underwriters DAC, and Republic Vanguard Insurance Company (collectively, "Insurers"), and state:

## INTRODUCTION

Kolter's Insurers filed an Amended Complaint for Declaratory Relief (ECF 8), seeking a declaration that they have no duty to defend or indemnify their Insureds against a lawsuit filed against them by Grande Oaks at Heathrow Association, Inc. (the "Association") in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County. The lawsuit, *Grande Oaks at Heathrow Association, Inc. v. Kolter Signature Homes LLC, et al.*, Case Nol.: 2020-CA-003188, seeks to hold Kolter liable for damages arising out of alleged construction defects to a townhouse development (the "Underlying Action").

The Insurers issued primary insurance policies (the "Policies") to Kolter, which promise to defend Kolter against claims seeking to hold them liable for property damage caused by an "occurrence". The Policies also promise to indemnify Kolter against liabilities for property damages caused by an occurrence.

In their Amended Complaint, the Insurers assert, in part, that they have no duty to indemnify Kolter because the "damage to property" exclusion applies (Count II); the damage does not constitute "property damage" (Count IV); the damage was not caused by an "occurrence" or "accident (Count VI); and the "expected or intended injury" exclusion applies (Count VIII). Additionally, the Insurers assert they have no duty to defend (XXIII) or indemnify (XXIV) Kolter because other insurance is available to cover Kolter against liabilities in the Underlying Action, such that "other insurance" provisions in the Policies operate to make the Policies excess insurance policies.

Kolter seeks to dismiss Counts II, IV, VI, VIII and XXIV (the "Indemnity Counts") pursuant to FRCP 12(b)(1) because the duty to indemnify is not ripe for adjudication in a Declaratory Judgment Action until the Insureds are in fact held liable in the Underlying Action.

Further, Kolter seeks to dismiss Counts XXIII and XXIV (the "Other Insurance Counts"), which seek a declaration that the Insurers have no duty to defend or indemnify Kolter until other insurers defend and indemnify Kolter, because the Insurers have failed to join, let alone identify the "other insurers". Pursuant to FRCP 12(b)(7) and FRCP 19, the Other Insurance Counts should be dismissed for failure to join an indispensable party. Alternatively, the Other Insurance Counts should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim because the Insurers have failed to identify the other insurers and failed to attach other insurance policies that would be necessary for the court to determine whether and how "other insurance" provisions apply.

Last, even if there were a ripe and justiciable controversy (there is not), this Court should exercise its discretion to stay the Indemnity and Other Insurance Counts pursuant to the abstention doctrine.

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a party may seek dismissal of individual claims for: (1) "lack of subject matter jurisdiction" (Fed. R. Civ. P. 12(b)(1)); and (2) "failure to state a claim upon which relief can be granted"

(Fed. R. Civ. P. 12(b)(6)). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). Matters of ripeness are considered facial challenges to subject matter jurisdiction. S*ee Depositors Ins. Co. v. BGW Design Ltd*, 2018 U.S. Dist. LEXIS 33666, *8 (S.D. Fla. Feb. 28, 2018). In a facial challenge to subject matter jurisdiction, the allegations in the complaint are taken as true for purposes of the motion. *See McElmurray*, 501 F.3d at 1251. A plaintiff has the burden of establishing that a court has subject matter jurisdiction over a case. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hames v. City of Miami*, 479 F. Supp. 2d 1276, 1283-84 (S.D. Fla. 2007).

Even where the constitutional minimum for jurisdiction has been met, prudential considerations may still counsel judicial restraint. *Dig. Props. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)(citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515-16 (1967)).

In determining whether to dismiss claims under Rule 12(b)(6), courts must determine whether a claim is plausible on its face. Mere naked assertions are not sufficient. "A complaint must contain sufficient factual matter, which if accepted as true, would 'state a claim to relief that is plausible on its face'."*Nagulapalli v. Starwood Vacation Ownership*, 2012 U.S. Dis.t LEXIS 167996, *2-6 (M.D. Fla. 2012); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> Courts should dismiss a claim when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support [such] claim." *See Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

*United States ex. Rel. Doe v. Health First, Inc.* 2106 U.S. Dist. LEXIS 95987, *9-10 (M.D. Fla. 2016). While factual allegations must be accepted as true, the same is not true for legal conclusions. "A pleading that offers mere 'labels and conclusions' is therefore insufficient." *Skyles v. McCoy*, 2017 U.S. Dist. Lexis 53590, *3-4 (M.D. Fla. 2017) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss for failure to join an indispensable party under Rule 12(b)(7) is decided in accordance with Rule 19. Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in the person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Nagulapalli* at *5 (*citing* Fed. R. Civ. P. 19(a)(1)).

**B. DECLARATORY RELIEF**

The Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is well established that while the Declaratory Judgment Act gives federal courts the

authority to make a declaration of rights, it does not impose a duty on federal courts to do so. *See First Mercury Ins. Co. v. Excellent Computing Distribs.*, 648 Fed. Appx. 861, 865 (11th Cir. 2016). "An essential element for a declaratory judgment action is the existence of an actual controversy between the parties." *Clark v. Rockhill Ins. Co.*, 2018 U.S. Dist. LEXIS 175184, *8 (M.D. Fla. Sept. 21, 2018). In reviewing a declaratory action, the Court considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

**C. RIPENESS**

Pursuant to Article III of the United States Constitution, federal courts may only exercise jurisdiction over "cases and controversies of sufficient concreteness to evidence a ripeness for review." *Hames v. City of Miami*, 479 F.Supp. 2d 1276, 1284-1285 (S.D. Fla. 2007) (citing *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) (citing *U.S. Const. art. III. § 2. Cl. 1; Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 992 F.2d 756, 759 (11th Cir. 1991). From this requirement, courts developed the doctrine of ripeness.

> The purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements…" *Id.* (internal quotation and citation omitted); *see also Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2001).

*Id.*

The ripeness doctrine, which involves both jurisdictional and prudential concerns, requires courts to balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration. *Id.*; *see also Ostegren v. Cuccinelli*, 615 F.3d 263, 287-288 (4th Cir. 2010).

> In undertaking an analysis of the fitness prong, the Supreme Court has indicated that courts should consider whether judicial intervention would inappropriately interfere with further administrative action and whether the courts would benefit from further factual development of the issues presented. *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 725, 733, 118 S. Ct. 1665, 140 L. Ed. 2d 921 (1998). Indeed, the Eleventh Circuit has stated that "claims are less likely to be considered 'fit' for adjudication when they … require 'speculation about contingent future events.'" *Pittman*, 267 F.3d at 1278 (quoting *Cheffer*, 55 F.3d at 1524). This concern arises especially where the decision-making body has yet to render its final decision. *Id.; see also Digital. Props.*, 121 F.3d at 590.

*See Hames*, 479 F.Supp. 2d at 1285.

### D. THE DUTY TO INDEMNIFY

An insurer's duty to indemnify, unlike the duty to defend, depends on the outcome of the underlying lawsuit. *Depositors Ins.*, 2018 U.S. Dist. LEXIS 33666, at *9-* 10; *Phila. Indem. Ins. Co. . v. Allied Mortg. & Fin. Corp.*, No. 10-61849-CIV, 2011 U.S. Dist. LEXIS 163392, at *11-12 (S.D. Fla. May 9, 2011). Accordingly, a "duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Depositors Ins.*, 2018 U.S. Dist. LEXIS 33666, at *9-*10; *see also Allstate Prop. & Cas. Ins. Co. v. Peluchette*, 2015 U.S. Dist. LEXIS 186784, at *10 (S.D. Fla. July 29, 2015) (citing *Smithers Constr. Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla 2008) (collecting cases); and *IDC Constr., LLC. v. Admiral Ins. Co.,* 339 F. Supp. 2d 1342, 1349 (S.D. Fla. 2004).

**E. THE DUTY TO INDEMNIFY IS NOT RIPE FOR ADJUDICATION**

In this Declaratory Judgment Action, the Insurers ask this Court to declare that under the Policies, the Insurers have no duty indemnify Kolter if a judgment is ultimately entered against it in the Underlying Action. As further discussed below, the duty to indemnify is not ripe because no judgment has been entered against Kolter in the Underlying Action.

The Federal Declaratory Judgment Act requires an "actual controversy" to exist as a condition for relief to be granted. 28 U.S.C. § 2201(a). There is no bright line between declaratory judgment actions that satisfy the case-or-controversy requirement and those that do not, and such cases are necessarily a question of degree. *See generally, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27, 127 S. Ct. 764, 771 (2007); *see also Drummond Coal Sales Inc. v. Kinder Morgan Operating LP "C"*, 2021 U.S. App. LEXIS 4841, at *33 (11th Cir. Feb. 17, 2021). The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941). Though declaratory relief may be granted where future contingencies determine whether a controversy ever becomes real, the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists. *Browning-Ferris Indus. of Ala., Inc. v. Ala. Dep't of Envtl. Mgmt.*, 799 F.2d 1473, 1478 (11th Cir. 1986). "It is axiomatic that federal courts should avoid

premature adjudication of abstract or hypothetical disputes." *Association for Children for Enforcement of Support, Inc. v. Conger*, 899 F.2d 1164, 1165 (11th Cir. 1990).

The duty to indemnify is contingent on the outcome of the underlying lawsuit. As such, it is not ripe for adjudication at this time. *See Smithers Constr., Inc.*, 563 F. Supp. 2d at 1348 ("An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.")

> Given that an insurer's duty to indemnify claim is not ripe for disposition in a declaratory judgment action until the insured is in fact held liable in the underlying suit, the Court should not consider whether [the Insurers have] a duty indemnify until final disposition in a declaratory judgment action until the insured is in fact held liable in the underlying lawsuit.

*Westchester Gen. Hosp., Inc. v. Evanston Ins*. Co., No. 19-22831-Civ, 2020 U.S. Dist. LEXIS 79048, at *54-55 (S.D. Fla. May 4, 2020)*; see also Evanston Ins. Co. v. Heeder,* 490 F.App'x 215, 217 (11th Cir. 2012) (The Court should not consider whether Evanston has a duty to indemnify until final disposition of the underlying lawsuit.)

Here, the Insurers seek to have this Court determine whether they have a duty to indemnify Kolter against liabilities that do not yet exist. Despite the fact that Kolter has not been found liable for damages in the Underlying Action, the Insurers ask this Court to declare that the damages that ***could be*** awarded in the future: do not constitute "property damage" (Count IV); do not arise out of an "occurrence" or "accident" (Count VI); are excluded under the "damage to property" exclusion (Count II) or the "expected or intended injury" exclusion (Count VIII), and that such damages should not be paid by the Insurers because "other insurance" covers the damages and must be

required to pay first (Count XXIV). This is precisely the type of speculative, premature adjudication the ripeness doctrine was intended to prevent. *See Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2001). Where, as here, the adjudication of the aforementioned Indemnity Counts requires "speculation about contingent future events," the claims are not "fit" for adjudication. *See Hames*, 479 F.Supp. 2d at 1285. Therefore, pursuant to Rule 12(b)(1), Counts II, IV, VI, VIII, and XXIV should be dismissed.

**F. COUNTS XXIII AND XXIV FAIL TO STATE A CLAIM**

In Counts XXIII and XXIV, the Insurers assert they have no duty to defend or indemnify Kolter pursuant to Other Insurance provisions in their Policies. The Other Insurance Provisions state, in relevant part:

> b. Excess Insurance
> (1) This insurance is excess over:
> * * *
> (b)Any **other primary insurance** available to you **covering liability for damages** arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.
> * * *
> (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any **that exceeds** the sum of:
>> (a) **The total amount that all such other insurance would pay** for the loss in the absence of this insurance; and
>> (b) the total of all deductible and self insured amounts under all that other insurance.

*See* ECF 8, ⁋ 251 and 262 (emphasis added). The Amended Complaint goes on to assert that "the [Insurers] are not obligated to defend [Kolter] because the Policies are excess over the primary policies of [Kolter's] subcontractors." *Id.* at ⁋256. The Amended Complaint also asserts that the Insurers are not obligated to indemnify

Kolter for the same reason. *Id.* at ⁋267. The Amended Complaint, however, nowhere identifies any "other insurers". Likewise, it does not attach any other insurance policies. It is therefore not possible for this Court to determine whether the alleged "other insurance" covers liability for damages alleged in the Underlying Action. And, it is not possible for this Court to determine the "amount of loss, if any that exceeds" the "amount such other insurance would pay". Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted. Counts XXIII and XXIV should be dismissed pursuant to Rule 12(b)(6).

## G. THE INSURERS HAVE FAILED TO JOIN INDISPENSABLE PARTIES

Rule 19 states a two-part test for determining whether a party is indispensable. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). First, the court must decide whether the party is a "required" party pursuant to Rule 19(a). *Ohio Farmers Ins. Co. v. Nestal*, 2011 U.S. Dist. LEXIS 68069, No. 8:10-CV-1948-T-33MAP, at *18 (M.D. Fla. June 1, 2011).

> Per Rule 19(a), the first question is 'whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject the parties to a risk of inconsistent obligations. In making this determination, 'pragmatic concerns, especially the effect on the parties and the litigation, control.

*Nestal*, 2011 U.S. Dist. LEXIS 68069, at *18-19 (quoting *City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) and *Focus on the Family*, 344 F.3d at 1280).

Here, the other insurers are indispensable parties. The Insurers assert that Kolter entered into "contracts with certain subcontractors, which contain provisions requiring the subcontractors to obtain insurance for work at the Project and include

[Kolter] as an additional insured." ECF 8, ⁋265. While the Amended Complaint does not identify the subcontractors or other insurers, it nevertheless asks this Court to determine whether the Insurers or some other insurers are required to pay for Kolter's liabilities. Accordingly, complete relief cannot be afforded in the absence of the other insurers, as their absence will impede their protection of an interest at stake and subject the parties to a risk of inconsistent obligations. This is especially true where, as here, the Court is being asked to determine priority of coverage among multiple insurers under Florida law.

> When deciding the priority of coverage among multiple insurers, Florida courts generally rely on the language of the several policies, with careful attention to the other insurance clauses. *Auto-Owners Ins. Co. v. Great Am. Ins. Co.*, 479 F.App'x 228, 233 (11th Cir. 2012 (citation omitted). Where two insurance policies contain conflicting excess other insurance clauses, those clauses cancel one another out.

*Amerisure Ins. Co. v. Auchter Co.*, 2017 U.S. Dist. LEXIS 185752, *69-70 (M.D. Fla. 2017); *see also Twin City Fire Ins. Co. v. Fireman's Fund Ins. Co.*, 386 F.Supp.2d 1272, 1278-79 (S.D. Fla. 2005).

If the parties are required "but cannot be joined (because they are non-diverse) Rule 19(b) provides a list of factors for [the court] to consider in determining "'whether in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Nestal*, 2011 U.S. Dist. LEXIS 68069, at *18. The factors include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or

other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b)(1)-(4). These factors provide the framework for assessing indispensability of a party. *Nestal*, 2011 U.S. Dist. LEXIS 68069, at *18. If the party is indispensable, "the court must dismiss the litigation." *Id.*

Courts analyzing the above factors in the context of allocating loss among multiple insurers have declined to adjudicate disputes in the absence of all insurers. In *Alexander v. Nat'l Fire Ins.* 2004 U.S. Dist. LEXIS 6690, No. 03-1511, at *26 (E.D. Pa. Mar. 3, 2004), the court determined that an insurance policy issued to a condominium association by National Fire Insurance of Hartford ("NFIH") and a separate policy issued by Shelby Insurance Company ("Shelby") to a unit owner constituted excess policies. NFIH sought to have the court adjudicate the issue of "other insurance". Shelby was not a party to the lawsuit. The court held:

> Here, Shelby constitutes an indispensable party insofar as it claims an interest relating to the extent of its obligation to insure Plaintiffs. Because Shelby is not a party to this litigation, its ability to protect that interest is seriously impeded. The plaintiffs' interests are not exactly aligned with Shelbys. Whereas Plaintiffs seek to maximize their insurance coverage, Shelby would seek to minimize its exposure. Hence, while the plaintiffs do not necessarily care which insurer covers the costs of their litigation, the insurers care a great deal.

*Id. See also Emp'rs Ins. v. Jostens, Inc.* 181 F.R.D. 623, 626-629 (D. Minn. 1998) ("The potential prejudice arising from different factual determinations … is, we think, especially pronounced: if all of the insurers are not joined in the same case and instead the matter of when the damage occurred is determined by two different courts, and their determinations differ from one another, [the insured] will receive less than full

coverage.") Here, the potential prejudice arising from different factual determinations is similarly pronounced, such that this action should not proceed in the absence of the other insurers.

If the party is not "indispensable," but only "required" or "necessary," then "the standard for dismissal is not met and the appropriate action is for the Court to join that party." *Green v. Bannasch*, 2015 U.S. Dist. LEXIS 70404, No. 6:14-cv-1676-Orl-37KRS, at *13 (M.D. Fla. June 1, 2015) (citation omitted). However, if the "required" party cannot be joined (e.g. joinder would defeat diversity), "then the Court must determine whether the action should proceed among the parties before it or whether it should be dismissed, the absent party being indispensable." *Id.* (citation omitted).

Here, because the Insurers have not identified the "other insurers" in their Amended Complaint, it is not possible to determine whether they can be joined in this action without defeating diversity. The court in *Alexander*, faced with an inability to determine whether the joinder of Shelby would destroy diversity jurisdiction, held:

> If Defendant wishes to pursue this matter, the Court invites Defendant to file further memoranda as to this issue, or to move for the joinder of Shelby, within fourteen (14) days… failure to so file or move may result in a dismissal of Defendant's "other insurance" affirmative defense for failure to prosecute."

*Alexander* at *28. Thus, in the event this Court declines to dismiss the Other Insurance Counts as premature,[1] Kolter suggests that similar relief may be appropriate here.

---

[1] *See Amerisure Mut. Ins. Co. v. Summit Contrs. Inc.,* 2012 U.S. Dist. LEXIS 27253, *40-41 (M.D. Fla. 2012) ("In the event that Plaintiff is seeking a ruling on the duty to indemnify a between Plaintiff Amerisure, the excess insurer, and Defendant C & F, the primary insurer, based only on an interpretation of the insurance policies, before the actual facts have been determined, the Court denies Plaintiff's Motion.")

**H. THE COURT SHOULD DECLINE JURISDICTION OVER THE INSURERS REQUEST FOR DECLARATORY RELIEF ON THEIR DUTY TO INDEMNIFY GIVEN ITS WIDE LATITUDE IN DECLARATORY ACTIONS.**

Aside from the question of ripeness, Federal district courts are not required to assume jurisdiction of cases brought, as here, under the Federal Declaratory Judgment Act. *See Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, 2017 U.S. Dist. LEXIS 48526, at *4-6 (M.D. Fla. Mar. 31, 2017) (quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)); 28 U.S.C. § 2201. A court has the inherent authority to control its own docket and has particularly wide latitude when addressing cases brought under the Federal Declaratory Judgment Act. *Top of Form Nassau Builders, Inc.* at *4-6 (citing, *inter alia, Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Indeed, the Federal Declaratory Judgment Act has long been understood to confer on federal courts a "unique and substantial discretion" in deciding whether to declare the rights of litigants. *Nassau Builders* at *5 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-287 (1995)). To that effect, courts maintain an inherent right to decline jurisdiction of a declaratory action even where subject matter jurisdiction would otherwise exist. *Id.*at *6.

The Eleventh Circuit adopted nine nonexclusive factors to be considered in determining whether to exercise jurisdiction or dismiss a declaratory judgment action. *Ameritas*, 411 F.3d at 1331. As further discussed below, all of these factors weigh in favor of declining jurisdiction and dismissing Counts II, IV, VI, VIII, XXIII, and XXIV of the Amended Complaint.

The first factor concerning the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. Here, Florida substantive law applies to the Underlying Lawsuit. "As such, 'resolution by a state trial court with review by a state appellate court is clearly preferable." *See Depositors Ins. Co.,* 2018 U.S. Dist. LEXIS at *14; *GEICO Gen. Ins. Co. v. Lacayo*, No. 1:15-cv-20582, 2015 U.S. Dist. LEXIS 94790, at *8 (S.D. Fla. July 21, 2015) (recognizing Florida has a "strong interest" in having a case decided in the state's courts where Florida law — not federal law — governs the substantive issues).

The second and third factors, regarding whether the judgment in the federal declaratory action would settle the controversy and serve a useful purpose also weigh in favor of abstention. *Ameritas*, 411 F.3d at 1331. Like in *Depositor Ins. Co.*, the present action cannot settle the controversy because the outcome of this suit depends entirely on the outcome of the Underlying Lawsuit. 2018 U.S. Dist. LEXIS at *15. Accordingly, the issues are better settled in the state court action. Further, allowing this action to proceed risks the possibility of inconsistent verdicts. *See Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1155 (S.D. Fla. 2019) (evaluating the second *Ameritas* factor and concluding the "possibility of inconsistent verdicts on the same issue against the same defendant" favored abstaining).

Identical to *Depositor Ins. Co.*, while disposition of the federal declaratory judgment action would clarify insurance coverage questions between the parties, "this

benefit is off-set by the fact that the state court is fully equipped to resolve these questions and provide this same clarification, and the fact that overlapping factual issues are presently before that court for determination in the context of the underlying tort suit." 2018 U.S. Dist. LEXIS at *16 (quoting *Tesoro of W. Palm Beach, Inc. v. Hermitage Ins. Co.*, No. 08-80156- CIV-HURLEY, 2008 U.S. Dist. LEXIS 129188, at *6 (S.D. Fla. June 17, 2008)). Thus, "by dismissing this declaratory action and allowing the state courts to adjudicate the issue of coverage alongside the other claims and issues presented in this controversy, [this Court] avert[s] the duplication of judicial efforts." *Depositor Ins. Co.*, 2018 U.S. Dist. LEXIS at *16 (quoting *Pruitt*, 2009 U.S. Dist. LEXIS 138992, at *11).

The fourth factor concerning whether the declaratory remedy is being used merely for the purpose of "procedural fencing" also weighs in favor abstention. *Ameritas*, 411 F.3d at 1331. "[B]ecause this declaratory judgment action will require a fact finding on the issues essential to a determination of the Insureds' liability in the Underlying Lawsuit and a resolution of these issues here may give rise to res judicata issues." *See Tesoro of W. Palm Beach*, 2008 U.S. Dist. LEXIS, at *2. The Insurers are attempting to engage in procedural fencing.

The fifth and sixth factors regarding "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction" and "whether an alternative remedy exists that is better or more effective" also weigh in favor of abstention. *Ameritas*, 411 F.3d at 1331. In the present case, "resolution of the declaratory judgment action may give rise to res

judicata issues, which could increase friction between federal and state courts or otherwise encroach on state proceedings." *See Depositors Ins. Co.,* 2018 U.S. Dist. LEXIS at *17. Here, the state court is familiar with the facts and legal issues, the coverage dispute involves purely-state law issues, and all of the relief the parties seek is available in state court. Clearly, it would "serve the interests of judicial economy to have all of the issues resolved in one forum." *Id.*

The seventh and eighth factors consider "whether the underlying factual issues are important to an informed resolution of the case," and if so, "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Ameritas*, 411 F.3d at 1331. Indeed, the underlying factual issues, such as the facts surrounding the determination of whether certain damages occurred and when, lie squarely within the province of the state court. Here, the state court "is better situated to consider the factual context underlying the issues as well as the law governing the legal issues." *Endurance Assurance Corp. v. Zoghbi*, 403 F. Supp. 3d 1301, 1309 (S.D. Fla. 2019); *see also AIX Specialty Ins. Co. v. Riley*, No. 3:18-cv-113, 2018 U.S. Dist. LEXIS 223811 at *10 (M.D. Fla. Oct. 4, 2018) (finding the seventh and eighth factors weighed in favor of abstention as "[f]actual issues are important to an informed resolution of the case for which the state court is in a better position to evaluate.").

The ninth factor, similar to the first, concerns whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution for the declaratory judgment action. *Ameritas*, 411 F.3d at 1331. Here, the Insurers declaratory action does

not involve federal law, nor does it implicate federal policy; instead, the Amended Complaint raises exclusively state-law issues. *See Depositors Ins. Co.*, 2018 U.S. Dist. LEXIS 33666 at *15 ("Because the Complaint raises exclusively state law issues and implicates exclusively state law public policies, with no reference to any federal common or statutory law, the ninth factor also weighs in favor of abstention."). As such, the Court should decline to exercise jurisdiction over this matter pursuant to the abstention doctrine and dismiss Counts II, IV, VI, VIII, XXIII, and XXIV for declaratory judgment.

## CONCLUSION

For the reasons set forth above, Kolter respectfully requests dismissal of Counts II, IV, VI, VIII, XXIII, and XXIV, and for such other relief as this Court deems just.

Respectfully submitted,

**FLASTER GREENBERG PC**
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Tel: (561) 961-4508

*/s/ Meghan C. Moore*
**Meghan C. Moore, Esq.**
Florida Bar No. 668958
Meghan.moore@flastergreenberg.com
**Nicole A. Josephy, Esq.**
Florida Bar No. 124492
nicole.josephy@flastergreenberg.com

***Attorneys for Kolter Signature Homes LLC, Kolter Grou, LLC, Heathrow Oaks LLC and John Csapo***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 27, 2022, on all counsel or parties of record:

**Seth V. Alhadeff, Esq.**
seth.alhadeff@lewisbrisbois.com
**Ravika Rameshwar, Esq.**
ravika.rameshwar@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Tel: (786) 353-0210

***Attorneys for Plaintiffs***

*/s/ Meghan C. Moore*